FILED
2024 Oct-07  PM 06:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **Z.P., ET. AL,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **7:24-CV-00151-ACA** |
| | § | |
| **ERROL GREGORY BRYANT,** | § | |
| | § | |
| **Defendant.** | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DIMISS PLAINTIFF'S COMPLAINT

### I.  Introduction

Plaintiffs commenced this action on February 8, 2024, by filing their Complaint in the United States District Court for the Northern District of Alabama. (Doc. 1). Plaintiffs' claims arise out of incidents occurring between September 2021 and October 2023, while Plaintiffs were engaged in a consensual sexual relationship which led to the consensual creation of intimate images with Mr. Bryant. Defendant Errol Bryant has filed a motion to dismiss and submits this brief in support thereof.

1

## II.        The Allegations in the Plaintiffs' Complaint

Plaintiffs' factual allegations – which are repeated numerous times through incorporation and reincorporation into every count of their Complaint (Doc. 1 at ¶¶ 71,77,82,87) – are as follows:

Plaintiffs reside in Tuscaloosa County, Alabama. (Doc. 1 at 3- 4 ¶ 7,8, & 9). Mr. Bryant is also a resident of Tuscaloosa County, Alabama (Doc. 1 at 4 ¶ 10).

Having set forth these bare factual averments, Plaintiffs go on to improperly aggregate separate alleged instances of conduct affecting different Plaintiffs into single Counts. The Plaintiffs also improperly plead and replead unnecessary facts while making conclusory statements not relevant to the pleadings (Doc. 1 ¶ 1 – 76).

## III.    Argument

### A. Plaintiffs' Complaint is an Impermissible Shotgun Pleading

Fed. R. Civ. P. 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Similarly, Rule 10 directs that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). These Rules require the pleader to present his claims discreetly and succinctly, so that, his adversary can discern what he is claiming and frame a responsive

pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotations and citation omitted).

Pleadings that violate either or both rules above are "disparagingly referred to as shotgun pleadings." Weiland, 792 F.3d at 1320 (quotation marks omitted); Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021). The Eleventh Circuit has "little tolerance" for these pleadings since they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018); see also Barmapov, 986 F.3d at 1327-28 (Tjoflat, J., concurring) ("Our district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims for plaintiff's counsel.") (citing Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para judicial personnel and resources.")). As a result, a shotgun pleading is tantamount to "obstruction of justice." Strategic Income Fund, LLC v. Spear, Leeds

& Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018) ("Tolerating [shotgun pleadings] constitutes toleration of obstruction of justice.").

The Eleventh Circuit has directly instructed that when faced with such an unacceptable pleading, a defendant should not answer the complaint, as doing so would lead to chaos in discovery. E.g., Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)[.]"). District courts must strike these pleadings, even where a defendant has not requested as much. Jackson, 898 F.3d at 1357-58.

"Shotgun complaints generally come in four flavors." d, 2022 WL 568333, at *1 (N.D. Ala. Feb. 24, 2022) (citing Weiland, 792 F.3d at 1321-23). The most common occurs where complaints "contain[] multiple counts [] each count adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be as a combination of the entire complaint." Id. (quoting Weiland at 1321). The second – and almost as common – form of shotgun complaints are those that contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. (quoting Weiland at 1322). The third category of shotgun complaints encompasses those that fail to "separate[e] into a different count each cause of action or claim for

4

relief." <u>Weiland</u> at 1323. And finally, a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brough against[]" also qualifies as a shotgun complaint. Id.

In this case, the Plaintiffs Complaint satisfies the definition of a shotgun complaint in multiple ways. The Plaintiffs combine and reassert all factual allegations (Doc. 1 at ¶¶ 71,77,82,87) into every Count regardless of the individual Plaintiff claiming relief. This is typical of the quintessential shotgun pleading as defined in Weiland. Additionally, the Plaintiffs, by failing to separate the claims into individual Counts affecting each plaintiff fall squarely within the second category of shotgun pleadings. This creates the existence of facts irrelevant to multiple plaintiffs per count for the scarce judicial resources of the Court pour over and separate. The Plaintiffs could have avoided unnecessary waste through abiding by Rules 8(a) & 10(b) of the Federal Rules of Civil Procedure. The Complaint's repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting Rule 10(b)'s requirement to plead separate claims in separate counts. <u>Magluta v. Samples,</u> 256 F.3d 1282, 1284 (11th Cir. 2001) (admonishing that a pleading with this kind of successive incorporation of allegations and causes of action is precisely the type that the Eleventh Circuit has "criticized time and again"). Given the Plaintiffs' various

