IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., ET. AL, § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| vs. § | 7:24-CV-00151-ACA |
| § | |
| **ERROL GREGORY BRYANT,** § | |
| § | |
| **Defendant.** § | |

### DEFENDANT'S REPY TO PLAINTIFFS' BRIEF
### IN RESPOSNE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, Defendant, Gregory Errol Bryant ("Bryant") and moves this Honorable Court to dismiss Plaintiffs' Complaint.

After reviewing the Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss ("hereinafter Plaintiffs' Brief"), Bryant submits this Defendant's Reply to Plaintiffs' Brief, and in support thereof, submits the following:

### FACTS OUTSIDE THE PLEADINGS

The Defendant first asks the court to exclude any facts inserted into the Plaintiffs' Brief not originally contained in the Complaint.

When a party includes facts that are not contained within the pleadings in a document outside of the pleadings the Court has two options.

> "When a party moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and matters outside the pleading are presented in connection therewith, the court has two options. First, the court may, at its discretion, exclude the outside material and not consider it in reaching the merits of the motion. *Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1532 (11th Cir. 1990). Alternatively, the court may choose not to exclude the outside material, but then it must convert the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). *See generally* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (3d ed. 2004)."

Jeter v. Montgomery Cnty., 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007)

The inclusion of facts, not contained within Plaintiffs' Response to Defendant's Motion to Dismiss, is improper. The facts included by the Plaintiffs are related to paragraphs 53-57 of the Complaint. Said paragraphs discuss an investigation by Tuscaloosa Police Department, and communications with the Plaintiffs. In the Response, the Plaintiffs add the following:

> "Further, while Officer Lovejoy has shared information with Plaintiffs regarding the findings of his investigation, he is unable to provide Plaintiffs with his records until he receives a subpoena ordering such. Thus, Plaintiffs need the opportunity to commence discovery in this case in order to pinpoint the exact dates of Defendant's posts and the deletion of such posts." (Doc. 30 page 11).

2

At no point in the Complaint, do the Plaintiffs' make mention of a Subpoena, Officer Lovegood's ability to provide documentation from his file, or a necessity to pinpoint the exact dates of posts and the deletion of such posts. The Plaintiffs' discuss the District Attorney's declination of prosecution (Doc. 1 at ¶ 53), and the intention to retain the evidence. (Doc. 1 at ¶ 57).

Since these facts are outside of the original Complaint, this Court should exclude them from consideration of the Defendant's Motion to Dismiss on the merits. In the alternative, we ask the Court allow time to brief the issue(s) before the Court under the guidelines of a motion for summary judgement.

## ARGUMENT

The Plaintiffs' Brief concedes ambiguity to the entirety of Count IV (Doc, 30 n. 1), yet the Plaintiffs' maintain a blanket denial of Defendant's Motion to Dismiss is appropriate. The Complaint remains so unartfully plead, as to ruling it a "shotgun pleading" is appropriate. If this Court offers repleader as a solution, it should be only to the Counts that survive Defendant's Motion to Dismiss. Plaintiffs' Brief misconstrues the arguments of Bryant, concerning the "Tort of Outrage", and use factually irrelevant cases in support in the improper Outrage claim. Finally, The Plaintiffs' Brief highlights the ambiguity and confusion of the Complaint hindering the appropriate notice to by Bryant. The statute of limitations related to the videos

in the Plaintiffs' Complaint paragraphs 20 through 22 tolled. The "continuing violations" doctrine should not be applied by this Court as it is only expressly permitted for Title VII actions involving employment discrimination and equal protections claims. The Plaintiff put forth no analysis persuading this court for implicit application. The two (2) videos mentioned, assuming they are separate and distinct posting, are plead with so little particularity, Bryant cannot be noticed appropriately.

### I. The Plaintiffs' Complaint is a "shotgun pleading" where Bryant properly moved for dismissal.

Bryant, having not been put on notice from which to respond appropriately to Counts of the Complaint properly moved for dismissal of a "shotgun pleading." The Plaintiffs' Complaint has entangled the factual allegations of all Plaintiffs into each and every Count. The Complaint also entangles the "mutual" factual allegations of all Plaintiffs into each and every Count. The Plaintiffs' conceded ambiguity to the entirety of Count IV of the Complaint. This Court may order repleader to any and all parts of the Complaint not dismissed for failure to meet Fed. R. Civ. P. 12(b)(6) (i.e. Counts II, IV, and all State Claims relating to Plaintiff Z.P.). Repleader was ordered in the Plaintiffs' primary case of reliance <u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348 (11th Cir. 2018) because of the entwinement of factual allegations and Counts. The factual distinguishments between the three (3) Plaintiffs claims require separation.

