**DONE and ORDERED this _____**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Z.P. et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No.7:24-cv-00151-ACA |
| | ) |
| **Errol Gregory Bryant** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT OF THE PARTIES' PLANNING MEETING**

**Brief Synopsis**

1. *Plaintiffs' Response*: Plaintiffs Z.P., M.L, and A.W. bring this action against Defendant Errol Gregory Bryant for damages sustained as a result of Bryant's nonconsensual disclosure of intimate visual depictions of Plaintiffs.
2. *Defendant's Response*: This case involves three (3) Plaintiffs sewing [sic] the Defendant for violation of § 685 [sic] and State of Alabama Torts associated with their purported facts pattern.

**Discovery Plan Regarding Relevant Issues**

1. Issues about disclosure, discovery, or preservation of ESI:

   *Plaintiffs' Response*: Plaintiffs request a protective order on all sexual content of Plaintiffs, including all content from "ripped" websites. Plaintiffs request that Defendant is ordered not to delete, destroy, or alter in any way, any evidence until the Court grants Defendant such permission. Plaintiffs further

request that all electronically stored information is shared by Defendant through the stored medium directly or, if the stored medium cannot be directly shared by Defendant, through a reasonably usable form.

*Defendant's Response*: Defendant objects to inclusion of paragraph 1 in this document. The requests in the Plaintiffs' Response to paragraph 1 are either covered by the Federal Rules of Civil Procedure regarding discovery or should be disposed of by separate filing.

2. Issues about claims of privilege or of protection as trial-preparation materials.

*Plaintiffs' Response*: Plaintiffs request that if any privileged or protected information is mistakenly produced by Plaintiffs, this information would be held confidential by Defendant and permanently deleted following notice to Plaintiffs.

*Defendant's Response*: Defendant objects to inclusion of paragraph 2 in this document. The request in the Plaintiffs' Response to paragraph 2 is covered by the Federal Rules of Civil Procedure regarding discovery.

**PROPOSED SCHEDULING ORDER**

1. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on November 18, 2024 by conference call:

    Yuri R. Linetsky, Ricky T. Chambless, Laina M. Henry, and Laura Alice Hillhouse, representing Plaintiffs Z.P., A.W., and M.L.
    Jason Wollitz, representing Defendant Errol G. Bryant.

2. Initial Disclosures.
   - The parties will complete by January 10, 2025 the initial disclosures required by Rule 26(a)(1).

3.     Discovery Plan. The parties propose this discovery plan:

    (a)     Discovery will be needed on these subjects:
*Plaintiffs' Response*:
- Defendant's electronic storage of sexually explicit videos and images
- Defendant's internet posts containing sexually explicit videos or images
- Websites used to post sexually explicit content by Defendant
- Information relating to Defendant's use of electronic devices
- Information relating to the identification of Defendant's electronic devices and internet posts made by Defendant
- Defendant's browser history and records of activity on websites or apps where sexually explicit content could have been posted
- Defendant's income as it relates to allegations in the Complaint
- Records of Defendant's financial gain as it relates to allegations in the Complaint
- Communications between Defendant and Plaintiffs
- Communications related to the allegations in the Complaint
- Defendant's account information for any account used to post sexually explicit content
- Persons who may have assisted Defendant with the creation and distribution of sexual content
- Psychological impact of Defendant's actions against Plaintiffs

*Defendant's Response*:
- Discovery will allow parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:
- Commence: 11/20/24
- Complete:
    - *Plaintiffs' Response*: Plaintiffs' request that, due to the nature of the Civil Clinic and this case, deposition of parties to be completed by 04/30/2025, with the remainder of discovery to be completed by 09/02/2025.
    - *Defendant's Response*: Defendant requests discovery be completed by 1/16/2026. The Plaintiffs' request to complete depositions of the parties by April 30, 2024, is objectively unreasonable, particularly given that initial discovery has not begun. The Defendant adamantly objects to the plaintiffs' attempts to force accelerated discovery based upon the plaintiffs' counsel's graduation date. There are permanent faculty advisors capable of continuing litigation past April 2025. The Defendant's right to a full and competent defense supersedes the convenience of plaintiffs' counsel.

