IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| Z.P., et al., | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| v. | ]   7:24-cv-151-ACA |
| | ] |
| ERROL GREGORY BRYANT, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

Plaintiffs Z.P., A.W., and M.L. filed suit against Defendant Errol Gregory Bryant for posting sexually explicit images and videos of them online without their consent or knowledge. They each assert claims of: (1) nonconsensual disclosure of intimate images, in violation of 15 U.S.C. § 6851(b)(1)(A) ("Count One"); (2) intentional infliction of emotional distress, under Alabama law ("Count Two"); (3) "violation of privacy," under Alabama law ("Count Three"); and (4) "injury amounting to a felony," under Alabama Code § 6-5-370, for nonconsensual distribution of intimate images in violation of Alabama Code § 13A-6-240 ("Count Four"). (Doc. 1 ¶¶ 71–92).

Mr. Bryant seeks dismissal of the complaint as a shotgun pleading, Counts Two and Four for failure to state a claim, and all of Z.P.'s state law claims as barred by the statute of limitations. (Doc. 25). The court **WILL GRANT IN PART** and

**WILL DENY IN PART** the motion to dismiss. Because Count Four does not state a claim, the court **WILL GRANT** the motion to dismiss the claims asserted in that count by each plaintiff. But because the complaint is not a shotgun pleading, Count Two states a claim, and it is not clear from the face of the complaint that the statute of limitations bars Z.P.'s state law claims, the court **WILL DENY** the rest of the motion to dismiss.

## I. BACKGROUND

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court describes the factual allegations in that light.

A.W. and Mr. Bryant met and began dating in April 2021. (Doc. 1 ¶ 37). Later that year, Mr. Bryant began posting sexually explicit videos and images of A.W. on various websites, including TezFiles, OnlyFans, and Reddit, without A.W.'s consent or knowledge. (*Id.* ¶¶ 39, 41–47).

Meanwhile, Z.P. and Mr. Bryant began dating in June 2021. (*Id.* ¶ 15). Mr. Bryant posted two sexually explicit videos of Z.P. on OnlyFans without her knowledge or consent. (*Id.* ¶¶ 18, 20–21). Z.P. learned about the posting in September 2021 after a friend of Z.P. saw it and told her about it; Z.P. then found

the second video. (Doc. 1 ¶ 22). She also found depictions of other women on Onlyfans, Reddit, X, Fansly, and ManyVids. (*Id.*).

Mr. Bryant deleted the videos of Z.P. from OnlyFans after she asked him twice, but he left videos of another woman on the website. (*Id.* ¶¶ 23–24). Z.P. then befriended the other woman on social media. (*Id.* ¶ 25). Mr. Bryant deleted his account when he realized the two women were social media "friends." (*Id.* ¶ 26). Z.P. then ended the relationship with Mr. Bryant and told him to leave her and the other woman alone. (Doc. 1 ¶¶ 27–28). In October 2021, an attorney sent Mr. Bryant a cease and desist letter demanding that he delete any other depictions of Z.P. (*Id.* ¶ 30).

M.L. and Mr. Bryant began dating in the spring of 2022. (*Id.* ¶ 58). In March 2023, M.L. broke up with Mr. Bryant to begin dating someone else. (*Id.* ¶ 60). Mr. Bryant later sent three sexually explicit videos of himself and M.L. to her new boyfriend via Snapchat. (Doc. 1 ¶ 61).

In February 2023, Z.P. saw a post about Mr. Bryant on a dating protection group on Facebook. (*Id.* ¶¶ 31–32). She responded with information about their relationship and his posting of intimate depictions without her consent. (*Id.* ¶ 33). Several women, including A.W., contacted her with concerns that Mr. Bryant may have posted depictions of them and she sent them links to various websites he had

3

used to distribute videos and images. (*Id.* ¶ 35, 49–50). A.W. discovered six different videos of her posted without her knowledge or consent. (Doc. 1 ¶¶ 35, 49–50).

In June 2023, the Tuscaloosa Police Department opened an investigation into Mr. Bryant's conduct. (*Id.* ¶ 52). An officer "compiled an evidence file containing intimate visual depictions of Z.P., A.W., and multiple other women." (*Id.* ¶ 53). Z.P. identified herself in two videos and A.W. identified herself in six. (*Id.*). The District Attorney's Office ultimately declined to prosecute Mr. Bryant because there was no evidence Mr. Bryant had intended to coerce, harass, or intimidate the women whose images he had shared. (Doc. 1 ¶¶ 54–55). At some point after the investigation began, "many of the posts and profiles Bryant used in his scheme were deleted." (*Id.* ¶ 67). But Mr. Bryant later created a new Reddit profile to share intimate depictions of women, and he advertised on another website that he had content for sale. (*Id.* ¶ 68). Whenever someone recognizes the account as Mr. Bryant's, either he or the website deletes the profile and Mr. Bryant creates a new one. (*Id.* ¶ 69). He continues to share intimate depictions of women on the internet. (Doc. 1 ¶ 70).

