FILED
2025 Jan-16 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Z.P., ET AL., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) CASE NO. 7:24-cv-00151-ACA |
| ERROL GREGORY BRYANT, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF G.C.'S MOTION TO PROCEED PSEUDONYMOUSLY**

Because additional Plaintiff G.C., alongside Plaintiffs Z.P., A.W., and M.L., is a victim of nonconsensual distribution of intimate images, she requests that the Court allow her to proceed in this action pseudonymously.

In the Amended Complaint, filed contemporaneously with this motion, Plaintiffs allege that Defendant shared multiple images of Plaintiffs' nude bodies and images of Plaintiffs engaging in sexually explicit acts to various social media and pornography websites without Plaintiffs' consent or knowledge.

While the Federal Rules of Civil Procedure generally require a complaint to "name all the parties," courts have waived this requirement "in exceptional cases." Fed. R. Civ. P. 10(a); *Doe I v. City of Alabaster, Alabama*, No. 2:11-CV-3448-VEH, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012). The Eleventh Circuit has adopted a list of factors for courts to consider in "determining if a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Doe I v. City of Alabaster*,

2012 WL 13088882, at *5 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). One factor courts should consider is whether the nature of the case requires the plaintiff "to disclose information of the utmost intimacy." *Frank*, 951 F.2d at 323.

In this case, requiring Plaintiff G.C. to proceed under her names would require her to disclose to the public the intimate details of her relationship with Defendant. First, Plaintiffs' Complaint—a public record—discusses the fact that Plaintiffs consented to being recorded during sex. Second, the nature of Plaintiffs' federal claim against the Defendant necessitates the Complaint's description of the conduct and parts of the body and that are depicted in the images Defendant disclosed without consent. Finally, the Complaint also identifies the websites on which each image was posted, the date of posting, the profile name under which Defendant made the posts, and the explicit captions Defendant attached to the posts. If G.C. was required to proceed in this action under her name, she would be forced to reveal all the aforementioned information to the public in order to vindicate her rights. G.C. has already been subjected to Defendant's disclosure of their intimate visual depictions on various social media and pornography websites. She need not be subjected to the additional disclosure of all the aforementioned information in connection with her true name to recover for the injuries Defendant's disclosure caused.

The Eleventh Circuit has further stated that a "plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature." *Frank*, 951 F.2d at 324. Accordingly, a plaintiff seeking to proceed anonymously "must show 'both (1) a fear of severe harm, and (2) that the fear of

severe harm is reasonable.'" Examples of cases in which courts have found a reasonable fear of severe harm include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe I v. City of Alabaster*, 2012 WL 13088882, at *4 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

The case at bar falls squarely within this class of matters, all of which carry the potential for public condemnation or other retaliation if a plaintiff were required to associate their true name with the facts of their case. Like cases involving abortion, birth control, AIDS, homosexuality, and illegitimate children, Plaintiffs' case requires Plaintiffs to disclose intimate information about their previous sexual relationships beyond the level a typical case might require. To prove that Defendant's misconduct satisfies the elements of Plaintiffs' claims, they must reveal extremely detailed information about the intimate visual depictions Defendant disclosed as well as when, where, and how he disclosed them. While Defendant has already disclosed the intimate visual depictions, at least some of the depictions discussed in the Complaint have been removed from the platforms on which Defendant posted them. Thus, requiring G.C. to disclose her information again in a Complaint brought under her true name would make the information available to even more people who may not have previously come across Defendant's posts.

Furthermore, G.C., like her Co-Plaintiffs, has a reasonable fear of severe harm if she must proceed in this action under her true name. She is a licensed therapist and a university professor. Thus, she is reasonably fearful that she could face discipline at work or even lose her job if her employer or clients believed that she had consented to the

creation of intimate visual depictions and that the depictions were subsequently posted online.

Finally, the statute establishing Plaintiffs' federal claim for disclosure of intimate images contains a subsection titled "Preservation of anonymity." 15 U.S.C.A. § 6851(b)(3)(B). This subsection provides that "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C.A. § 6851(b)(3)(B). The addition of this subsection shows that the drafters of the statute providing a remedy for injuries like Plaintiffs' recognized the importance of plaintiff confidentiality in such cases. Additionally, the use of the word "maintaining" shows that the drafters also contemplated plaintiffs proceeding anonymously when bringing actions under the statute, and that courts should preserve those plaintiffs' anonymity in ordering injunctive relief under the statute. The language of § 6851(b)(3)(B) thus supports the argument that Plaintiffs should be permitted to proceed anonymously in this case.

Requiring Plaintiffs to proceed under their true names would require Plaintiffs "to disclose information of the utmost intimacy"—the details of their relationships with Defendant and Defendant's misconduct. *Frank*, 951 F.2d at 323. Like the Plaintiffs in this action in which the Court has previously allowed to proceed anonymously, the G.C. has a reasonable fear of severe harm which "outweighs the public's interest in open judicial proceedings." *Doe I v. City of Alabaster*, 2012 WL 13088882, at *5 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Additionally, the statute creating Plaintiffs' federal claim contemplates the necessity of plaintiff anonymity in actions for disclosure of

4

intimate images. Thus, the Plaintiffs are precisely the type of plaintiffs the exception to Rule 10(a) was created to protect. Accordingly, as Plaintiffs Z.P, A.W. and M.L. have been granted permission by this court to proceed in this action under such aliases, Plaintiff G.C. requests that she be allowed to proceed in this action under the alias "G.C."

Respectfully submitted,

/s/ Laina M. Henry
Law Student Intern

/s/ Laura Alice Hillhouse
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama  35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email:  laina.henry@law.ua.edu
        lauraalice.hillhouse@law.ua.edu
        ylinetsky@law.ua.edu
        rchambless@law.ua.edu

Law Student Intern and Attorneys for
Plaintiffs Z.P., A.W., G.C., & M.L.

5

## CERTIFICATE OF SERVICE

    A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to Jason L. Wollitz, attorney for Defendant Errol Gregory Bryant.

    /s/ Yuri R. Linetsky