UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| Z.P., et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 7:24-cv-151-ACA |
| | ) |
| ERROL GREGORY BRYANT, | ) |
| | ) |
|     Defendant. | ) |

## SCHEDULING ORDER

The court provided a scheduling order under Federal Rule of Civil Procedure 16(b) based on the parties' report of a planning meeting, as well as the scheduling conference held in chambers on January 7, 2025. (Doc. 34). Defendant filed a motion to extend all deadlines in the agreed upon scheduling order by fourteen days. (Doc. 43). The court **GRANTS** the motion. This scheduling order reflects the updated deadlines and governs further proceedings in this action unless modified for good cause shown.

1. **Pleadings and Parties:** Unless the party's pleading may be amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), the party must file a motion for leave to amend. Such motion for leave to amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed amended pleading, which is suitable for filing. The motion for leave to amend, with the attached amended pleading, shall be served in accordance with Federal Rule of Civil Procedure 5.

2. **Discovery Limitations and Deadlines:**

    a. **Depositions:** Maximum of 10 by each party. Each deposition is limited to a maximum of 8 hours.

        **Interrogatories:** Maximum of 15 specific by any party to any other party; an additional 10 general interrogatories from plaintiffs to defendant, for a total of 60 interrogatories. Responses are due no later than 30 days after service.

        **Requests for Production:** Maximum of 50 by any party directed to any other party.

        **Requests for Admission:** Maximum of 15 specific by any party to any other party; an additional 10 general requests from plaintiffs to defendant, for a total of 60 requests. Responses are due no later than 30 days after service.

    b.    **Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses—including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert—are due:

        From plaintiffs:    by **February 12, 2025**

        From defendant:    by **March 14, 2025**

    c.    **Supplementation:** Supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e) is due within a reasonable period of time after discovery of such information, but all such supplementation shall be provided **no later April 14, 2025.**

    d.    **Deadline:** All discovery must be commenced in time to be completed by **May 14, 2025**.

3.    **Discovery Motions:** Before a party files a motion to compel, a motion to quash, or any other discovery-related motion, the party must seek leave of the court to file the motion. Counsel for the moving party **must** confer in person or by telephone with opposing counsel to attempt to resolve their disagreements regarding discovery requests. If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave

of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. **Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.** The motion for leave of the court need only include the facts relevant to the dispute. Legal argument and/or legal citations are not necessary.

If the motion for leave of the court is opposed, opposing counsel may file a response within three days. If the non-moving party does not file a response, then the court will consider the motion unopposed.

If the court grants leave, the moving party must file the discovery motion within one day. The non-moving party must file a response to the discovery motion within seven days.

4. **Dispositive Motions:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **June 13, 2025**.

   Briefs in support of dispositive motions must be filed **within one business day** of the filing of the dispositive motion and evidentiary submissions. **All briefs filed in support of or opposition to dispositive motions must contain citations to the evidentiary record by CM/ECF document and page number.** To the extent that a party responding to a dispositive motion relies on evidence that is not included in the moving party's evidentiary submission, the responding party must file that evidence on or before the day the opposition brief is due.

   The parties must file and brief all dispositive motions consistent with Appendix II which is attached to the court's initial order.

   The court recognizes that Appendix II addresses only motions for summary judgment. If the parties file a dispositive motion other than one for summary judgment, the parties must comply with Appendix II to the extent practicable.

3

5. **Extensions:** Parties requesting an extension of any deadline must file a motion at least **one week** before the deadline, and must show good cause for the extension. Good cause includes, at a minimum, a description of why the party or parties cannot meet the existing deadline.

    Any motion that seeks an extension of the discovery deadline by more than thirty days must include: (1) a description of all discovery conducted up to the point of filing the motion for an extension and the dates said discovery was served and answered; (2) the depositions the parties have taken up to the point of filing the motion; and (3) a discovery plan setting the date on which each outstanding discovery issue will be resolved.

    The court strongly disfavors successive motions for extensions of time.

6. **Mediation:** Unless a party objects, the court will enter an order referring the parties to mediation and setting a deadline by which mediation must occur. Objections to mediation should be included in the joint status report as described in paragraph seven.

    As a general rule, if the court refers the case to mediation, the court will not stay discovery and dispositive motion deadlines. The court has extended the deadline for dispositive motions in contemplation of mediation.

7. **Joint Status Report:** The parties shall file a joint status report on or before **April 14, 2025**.

    The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, or to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery. Although the parties must report on the status of critical discovery, they should not informally request an extension of time in the report; any motion for extension of time must be made formally following the instructions set out above.

      If the parties desire a status conference, they must request one in the joint status report. Additional conferences, including a pretrial conference, will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established in a separate pretrial order.

8. **Trial:** The parties shall be ready for trial in **March 2026**, to be scheduled by separate order.

9. **Oral Argument:** If a party wants oral argument on motion, the party must clearly indicate that request in the motion. In the interest of exposing less experienced attorneys to oral argument, the court will, in addition to its other considerations, take into consideration whether an attorney with less than five years' experience will be arguing before the court. If the court grants the request for oral argument and one of the attorneys has less than five years' experience, the court will give the parties additional time for argument in order to provide an experienced attorney the opportunity to supplement the less experienced attorney's argument.

      **DONE** and **ORDERED** this February 2, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE