FILED
2025 Feb-21  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **Z.P., A.W., G.C., M.L.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:  7:24-CV-00151-ACA** |
| | ) | |
| **ERROL GREGORY BRYANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

### DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIM

---

**COMES NOW**, Defendant, Errol Gregory Bryant, by and through the undersigned counsel of record, and for answer and objections to Plaintiffs' First Amended Complaint states as follows:

### DEFENDANT'S ANSWER

### NATURE OF THE ACTION

1. Defendant denies the allegations in Paragraph 1 of Plaintiff's Amended Complaint and demands strict proof thereof.

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's Amended Complaint and demands strict proof thereof.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's Amended Complaint and demands strict proof thereof.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Amended Complaint and demands strict proof thereof.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Amended Complaint and demands strict proof thereof.

6. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

## **THE PARTIES**

7. Defendant answering herein has no reason to deny the allegations in this Paragraph but cannot affirm the age or residency of Plaintiff.

8. Defendant answering herein has no reason to deny the allegations in this Paragraph but cannot affirm the age or residency of Plaintiff.

9. Defendant answering herein has no reason to deny the allegations in this Paragraph but cannot affirm the age or residency of Plaintiff.

10. Defendant answering herein has no reason to deny the allegations in this Paragraph but cannot affirm the age or residency of Plaintiff.

11. Admit.

## **JURISDICTION & VENUE**

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Amended Complaint and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint and demands strict proof thereof.

14. Admit.

15. Admit.

## FACTS

### Facts as to Plaintiff Z. P.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Amended Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Amended Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Amended Complaint and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint and demands strict proof thereof.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Amended Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint and demands strict proof thereof.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint as written and demands strict proof thereof.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint and demands strict proof thereof.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint and demands strict proof thereof.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Amended Complaint and demands strict proof thereof.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Amended Complaint and demands strict proof thereof.

28. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint and demands strict proof thereof.

30. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint and demands strict proof thereof.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Amended Complaint and demands strict proof thereof.

33. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

34. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

35. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

36. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Amended Complaint and demands strict proof thereof.

## Facts as to Plaintiff A.W.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Amended Complaint and demands strict proof thereof.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Amended Complaint and demands strict proof thereof.

40. Defendant admits the allegations in the first sentence of this paragraph but denies the remainder and demands strict proof thereof.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Amended Complaint and demands strict proof thereof.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Amended Complaint and demands strict proof thereof.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Amended Complaint and demands strict proof thereof.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Amended Complaint and demands strict proof thereof.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's Amended Complaint and demands strict proof thereof.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Amended Complaint and demands strict proof thereof.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint and demands strict proof thereof.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Amended Complaint and demands strict proof thereof.

49. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

50. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's Amended Complaint and demands strict proof thereof.

52. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

**Facts Common to Plaintiffs Z.P. and A.W.**

53. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

54. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

55. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

56. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

57. The statute speaks for itself. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

58. Admit.

59. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

**<u>Facts as to Plaintiff G. C.</u>**

60. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

61. Defendant denies the allegations in Paragraph 6 1of Plaintiff's Amended Complaint and demands strict proof thereof.

62. Defendant denies the allegations in Paragraph 62 of Plaintiff's Amended Complaint and demands strict proof thereof.

63. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

64. Defendant denies the allegations in Paragraph 64 of Plaintiff's Amended Complaint and demands strict proof thereof.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's Amended Complaint and demands strict proof thereof.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's Amended Complaint and demands strict proof thereof.

67. Defendant is unclear as to who Z. R. is and is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

68. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's Amended Complaint and demands strict proof thereof.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's Amended Complaint and demands strict proof thereof.

## **Facts as to Plaintiff M.L.**

71. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's Amended Complaint and demands strict proof thereof.

73. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's Amended Complaint and demands strict proof thereof.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Amended Complaint and demands strict proof thereof.

76. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

77. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

78. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's Amended Complaint and demands strict proof thereof.

## Facts as to Defendant

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's Amended Complaint and demands strict proof thereof.

81. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, Defendant denies said allegations and demands strict proof thereof.

82. Defendant denies the allegations in Paragraph 82 of Plaintiff's Amended Complaint and demands strict proof thereof.

83. Defendant denies the allegations in Paragraph 83 of Plaintiff's Amended Complaint and demands strict proof thereof.

84. Defendant denies the allegations in Paragraph 84 of Plaintiff's Amended Complaint and demands strict proof thereof.

## CLAIMS FOR RELIEF

## Count I- Nonconsensual Disclosure of Intimate Images

85. Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

86. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

87. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

88. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

89. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

90. Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

## Count II – Intentional Infliction of Emotional Distress

## (Alabama Tort of Outrage)

91. Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's Amended Complaint and demands strict proof thereof.

93. Defendant denies the allegations in Paragraph 93 of Plaintiff's Amended Complaint and demands strict proof thereof.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's Amended Complaint and demands strict proof thereof.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's Amended Complaint and demands strict proof thereof.

## Count III -Violation of Privacy

96. Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

97. Defendant denies the allegations in Paragraph 97 of Plaintiff's Amended Complaint and demands strict proof thereof.

98. Defendant denies the allegations in Paragraph 98 of Plaintiff's Amended Complaint and demands strict proof thereof.

99. Defendant denies the allegations in Paragraph 99 of Plaintiff's Amended Complaint and demands strict proof thereof.

100. Defendant denies the allegations in Paragraph 100 of Plaintiff's Amended Complaint and demands strict proof thereof.

**Count IV – Unjust Enrichment (as to Plaintiff's Z.P., A.W., and G.C.)**

101. Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

102. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

103. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

104. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

105. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

106. Defendant denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant answering herein is not required to respond to this paragraph. To the extent Defendant is required to respond, Defendant denies the allegations in this Paragraph and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts said defenses in order to preserve its right to assert them. Upon completion of discovery, and if the facts warrant, Defendant may withdraw any of these defenses as may be appropriate. Further, Defendant reserves the right to amend this answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds. Without assuming any burden of proof or persuasion not otherwise imposed by law, Defendant affirmatively asserts the following additional defenses:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

Defendant pleads consent.

### THIRD DEFENSE

Defendant is not guilty of the matters and things alleged in Plaintiffs' Amended Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Defendant denies the material allegations alleged in the Amended Complaint and demands strict proof thereof.

## FIFTH DEFENSE

There is no causal relation to the claims being made by the Plaintiffs in this matter and Defendant's conduct.

## SIXTH DEFENSE

Defendant denies any of its acts or omissions were the proximate cause of Plaintiffs' alleged injuries.

## SEVENTH DEFENSE

Defendant denies that the Plaintiffs were injured or damaged to the nature and extent alleged in the Complaint and demands strict proof thereof.

## EIGHTH DEFENSE

Defendant denies that the Plaintiffs were injured as a result of any conduct by Defendant.

## NINTH DEFENSE

Defendant pleads the applicable statute of limitations.

## TENTH DEFENSE

Defendant pleads the affirmative defenses of laches, waiver, unclean hands, and/or ratification.

## ELEVENTH DEFENSE

Defendant pleads the First Amendment.

## TWELFTH DEFENSE

Defendant denies that it acted negligently, willfully, or intentionally.

**THIRTEENTH DEFENSE**

Defendant pleads the doctrine of spoliation of evidence.

**FOURTEENTH DEFENSE**

Defendant pleads the Fourteenth Amendment.

**FIFTEENTH DEFENSE**

Plaintiffs failed to mitigate their damages in this case as required by Alabama law.

**SIXTEENTH DEFENSE**

Defendant denies that it breached any duty owed to the Plaintiffs.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred by contributory negligence.

**EIGHTEENTH DEFENSE**

Defendant pleads lack of identifiability.

**NINETEENTH DEFENSE**

To the extent the Plaintiffs are seeking punitive damages, Defendant asserts the following affirmative defenses:

1. Plaintiffs' claims of punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred.

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant.

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

## TWENTIETH DEFENSE

Discovery is not yet complete in this matter and Defendant reserves the right to amend or supplement its Answer and affirmative defenses at a later date pending completion of discovery in this matter.

## **DEFENDANT'S COUNTERCLAIM**

Without waiving any previously asserted defenses, Defendant/Counter-Plaintiff, having fully answered Plaintiffs' First Amended Complaint, makes this Counterclaim against all Plaintiffs:

## **FACTUAL ALLEGATIONS**

1. Defendant/Counter-Plaintiff and Z.P. began dating in 2021.

2. Defendant/Counter-Plaintiff and Z.P. made explicit videos together which were recorded on both Z.P.'s and Defendant/Counter-Plaintiff's phone.

3. After making the videos, Z.P. posted the videos on her FetLife[1] profile.

4. Z.P. consented to Defendant/Counter-Plaintiff posting the videos on his FetLife page where he also "tagged" Z.P., which notified Z.P. and posted it on her own page. Z.P. subsequently "liked" the post.

5. Defendant/Counter-Plaintiff began dating A.W. in 2021 while dating Z.P.

6. When Z.P. found out Defendant/Counter-Plaintiff was also dating another individual, Z.P. became angry and, for all that appears, this is where the campaign to ruin Defendant/Counter-Plaintiff's reputation began.

7. A.W. and Defendant/Counter-Plaintiff made explicit videos. A.W. consented to publication but requested her face not be shown in published videos.

8. While dating A.W., Defendant/Counter-Plaintiff began dating another individual.

9. A.W. found out about the other individual Defendant/Counter-Plaintiff was dating and became angry.

---

[1] According to www.fetlife.com, "FetLife is the world's largest and most popular social network for the BDSM community, Kink community, and Fetish community."

17

10. M.L. dated the Defendant/Counter-Plaintiff in 2022. M.L. recorded sexually explicit videos of herself and Defendant/Counter-Plaintiff on her phone and on Defendant/Counter-Plaintiff's phone.  Defendant/Counter-Plaintiff also recorded videos.

11. G.C. began dating Defendant/Counter-Plaintiff in 2022. Explicit material was recorded on both parties' phones. G.C. posted this content to her own page and consented to the Defendant/Counter-Plaintiff doing the same.

12. Defendant/Counter-Plaintiff is simultaneously producing voluminous communications and public postings made by the Plaintiffs/Counter-Defendants in their Rule 26 disclosure. That information demonstrates the following:

13. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties calling Defendant/Counter-Plaintiff an abuser.

14. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants sent messages to third parties stating that:

> …you're proud to have that man listed as a play partner. Ewww. Since you are so infatuated and foolish to claim him, because I'm sure he has you mind f***ed, you probably will fall in and be part of this investigation as well. We have sent several men to your DMs to just see what type of person you are, and it seems you are just as f***ed up as him…
>
> \*       \*       \*
>
> We know who is over and when.
>
> \*       \*       \*
>
> We have tried to come at you reasonably but you seemed to be brainwashed.
>
> \*       \*       \*
>
> His addiction is very clear.

15. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants posted in the over 40,000 member Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama:*

> Seriously, if you have ever hooked up with him … reach out
> to the Tuscaloosa PD…
>
> \*        \*        \*
>
> He also has countless women around his son, which is
> unhealthy and unsafe for a developing child.
>
> \*        \*        \*
>
> He has a serious addiction and a problem.

16. One or more of the Plaintiffs/Counter-Defendants posted in the over 40,000 member

    Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama:*

    > …he's also able to pass 'the vibe check' in the kink
    > community (how we met, BDSM safety groups and stuff).
    > He is INCREDIBLY sexually and emotionally abusive and
    > a pathological liar.

17. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants sent

    messages to third parties stating:

    > I will just let the community know you're an ally of his. How
    > dare you defend this sicko? But anyway you're likely
    > another mind f***ed female that's listening to his sweet lies.