conclusory and immaterial allegations, Mr. Bryant "would be hard-pressed to understand 'the grounds upon which each claim against [them] rest[.]'" Barmapov, 986 F.3d at 1326 (citing Weiland, 792 F.3d at 1322-23); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (complaint was "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief") (citation omitted); Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 63 F.3d 1030, 1046 n.51 (11th Cir. 1995) (characterizing the complaint at issue as "a quintessential shotgun pleading, replete with vague and cursory allegations"); Jeloudov v. Snyder, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022) (allegations that "defendants treated [appellant] worse than the neighbors – without any supporting allegations as to who did what and when" placed complaint in second shotgun pleading category).

Because the complaint constitutes a shotgun pleading, it must be dismissed for that reason alone.

## B. Count II of Plaintiffs' Complaint Fails as a Matter of Law for Failing to Demonstrate Outrageous Conduct Recognized by Alabama Courts

As noted by the Alabama Supreme Court and authoritative treatises on the matter, the tort of outrage (sometimes referred to as "intentional infliction of emotion distress"), Ex parte Lumbermen's Underwriting Alliance, 662 So.2d 1133,

1134 n. 1 (Ala.1995), is an "extremely limited cause of action" which is almost always thrown out in dispositive motion practice. <u>Potts v. Hayes</u>, 771 So. 2d 462, 465 (Ala. 2000) (emphasis added); <u>Little v. Robinson</u>, 72 So. 3d 1168, 1172 (Ala. 2011); Hurst v. Cook, 981 So. 2d 1143, 1157 (Ala. Civ. App. 2007) ("This court has consistently held that the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances.") (citation and quotation marks omitted, emphasis added); <u>Hardesty v. CPRM Corp.</u>, 391 F. Supp. 2d 1067, 1073 (M.D. Ala. 2005) ("[O]utrage is a very limited cause of action.") (emphasis added). Indeed, our appellate courts have explicitly stated that "the tort of outrage does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities[,]" <u>Ex parte Bole</u>, 103 So. 3d 40, 52 (Ala. 2012); Hurst, 981 So.2d at 1157 ("The tort of outrage was not developed to provide a person with a remedy for the trivial emotional distresses that are common to each person in his every day life.") (emphasis added).

Consistent with this claim's limited availability, Alabama courts have generally confined outrage claims to three classes of cases: (1) wrongful conduct in the family burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment. <u>Little</u>, 72 So. 3d at 1172 (collecting authorities); <u>Hardesty</u>, 391 F. Supp. 2d at 1073 (same).

The conduct alleged in the complaint does not fit into any category in which Alabama courts have permitted (and confined) them. Rather their claim centers around the alleged dissemination of consensually created content spawned out of a consensual sexual relationship. Rather, our courts have routinely dismissed outrage claims for conduct far worse than what Plaintiffs allege here. E.g., <u>Callens v. Jefferson Cnty. Nursing Home</u>, 769 So.2d 273 (Ala. 2000) (restraining nursing home patient to insert catheter and bending her leg until it audibly popped, necessitating hip surgery, and intentionally withholding information about the incident from the patient's daughter did not support outrage claim); <u>Perkins v. Dean</u>, 570 So. 2d 1217, 1219 (Ala. 1990) (couple's counsel or engaged in extramarital affair with client-spouse did not support outrage claim); <u>Laurel v. Prince</u>, 154 So. 3d 95, 100 (Ala. 2014) (no outrage claim where physician injected patient with used needle).

The Court is due to dismiss Count IV with respect to all Plaintiffs because as a matter of law the conduct contained within the Complaint does not meet the legal restrictions our outrageous conduct in Alabama.

### C. **Count IV of Plaintiffs' Complaint because Code of Ala. §6-5-370 Does Not Give Rise to a Private Right of Action**

Plaintiffs cannot sustain a claim upon a statute which provides no private right of action.

The Plaintiffs claims regarding Count IV, rest on Ala. Code §6-5-370. Prior to

addressing from the Plaintiffs contention that stacking fictional building blocks upon sand creates a solid foundation, we must first evaluate the appropriateness of using said statute as creating a private right of action. This statute creates no private right of action on which to base a civil claim. See Preskitt v. Lyons, 865 So. 2d 424 (Ala. 2003) (quoting Lewis v. Fraunfelder, 796 So. 2d 1067 (Ala. 2000)) "because §6-5-370 does not create a cause of action; rather it merely allows a plaintiff to *commence* a civil action [for any injury amounting to a felony] even if the plaintiff does not pursue criminal prosecution of the defendant." 796 So. 2d at 1070. Thus, § 6-5-370 only eliminates an obstacle for plaintiffs with a valid cause of action; it does not *create* a civil cause of action for any injury that amounts to a felony."