The Eleventh Circuit has directly instructed that when faced with such an unacceptable pleading, a defendant should not answer the complaint, as doing so would lead to chaos in discovery. E.g., Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)[.]"). District courts must strike these pleadings, even where a defendant has not requested as much. Jackson, 898 F.3d at 1357-58.

Under Fed. R. Civ. P. 10(b) "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The Plaintiffs claims are distinguishable factually in accordance with Taylor v. Trapeze Mgmt., LLC.  The alleged postings in the Complaint are from Onlyfans, Snapchat, TezFiles, and Reddit. Each Plaintiffs alleged disclosure occurred separately and through distinct platforms. The ability to distinguish the facts concerning the websites alone, deems repleader appropriate at a minimum to the causes of action, not disposed of by Defendant's Motion to Dismiss.

> **II. The Plaintiffs' misconstrue Bryant's argument concerning the application of the "Tort of Outrage." Additionally, the Plaintiffs' bellwether cases are so factually distinct as to be inapplicable.**
>
> **a.** Bryant's initial argument relies on the Courts of Alabama not extending the "Tort of Outrage" previously based on its extremely limited application.

Bryant's contention is not that the Plaintiffs' claims do not fall into one (1) of three (3) categories. But rather, the Plaintiff's conduct does not fall into any of the three (3) prescribed categories of conduct, *and* the Alabama Courts have not extended the extremely limited cause of action to similar factual situations. There is conduct in other cases far worse than claimed in the above style matter for which the Alabama Courts have gotten rid of "Tort of Outrage" claims.

> "The conduct alleged in the complaint does not fit into any category in which Alabama courts have permitted (and confined) them. Rather their claim centers around the alleged dissemination of consensual created content spawned out of a consensual sexual relationship. Rather, our courts have routinely gotten rid of outrage claims for conduct far worse than what Plaintiffs allege here. E.g., Callens v. Jefferson Cnty. Nursing Home, 769 So.2d 273 (Ala. 2000) (restraining nursing home patient to insert catheter and bending her leg until it audibly popped, necessitating hip surgery, and intentionally withholding information about the incident from the patient's daughter did not support outrage claim); Perkins v. Dean, 570 So. 2d 1217, 1219 (Ala. 1990) (couple's counsel or engaged in extramarital affair with client-spouse did not support outrage claim); Laurel v. Prince, 154 So. 3d 95, 100 (Ala. 2014) (no outrage claim where physician injected patient with used needle)."

Brief in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 26 P. 8).

The dismissal of the Plaintiffs "Tort of Outrage" is proper because it not only fails to fit into the three (3) defined categories, but also because conduct far worse does not rise to the level of outrage in the State of Alabama.

> **b.** <u>The Plaintiffs' reliance on cases involving the sexual abuse of minors through addictive substances is wholly unrelated to the facts of the Complaint.</u>

6

The reliance by the Plaintiffs on O'Rear v. B.H., 69 So. 3d 106 (Ala. 2011) and Harrelson v. R.J., 882 So. 2d 317 (Ala. 2003) as analogous case law is unfounded. In O'Rear, there is an assumption of profound damage to the minor. There is no presumption here. These cases revolve around minor children being sexually abused by adults and the improper usage of addictive substances as persuasive lubricants. The above styled complaint does not involve improper usage of addictive substances. It does not involve minors who are not capable of consenting to sexual congress. It does not involve sexual abuse of any kind. There is no relevant overlap of facts between the above styled case and the Plaintiffs cited cases as to apply the "Tort of Outrage" in a similar fashion.

In O'Rear v. B.H., 69 So. 3d 106 (Ala. 2011), the case revolves around the sexual abuse of a minor starting at the age of 11 or 12 (Id at 112) and lasted as long as eight (8) years. (Id at 115). The victim in the case was seeing the Defendant as a medical patient. The Defendant has a mentor and mentee relationship with the victim. The mother and father of the Plaintiff requested the Defendant help the victim with dealing with the tumultuous timeline of the mother and father's divorce. At that time the Defendant started prescribing addictive medication to the victim while a minor child. The Defendant than began a sexual relationship with the victim. That relationship continued for years. The Defendant knowing the victim was addictive

7

the prescribed medication, then began trading the drugs for sexual congress. The victim recorded a visit to the Defendant's office where he traded fellatio for a prescription. (Id 113). The victim lost access to the addictive medication and began criminal activity in order to obtain the drugs.