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due:
- *Plaintiffs' Response*: No more than 60 individually directed to each party. Due 45 days after service.
- *Defendant's Response*: No more than 60 individually directed to each party, with an aggregate of 240 interrogatories. Due 45 days after service.

(d) Maximum number of requests for admission, along with the dates responses are due:
- *Plaintiffs' Response*: Each Plaintiff may serve Defendant with 25 requests for admission. Defendant may serve each Plaintiff with 25 requests for admission. Due 45 days after service.
- *Defendant's Response*: 25 per party being served with admissions. Due 45 days after service.

<ul>
<li>(e) Maximum number of depositions in the aggregate by each party:
  - *Plaintiff's Response:* 10
  - *Defendant's Response:* 15</li>

<li>(f) Limits on the length of depositions, in hours:
  - *Plaintiffs' Response*: 8 hours to occur on one calendar day.
  - *Defendant's Response*: 6 hours per day, unless leave granted by Court, total of 12 hours per deponent.</li>

<li>(g) Dates for exchanging reports of expert witnesses:
  - *Plaintiffs' Response*: 03/31/25
  - *Defendant's Response*: 12/01/25</li>

<li>(h) Dates for supplementations under Rule 26(e):
  - *Plaintiffs' Response*: As required by the Federal Rules of Civil Procedure.
  - *Defendant's Response*: 03/02/26</li>
</ul>

4. Other Items:

- (a) A date if the parties ask to meet with the court before a scheduling order:
  - *Plaintiffs' Response*: 12/2/24-12/4/24
- (b) Requested dates for pretrial conferences:
  - 30 days before trial
- (c) Final date(s) for Plaintiffs to amend pleadings or to join parties:
  - *Plaintiffs' Response*: 01/15/25
  - *Defendants' Response*: 12/2/24
- (d) Final date(s) for Defendant to amend pleadings or to join parties:
  - *Plaintiffs' response*: 30 days after Plaintiffs amend.
  - *Defendant's response*: 60 days after Plaintiffs amend.
- (e) Final date(s) to file dispositive motions:
  - *Plaintiffs' Response*: 60 days after the close of discovery.
  - *Defendant's Response*: 90 days after the close of discovery.
- (f) Prospects for settlement:
  - *Plaintiffs' Response*: Unknown at this time.
  - *Defendant's Response*: The Defendant believes any resolution by settlement is counter to the demands of justice.

(g) Any alternative dispute resolution procedure that may enhance settlement prospects:
- *Plaintiffs' Response*: Unknown at this time.
- *Defendant's Response*: Unless otherwise ordered, the Defendant is opposed to alternate dispute resolution, and any expense associated therein.

(h) Final date(s) for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:
- The parties adopt the standard timeline set out in the Federal Rules of Civil Procedure.

(i) Final date(s) to file objections under Rule 26(a)(3):
- The parties adopt the standard timeline set out in the Federal Rules of Civil Procedure.

(j) Suggested trial date and estimate of trial length:
- *Plaintiffs' Response*: 3 days. February 2026.
- *Defendant's Response*: 5 days. 90 days after the disposition of any dispositive motions.

Date:  11/20/2024

Respectfully submitted,

/s/ Laina M. Henry
Law Student Intern

s/ Laura Alice Hillhouse
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392

                    Telephone:  205.348.4960
                    Facsimile:  205.348.6851
                    Email: laina.henry@law.ua.edu
                            lauraalice.hillhouse@law.ua.edu
                            ylinetsky@law.ua.edu
                            rchambless@law.ua.edu

Law Student Interns and Attorneys for Plaintiffs Z.P., A.W., & M.L.

Date:  11/20/2024                    /s/ *Jason Wollitz*

                                      Jason L. Wollitz, Esq.
                                      1823 Third Avenue North
                                      Bessemer, Alabama 35020
                                      jasonwollitz@gmail.com
                                      205-541-6033

                                      Attorney for Defendant Errol Gregory Bryant