## II.    DISCUSSION

Mr. Bryant seeks dismissal of the complaint as a shotgun pleading, Counts Two and Four for failure to state a claim, and Z.P.'s state law claims as barred by the statute of limitations. (Doc. 25). The court will address each argument in turn.

2. <u>Shotgun Pleading</u>

Mr. Bryant contends that the court should dismiss the complaint as a shotgun pleading because (1) each count incorporates all factual allegations; and (2) each count asserts a claim on behalf of each plaintiff. (Doc. 26 at 5). The court disagrees.

A shotgun pleading is one that makes it "impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015) (explaining that dismissal of a complaint as a shotgun pleading "is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief") (quotation marks omitted). The Eleventh Circuit has identified hallmarks of shotgun pleadings, *see Weiland*, 792 F.3d at 1321–23, but has also explained that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *id.* at 1323.

One of the hallmarks of a shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Mr. Bryant asserts that, because

5

each count of Plaintiffs' complaint "incorporate[s] by reference all previous factual allegations," their complaint is a shotgun pleading. (Doc. 26 at 5). But Plaintiffs did not incorporate "all preceding counts"; they incorporated all "previous factual allegations." *Compare Weiland*, 792 F.3d at 1321 *with* (doc. 1 ¶¶ 71, 77, 82, 87). And while incorporation of all factual allegations at the beginning of each count might "look[ ], at first glance, like the most common type of shotgun pleading. . . . it is not." *Weiland*, 792 F.3d at 1324. "[T]his is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.*

Another hallmark of a shotgun pleading is that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Mr. Bryant contends that the complaint "fall[s] squarely" into this category of shotgun complaints. (Doc. 26 at 5). But Plaintiffs' complaint, while containing some allegations that are conclusory or immaterial, is hardly "replete" with them. (*See generally* doc 1 ¶¶ 15–70). This complaint is not a shotgun pleading. The court **WILL DENY** the motion to dismiss the complaint for that reason.

    2.    <u>Failure to State a Claim</u>

Mr. Bryant also contends that several of the claims fail on the merits. (Doc. 26 at 6–11). First, he argues that Plaintiffs have not stated a claim in Count Two for

intentional infliction of emotional distress because Alabama law limits that claim to cases involving wrongful conduct in the family burial context, barbaric methods employed to coerce an insurance settlement, and egregious sexual harassment. (*Id.* at 6–8). Next, he asserts that Count Four fails because Alabama Code § 6-5-370 does not create a private right of action but instead authorizes a plaintiff to sue without first pursing criminal prosecution. (*Id.* at 8–9). And finally, he argues that Z.P.'s state law claims (in Counts Two, Three, and Four) are barred by the statute of limitations. (*Id.* at 10–11).

To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    *i.*    *Count Two*

In Count Two, each plaintiff asserts a claim of intentional infliction of emotional distress against Mr. Bryant. (Doc. 1 ¶¶ 77–81). Under Alabama law, to prevail on such a claim, the plaintiff must establish intentional or reckless conduct that was "extreme and outrageous" and "caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilson v. Univ. of Ala. Health*

7

*Servs. Found., P.C.*, 266 So. 3d 674, 676 (Ala. 2017). "The conduct complained of must be so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at 676–77 (quotation marks omitted).

Mr. Bryant contends that the Alabama Supreme Court has recognized intentional infliction of emotional distress as a valid claim in only three narrow factual circumstances, and the facts alleged in this complaint do not fit within those circumstances. (Doc. 26 at 6–8). But the Alabama Supreme Court has explained that it "has *not* held that the tort of [intentional infliction of emotional distress] can exist in *only* those three circumstances." *Wilson*, 266 So. 3d at 677. The court has little difficulty finding that the allegations in this complaint would, if proved true, satisfy the requirements of Alabama law. *See id.* at 676. Accordingly, the court **WILL DENY** the motion to dismiss Count Two.

    ii.    Count Four

In Count Four, each plaintiff asserts a claim that Mr. Bryant engaged in conduct amounting to a felony. (Doc. 1 ¶¶ 87–92). Under Alabama Code § 6-5-370, "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." Plaintiffs assert that Mr. Bryant's nonconsensual distribution of intimate images violated Alabama Code § 13A-6-240, which makes it unlawful for a person to

8

distribute images of a person engaged in sexually explicit conduct "when the depicted individual has not consented in writing to the transmission and the depicted individual had a reasonable expectation of privacy against transmission of the private image." Ala. Code § 13A-6-240(a)(1), (b)(1). Mr. Bryant contends that this claim must be dismissed because § 6-5-370 does not authorize a civil cause of action for every felony, but instead permits a plaintiff to bring authorized causes of action without first pursuing prosecution. (Doc. 26 at 9).

The Alabama Supreme Court has held that § 6-5-370 "abrogates the common-law rule of suspension, the rule that a civil action for injury to person or property, amounting to a felony, could not be maintained without prosecution of the offender." *Lewis v. Fraunfelder*, 796 So. 2d 1067, 1070 (Ala. 2000) (cleaned up). As a result, the statute "does not create a cause of action; rather, it merely allows a plaintiff to *commence* a civil action even if the plaintiff does not pursue criminal prosecution of the defendant." *Id.*; *see also Preskitt v. Lyons*, 865 So. 2d 424, 429 (Ala. 2003) ("[Section] 6–5–370 only eliminates an obstacle for plaintiffs with a valid cause of action; it does not create a civil cause of action for any injury that amounts to a felony.") (emphasis omitted).