18. One or more of the Plaintiffs/Counter-Defendants posted in the over 40,000 member

    Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama:*

    > Sucks when you're not only cheated on but also assaulted
    > and on the internet for everyone to click and pay for. …
    > \*        \*        \*
    > I truly deeply wish you hell, I wish you choking pain and the
    > realization that save your son, your life is empty and
    > meaningless, and its so sad because your son deserves so
    > much better than you. No amount of love or toys could ever
    > usurp your evil and the inherently, shitty f***in person…
    > \*        \*        \*
    > Your OnlyFans f***ing sucks and idk how you make your
    > d**k look big like that. You are weak and frail minded,
    > you're a pseudo intellectual and extremely stupid. Your face
    > is rat like. And your tattoos are f***ing gay.

19

19. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> … he is for a fact getting arrested. And multiple felony charges …By the way of evidence confirmed …multiple felony charges…more than half a dozen charges.

In fact, Defendant/Counter-Plaintiff was never arrested or charged with any crime as a result of these allegations.

20. One or more of the Plaintiffs/Counter-Defendants posted in the over 40,000 member Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama:*

> He is a rapist. DO NOT DATE HIM. Do not befriend him. The DA has declined to prosecute as of today, but that does not mean what he has done isn't criminal.
> \*       \*       \*
> IF YOU ARE IN COMMUNITY WITH THIS MAN, HOLD HIM ACCOUNTABLE.

21. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties to induce them to join the lawsuit stating that the civil lawsuit will provide:

> …more direct reparations. It will mainly be financial, at least at first.

22. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating that once the civil lawsuit was filed, she was going to

> …delete my comments and lay low.

23. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> …as long as it's over with him in jail or permanently learning his lesson I'll be satisfied….
> \*       \*       \*
> It would be several felonies already.

The third party questioned the information with:

> I always just assumed everyone he posted was for it. Cause
> I was absolutely not blind of him having sites.

24. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> He's just an idiot so I wouldn't put it past him.

25. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> I wanna kill him!!!

26. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants posted in the over 40,000 member Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama:*

> Yes-he has sex crimed ppl.

27. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants posted on the website fetlife.com:

> He is a criminal and abusive.

28. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> I want him put away and I want people like her to feel bad
> about this.

29. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants posted on the website fetlife.com:

> He is unfortunately a classic abuser and narcissist,
> pathological liar.

30. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants posted Defendant/Counter-Plaintiff's photograph in the over 40,000 member Facebook group *Are We Dating the Same Guy? Birmingham/Montgomery/Alabama* with the intent to libel Defendant/Counter-Plaintiff.

31. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants messaged through the website fetlife.com:

> This man is a sick individual and it goes beyond illegal recording and posting.

32. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants messaged through the website fetlife.com:

> I was going to leave you alone and let you stay delusional. … The way you defended that disgusting individual, especially after reading your profile, is quite comical and I know you didn't know any better. You defended the most drama ridden perv in town.

33. Upon information and belief, one or more of the Plaintiffs/Counter-Defendants messaged through the website fetlife.com:

> I'm sorry to approach you like this, I am using my burner. [Defendant/Counter-Plaintiff] has victimized countless women in Bham and Tuscaloosa areas.

34. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties stating:

> I hate that man so f***ing bad … Like what a loser …  he's just dragging out the inevitable and making himself look like an a** in the process. And making me more angry. Which never works. Lol

35. One or more of the Plaintiffs/Counter-Defendants sent text messages to third parties discussing Defendant/Counter-Plaintiff and an unknown female, stating:

I'm also trying to get her [unknown "her"] f***ed. Pardon my spiteful spirit. I just think people who do bad should get consequences. … You shouldn't make money off sex work if you're okay with sexual assault.

## COUNT I – LIBEL

36. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiffs/Counter-Defendants published false and defamatory statements that constitute libel per se under Alabama law, including false accusations of criminal conduct—such as rape and sexual assault—which are defamatory on their face and inherently damaging to Defendant/Counter-Plaintiff's reputation. These statements were published with actual malice, as evidenced by Plaintiffs/Counter-Defendants' subsequent admissions that their allegations of "abuse" were actually based on alleged infidelity, demonstrating their knowledge of the falsity of their criminal accusations and reckless disregard for the truth.

38. The statements were made with malice and without privilege.

39. These false statements include, but are not limited to:

False claims that Defendant/Counter-Plaintiff was being arrested and faced "multiple felony charges," when in fact no arrests or charges were ever made;

False statements labeling Defendant/Counter-Plaintiff as a "rapist" and claiming he "sex crimed people";

False accusations of assault and abuse; and,

False claims about ongoing criminal investigations.

40. These defamatory statements were published in multiple forums, including: a Facebook group with over 40,000 members; the website fetlife.com; and direct messages to numerous third parties.

23

41. The statements were demonstrably false, as evidenced by the fact that no arrests or charges were ever made against Defendant/Counter-Plaintiff despite Plaintiffs/Counter-Defendants' claims.

42. Defendant/Counter-Plaintiff has suffered damage to his reputation, emotional distress, and economic harm as a direct and proximate result of Counter-Defendant's false statements.

## COUNT II - ABUSE OF PROCESS

43. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiffs/Counter-Defendants' improper purpose is demonstrated through a systematic pattern of conduct evidenced by their own statements and actions, including:

   a. Initially falsely claiming Defendant/Counter-Plaintiff was an "abuser" and "abusive";

   b. Explicitly stating their intent to obtain "direct reparations" that would be "mainly financial," demonstrating the use of legal process to extract monetary compensation for non-actionable personal grievances;

   c. Declaring their intent to "delete my comments and lay low" after filing legal action, evidencing consciousness of wrongdoing and intent to destroy evidence;

   d. Expressing their desire to see Defendant/Counter-Plaintiff "put away" and to make others "feel bad about this," showing intent to use the legal process for harassment and intimidation rather than legitimate purposes;

     e. Using allegations of criminal conduct while simultaneously acknowledging no criminal charges were filed or pending, demonstrating their intent to use the legal system to create the appearance of wrongdoing where none existed.

45. Plaintiffs/Counter-Defendants used the legal process as a weapon to accomplish purposes outside the legitimate scope of the process, including attempting to punish Defendant/Counter-Plaintiff for alleged infidelity and to extract financial compensation for non-actionable personal grievances.

46. As a direct and proximate result of Plaintiff/Counter-Defendants' abuse of process, Defendant/Counter-Plaintiff has suffered damages, including legal fees and costs in defending against their improper claims; severe emotional distress from the public humiliation and harassment; loss of standing in his community and damage to his reputation.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)

47. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiffs/Counter-Defendants' extreme and outrageous conduct includes: expressing desires for Defendant/Counter-Plaintiff's death, stating "I wanna kill him!!!"; wishing "choking pain" upon Defendant/Counter-Plaintiff; conducting a coordinated campaign of harassment across multiple social media platforms; making deliberate attempts to destroy Defendant/Counter-Plaintiff's personal relationships; targeting communications to third parties with the explicit purpose of isolating Defendant/Counter-Plaintiff from his community.

49. Plaintiffs/Counter-Defendants' conduct was intentional and reckless.

50. Plaintiffs/Counter-Defendants' conduct was extreme and outrageous beyond all possible bounds of decency and utterly intolerable in a civilized society.

51. Plaintiffs/Counter-Defendants' actions caused Defendant/Counter-Plaintiff to suffer severe emotional distress including anxiety, damage to personal relationships, and fear for his reputation.

## COUNT IV - INVASION OF PRIVACY
## FALSE LIGHT

52. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiffs/Counter-Defendants' intrusive conduct includes:

Making detailed public posts about Defendant/Counter-Plaintiff's private life;

Using multiple "burner" accounts to monitor Defendant/Counter-Plaintiff's activities;

Publishing false information about Defendant/Counter-Plaintiff in public forums; and,

Engaging in a systematic campaign to monitor and publicize Defendant/Counter-Plaintiff's personal relationships.

54. In so doing, Plaintiffs/Counter-Defendants intentionally published false accusations to the public with actual malice and reckless disregard.

55. These false accusations constitute highly offensive conduct to a reasonable person.

56. As a direct and proximate result of Counter-Defendant's invasion of privacy, Defendant/Counter-Plaintiff has suffered damages.

## COUNT V - CIVIL CONSPIRACY

57. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58. The conspiracy between Plaintiffs/Counter-Defendants is evidenced by Plaintiffs/Counter-Defendants' coordinated legal action against Defendant/Counter-Plaintiff, multiple Plaintiffs/Counter-Defendants participating in a shared course of conduct to harm Defendant/Counter-Plaintiff through various social media platforms and communications with third parties, and Plaintiffs/Counter-Defendants' use of multiple accounts and platforms to amplify their messages and cause harm to Defendant/Counter-Plaintiff.

59. Plaintiffs/Counter-Defendants and their co-conspirators had a meeting of the minds on the object and course of action.

60. In furtherance of this conspiracy, Plaintiffs/Counter-Defendants committed overt acts including publishing false statements about Defendant/Counter-Plaintiff on social media platforms, sending defamatory messages to third parties, and initiating legal proceedings for improper purposes.

61. As a direct and proximate result of the conspiracy and actions taken in furtherance thereof, Defendant/Counter-Plaintiff has suffered damages.

## COUNT VI - SPOLIATION

62. Defendant/Counter-Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiffs/Counter-Defendants had a duty to preserve evidence relevant to this litigation.

64. Plaintiffs/Counter-Defendants intentionally destroyed evidence by deleting comments and posts.

65. Plaintiffs/Counter-Defendants explicitly stated their intent to "delete my comments and lay low" after filing this legal action.

66. This destruction was done with the purpose of suppressing the truth.

67. Defendant/Counter-Plaintiff has been prejudiced in his ability to prosecute his claims due to this intentional destruction of evidence.

**DEFENDANT/COUNTER-PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CASE.**

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Counter-Plaintiff demands judgment against each of the Plaintiffs/Counter-Defendants, jointly and severally, and seeks compensatory damages of not less than one-million dollars ($1,000,000.00), injunctive relief enjoining Plaintiffs/Counter-Defendants from making further defamatory statements, sanctions for spoliation of evidence, post-judgment interest, costs and attorneys' fees as permitted by law, and such other and further relief to be determined by a jury, which will fairly and adequately compensate Defendant/Counter-Plaintiff. Further, Defendant/Counter-Plaintiff requests that the jury selected to hear this case award punitive damages in an amount which will adequately reflect the enormity of Plaintiffs/Counter-Defendants' wrongful acts and which will prevent other similar wrongful acts.

Dated: February 21, 2025

Respectfully submitted,

*/s/J. Thomas Burgess* _____
J. Thomas Burgess (ASB#: 0554-S78J)
Scott A. Holmes (ASB#: 8908-S78H)
Erin M. Agricola (ASB#: 4496-I30A)
*Attorneys for Defendant Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

*/s/Jason L. Wollitz* (with permission)_____
Jason L. Wollitz
1823 Third Avenue North
Bessemer, Alabama 35020
(205) 541-6033

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on February 21, 2025:

Laina M. Henry, Law Student Intern
Laura Alice Hillhouse, Law Student Intern
Yuri R. Linetsky (ASB#: 3088-B20W)
Ricky T. Chambless, Law Student Intern (ASB#: 5879-S77R)

The University of Alabama School of Law
Civil Law Clinic
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851

Email: laina.henry@law.ua.edu
        lauraalice.hillhouse@law.ua.edu
        ylinetsky@law.ua.edu
        rchambless@law.ua.edu

*Law Student Interns and Attorneys for Plaintiffs*

*/s/J. Thomas Burgess, Jr.*_____
OF COUNSEL