Stepping backward, the Plaintiffs attempt to stack fiction building block upon sand to create a solid foundation. The Supreme Court of Alabama addressed compounding allegations when attempting to trigger Ala. Code §6-5-370. "The direct implication of § 6-5-370 is that a misdemeanor must first be prosecuted criminally before it can be civilly actionable." Preskitt at 430.

Since the Plaintiffs fail to present to this Court any adjudications of misdemeanors and §6-5-370 provides no private right of action, the dismissal of all Plaintiffs claims regarding Count IV is proper by law.

D. **The Statute of Limitations with Respect Defendant Z.P. have Tolled on Counts II, III, & IV.**

Even if the Court extends courtesy to the most recent date regarding the alleged injury of Plaintiff Z.P with Mr. Bryant, the statute of limitations for all State claims tolled months prior to the filing of this lawsuit.

Plaintiff Z.P.'s claims entirely rest on an alleged disclosures discovered by Plaintiff Z.P. on September 8, 2021 (Doc 1 at pp 6, ¶ 22). Plaintiff Z.P. pleads images were deleted. (Doc 1 at pp 7, ¶ 24). Unfortunately, the Plaintiffs' Complaint lacks details regarding the dates of the consensual deletion of any material alleged to have been disclosed previously (id ¶ 24). Even if this Court treats the Statute of Limitations with the deference of fraud claims. The statute of limitations would begin tolling at the moment of discovery (i.e. September 8, 2021) (Doc 1 at pp 6, ¶ 22). The lawsuit in question was filed on or about February 8, 2024. The grounds for Plaintiff Z.P. expired on or about September 8, 2023, or five (5) months prior to filing.

In Alabama, the common law tort of outrage claim (Count II) has been confined to two (2) years if the Court does not apple §6-2-38(l). The Supreme Court of Alabama defined the statute of limitations to two (2) years. "The statute of limitations for the tort of outrage is two years." see Archie v. Enterprise Hosp. & Nursing Home, 508 So. 2d 693 (Ala. 1987). Additionally, claims regarding personal

injury have a two (2) year statute of limitations. Ala. Code §6-2-38(l) states explicitly, "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Since Counts III & IV relate to statutory claims of personal injury, they are barred.

The Plaintiff Z.P claims relating to Counts II, III, & IV are properly dismissed as bared by law in Alabama.

## Conclusion

For the reasons set forth above, Mr. Bryant requests this Honorable Court to grant his Motion to Dismiss. The Plaintiffs' Complaint is shotgun pleading, fails to plead conduct amounting to the tort of outrage, ignores the statute of limitations regarding the allegations contained therein, and improperly co-opts Alabama statutes to fabricate a right of action.

Respectfully submitted,

/s/ Jason L. Wollitz
Jason L. Wollitz, Esq.
1823 Third Avenue North
Bessemer, Alabama
35020
205-541-6033

**WHEREFORE,** Bryant, moves this Court dismiss Plaintiffs' Complaint, Dismiss Plaintiff's Complaint for all Defendants as to Counts II and IV therein, and Dismiss Plaintiff Z.P. as to Counts II, III, IV therein.

Respectfully submitted,

/s/ Jason L. Wollitz
Jason L. Wollitz, Esq.
1823 Third Avenue North
Bessemer, Alabama
35020
205-541-6033

## <u>CERTIFICATE OF SERVICE</u>

**COMES NOW, Jason L. Wollitz, Attorney at Law,** and does hereby

certify that I have served a copy of the foregoing on this the 7th day of October

2024 via electronic transmission, telephone notification or hand delivery.


Sydney E. Noordsy
Law Student Intern
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: Sydney.noordsy@law.ua.edu

Yuri R. Linetsky
ASB-3088-B20W
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu

Ricky T. Chambless
ASB-5879-S77R
Law Student Intern
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: rchambless@law.ua.edu

Law Student Intern and Attorneys for Plaintiffs.

Respectfully Submitted,

/s/ Jason L. Wollitz
Jason L. Wollitz, Esq.
1823 Third Avenue North
Bessemer, Alabama
35020
205-541-6033