The Alabama Supreme Court reviewed the application of the "Tort of Outrage" or IIED. Since the case involved a minor the Alabama Supreme Court applied the "Tort of Outrage" after "acting under the presume[ption] that a sexual assault on a minor result in profound damage to that minor." Id at 117. The Alabama Supreme Court lays out the application of the Tort of Outrage, with a caveat notating it as an "extremely limited" cause of action. O'Rear at 118. The summary of the evidence by the Trial Court showed the Defendant, instead of attempting to help a "very young" Id at 119 patient, "embarked on a deliberate course of conduct to take advantage of a very young man's emotional weakness, and dependence upon a figure to whom he had been taught to have confidence in[.] Id.

The Plaintiffs Complaint does nothing to plead a fact scenario of like O'Rear. The Plaintiffs are all adults of majority who met Bryant through independent means. The Plaintiffs were not proffered to Bryant by their parents who pleaded for their assistance. The Plaintiffs were not bribed or coerced with life altering addictive prescription medication. The Complaint is wholly devoid of such allegations or

comparable materials. The emotional vulnerability of the Plaintiffs that claims to be analogous to O'Rear is so factually distinct as to be inapplicable.

Similarly, the Plaintiffs reliance on Harrelson v. R.J., 882 So. 2d 317 (Ala. 2003), concerning the actions of Bryant "invoking, fear, negative emotions, and distrust" (Doc. 30 p.7). fail to be factually similar.

In Harrelson, the Defendant provided the minor child with alcohol in the form of a wine cooler. Id at 320. Then while the minor child slept, forced himself upon the victim, groping and kissing her without consent. The Defendant then forced his digits inside her vaginal cavity. Id. The Supreme Court of Alabama then reviewed the applicability of damages, not the elevation of the conduct to the "Tort of Outrage". The Plaintiffs complaint does not show, with any particularity, the damages of the Plaintiffs in the manner of Harrelson.

The elements of the "Tort of Outrage" "(1) was intentional [**10] or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." Thomas v. BSE Indus. Contractors, Inc., 624 So. 2d 1041, 1043 (Ala. 1993), are not plead by the Plaintiffs. There is no presumption of intent related to Bryant's conduct. The extremely limit cause of action that is the "Tort of Outrage" has not been shown to adopt actions similar to what is alleged in the Complaint as extreme or outrages. The final element

9

is not plead with any particularity toward the emotional distress that is analogous to the quoted case law. The "Tort of Outrage" is extremely limited, with only three (3) specified categories for application. The Alabama Courts have not recognized a similar fact scenario under the "Tort of Outrage" cause of action. The Plaintiffs are asking this Court to tread into the expansion and adoption of causes of action under Alabama law, where Alabama Courts have not trodden.

    **III.    The Claims of Plaintiff Z.P. are so unartfully plead, the statute of limitations has run, or the complaint lacks enough particularity to put Bryant on Notice to Answer the Complaint properly.**

        a. The videos mentioned in Paragraphs 21 & 22, posted on "OnlyFans" should be dismissed with Prejudice due to the statute of limitations lapse since the continuing violations doctrine does not apply.

Any Alabama law-based claims by Plaintiff Z.P. relating to the details in paragraph 20 and 21 of the Complaint are barred by the Statute of Limitations and the "continuing violations" doctrine does not apply because they are single instances of contact.

The continuing violations doctrine, as cited by the Plaintiffs, applies to claims of employment discrimination and equal protections claims. Alabama has acknowledged that Title VII expressly recognize the concept of a continuing violation Burroughs v. Great Atl. & Pac. Tea Co., 462 So. 2d 353, 359 (Ala. 1984).

>"The continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate [employment discrimination] claim to lapse. It is only when a substantial nexus exists between a timely-filed claim and an otherwise time-barred claim that they may be viewed as constituting a single violation, part of which falls within the limitations period. . . . In determining the existence *vel non* of such a nexus, a court should not rely upon a superficial factual analysis, but rather, should refer to a variety of factors. Such factors include whether the claims were related in subject matter, frequency, and permanence (i.e., whether the act was sufficiently permanent in nature so as to "trigger an employee's awareness of and duty to assert his or her rights"). <u>Berry v. Board of Supervisors of L.S.U.</u>, 715 F.2d 971, 981 (5th Cir. 1983), *cert. denied*, 479 U.S. 868."

<u>Mitchell v. Elmore Country Dep't</u>, No. 2:22-CV-22-MHT-KFP, 2022 U.S. Dist. LEXIS 150250 (M.D. Ala. Aug. 22, 2022) (quoting <u>Roberts v. Gadsden Mem'l Hosp.</u>, 835 F.2d 793, 799-800 (11th Cir.)) The Plaintiffs have provided no case law demonstrating application of the continuing violations doctrine to the "Tort of Outrage", Violation of privacy, or the ambiguously plead Count IV.

11

Doc. 1 ¶¶ 20, 21 & 22 allege the posting of two videos posted to the OnlyFans account without the consent of Plaintiff Z.P. and the discovery of said videos. Doc. 1 ¶ 24 acknowledges the deletion of the videos by Bryant. The time for suit has tolled. They are single instances of conduct for which the Plaintiff Z.P. is seeking damages. Exemplifying what <u>Elmore</u> is trying to prevent with an end run around the statute of limitations. The Court should not view the posts alleged in Paragraphs 20 and 21 as the same posts in Paragraph 53 because the Complaint fails to allege a connection. The Complaint does not even allege the videos are reposted. As single instances of conduct, the statute of limitations has tolled.

  b. <u>The video(s) mentioned in Paragraph 53 of the Complaint lack any particularity to put Bryant on notice to Answer appropriately.</u>

In Doc. 1 ¶ 53, Plaintiff Z.P. allege without any particularity two (2) videos exist in which she can identify herself. The wholesale lack of particularity violates the Federal Rules of Civil Procedure. Due to Plaintiff Z.P.'s lack of particularity concerning the alleged videos in paragraph 53, any proffer to the Court should fail until such time as Plaintiff Z.P. can meet the required thresholds.

Fed. R. Civ. P. 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Similarly, Rule 10 directs that "each claim founded on a separate


transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). These Rules require the pleader to present his claims discreetly and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotations and citation omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is "plausible on its face," when it contains enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

The alleged videos of Paragraph 53 are allegedly pulled from "various pornography and social media websites Bryant **used** in his scheme. Z.P. identified herself in two videos." (emphasis added) (Doc. 1 ¶53). It should be noted, the paragraph does not make any allegation of who authored the post of said videos. Only that Bryant used the websites. There is no mention of the specific date, website, username of the poster, or any other related information to put Bryant on notice from which to defend or answer claims relating to the allegations of paragraph 53.

Essentially, Plaintiff Z.P. is asking Bryant to defend himself against two videos on the internet published sometime prior to June of 2023 where Byrant may have only consumed the content as opposed to posting it.

This Court should dismiss Plaintiff Z.P.'s claims as they relate to paragraph 53 until such time as she can plead with particularity enough information for Bryant to be put on notice to appropriately answer and/or defend.

## **CONCLUSION**

The Defendant's Motion to Dismiss should be granted. Alternatively, should the Court find repleader appropriate, it should be limited to the Counts and Plaintiffs surviving the Defendant's Motion to Dismiss. First, The Complaint is a "shotgun pleading". The alleged facts, damages, and instances of publication are disparate instances. As in Jackson, the Plaintiffs should be separated into individual Counts and allegations. Second, the "Tort of Outrage" is an extremely limited cause of action under Alabama Law. The facts alleged by the Plaintiffs' have not yet been included into those extremely limited circumstances. Even the cases cited by the Plaintiffs are so factually distinct as to be inapplicable here. Third, the ambiguity of the pleadings on behalf of Plaintiff Z.P. with respect to Counts II-IV result in either the statute of limitations having run or include so little particularity Bryant cannot respond appropriately.

**WHEREFORE**, **premises considered**, the Defendant, Gregory Errol Bryant ("Bryant") moves this Honorable Court to Dismiss Plaintiffs' Complaint.

Respectfully submitted,

/s/ Jason L. Wollitz
Jason L. Wollitz, Esq.
1823 Third Avenue North
Bessemer, Alabama  35020
205-541-6033

## CERTIFICATE OF SERVICE

**COMES NOW, Jason L. Wollitz, Attorney at Law,** and does hereby certify that I have served a copy of the foregoing on this the 30th day of October 2024 via electronic transmission, telephone notification or hand delivery.

Laina M. Henry
Law Student Intern
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: laina.henry@law.ua.edu

Laura Alice Hillhouse
Law Student Intern
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: lauraalice.hillhouse@law.ua.edu

Yuri R. Linetsky
ASB-3088-B20W
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu

Ricky T. Chambless
ASB-5879-S77R
Law Student Intern
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: rchambless@law.ua.edu

Law Student Interns and Attorneys for Plaintiffs.

                                      Respectfully Submitted,
                                      /s/ Jason L. Wollitz
                                      Jason L. Wollitz, Esq.
                                      1823 Third Avenue North
                                      Bessemer, Alabama  35020
                                      205-541-6033