Plaintiffs declined to address the validity of their claims in Count Four because of the "ambiguity of Ala. Code § 6-5-370." (Doc. 30 at 1 n.1). They have therefore not presented any argument that the Alabama criminal statute on which

9

they rely creates a private cause of action. As a result, the court **WILL GRANT** the motion to dismiss and **WILL DISMISS** Count Four as to all plaintiffs **WITH PREJUDICE**.

        *iii.*    *Statute of Limitations*

Z.P. is one of the plaintiffs in this case and she, like the others, asserts one federal claim and three state law claims against Mr. Bryant. (Doc. 1 ¶¶ 71–92). Mr. Bryant seeks the dismissal of her three state law claims as barred by the statute of limitations. (Doc. 26 at 10–11). Because the court has already determined that Count Four must be dismissed as to all plaintiffs, the court will address only whether the statute of limitations bars Z.P.'s claims in Count Two (intentional infliction of emotional distress) and Count Three (violation of privacy).

The statute of limitations is an affirmative defense that a plaintiff is not required to negate in the complaint. *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024). The court may dismiss based on the statute of limitations "only where it is apparent from the face of the complaint that the claim is time-barred." *Id.* (quotation marks omitted).

A two-year statute of limitations applies to Counts Two and Three. *See* Ala. Code § 6-2-38(*l*); *Archie v. Enter. Hosp. & Nursing Home*, 508 So. 2d 693, 695 (Ala. 1985). In general, Alabama law provides that the statute of limitations begins running on "the date the first legal injury occurs." *Ex parte McKesson Corp.*, 393

So. 3d 1180, 1199 (Ala. Dec. 22, 2023) (quotation marks omitted). However, Alabama also recognizes "continuous torts," in which "a defendant's repeated tortious conduct . . . has repeatedly and continuously injured a plaintiff." *Ex parte Abbott Lab'ys*, 342 So. 3d 186, 195 (Ala. 2021) (emphasis omitted). When a defendant commits a continuous tort, a cause of action arising from that tort "will not be barred until two years after the last tortious act by the defendant." *Cont'l Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208, 1216 (Ala. 1990).

Mr. Bryant argues that because Z.P. alleges she discovered the videos he posted online on September 8, 2021, the statute of limitations expired two years later, on September 8, 2023, months before she filed this lawsuit in February 2024. (Doc. 26 at 10; *see* doc. 1 ¶ 22). Z.P. responds that her allegations suffice to invoke the continuous tort doctrine because a police officer discovered videos of her online within two years of her filing the complaint. (Doc. 30 at 11). Mr. Bryant replies that the continuous tort doctrine applies only to claims of employment discrimination and equal protection and that Z.P.'s allegation about videos discovered later can be disregarded because the allegation lacks particularity. (Doc. 31 at 10–14).

Contrary to Mr. Bryant's contention, the Alabama Supreme Court has applied the continuous tort doctrine outside the employment discrimination and equal protection contexts. *See, e.g.*, *McKesson Corp.*, 393 So. 3d at 1183, 1203–04 (applying the continuous tort doctrine in a case involving claims of negligence,

11

wantonness, public nuisance, unjust enrichment, fraud and deceit, and civil conspiracy); *McDonald*, 567 So. 2d at 1217 (holding that a claim for intentional infliction of emotional distress was not barred by the statute of limitations because the claim "was in the nature of a continuing tort"). And viewed in the light most favorable to Z.P., she alleges facts from which a factfinder could conclude that Mr. Bryant posted videos of her online during the limitations period. Specifically, a police officer began investigating Mr. Bryant in June 2023 and found videos of Z.P. on websites where Mr. Bryant had posted videos and images. (*See* doc. 1 ¶¶ 52–53, 70). Z.P. filed her complaint within two years of that discovery. (*See id.* at 1).

Mr. Bryant contends that Z.P.'s allegation about the discovery of those two videos can be disregarded because it lacks particularity. (Doc. 31 at 12–14). The court notes that Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead with particularity, applies only to claims of fraud or mistake, which are not claims Z.P. makes in this action. Federal Rule of Civil Procedure 8, which applies to non-fraud and mistake claims, requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to provide "detailed factual allegations" to satisfy the Rule 8(a)(2) standard, *Twombly*, 550 U.S. at 555, as long as she "pleads factual content that allows the court to draw the reasonable inference

12

that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Z.P. has done so here.

The court cannot find, at the pleading stage, that Z.P.'s claims of intentional infliction of emotional distress and violation of privacy are barred as a matter of law, so the court **WILL DENY** the motion to dismiss Z.P.'s claims in Counts Two and Three.

### III. CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** the motion to dismiss. The court **WILL DISMISS** Count Four only.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this December 16, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE