FILED

2025 Mar-18  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Z.P., et. al.,                          )
                                        )
                    Plaintiffs,         )
                                        )
          vs.                           )
                                        )   CASE NO. 7:24-CV-00151-ACA
ERROL GREGORY BRYANT,                   )
                                        )
                    Defendant.          )

## PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiffs Z.P., A.W., M.L., and G.C. move to dismiss Defendant's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). The counterclaims should be dismissed for the following reasons:

- **Counterclaims I-VI** are deficient as at least one type of shotgun pleading recognized by this Court.

- **Counterclaims I, II, III, and V** fail to state a claim upon which can be granted.

- **Counterclaim VI** fails as a matter of law because spoliation is not an actionable tort in Alabama.

## LAW AND ARGUMENT

Plaintiffs Z.P., A.W., and M.L., filed a complaint against Defendant Errol Gregory Bryant to seek redress for the harmful, non-consensual sharing of intimate visual depictions of Plaintiffs. Defendant now seeks his own recovery and has filed the following counterclaims against Plaintiffs: 1) Libel, 2) Abuse of Process, 3) Intentional Infliction of Emotional Distress (Tort of Outrage), IV) Invasion of Privacy (False Light), V) Civil Conspiracy, and VI) Spoliation. As explained below, all of the counterclaims must be dismissed.

## I.      Defendant's Counterclaims are Impermissible Shotgun Pleadings

Fed. R. Civ. P. 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence–and each defense other than a denial–must be stated in a separate count or defense.

Claims for relief that violate either or both rules are referred to as shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings make it "impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action."

*Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *see also Weiland*, 792 F.3d 1313, 1325 (11th Cir. 2015) (explaining that dismissal of a complaint as a shotgun pleading "is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief") (quotation marks omitted). The Eleventh Circuit has identified four hallmarks of shotgun pleadings. *See id.* at 1321–23. The first and most common type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* Finally, the fourth type of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Mr. Bryant's counterclaims constitute a shotgun pleading of the first and fourth types. First, Mr. Bryant's counterclaims for counts two, three, four, five, and six are of the first type of shotgun pleading, as he realleged and incorporated by reference each preceding paragraph into his claims for relief.[1] For each of these counts, Mr. Bryant incorporated the allegations of all preceding counts, causing each successive count to carry all that came before and causing the last count, spoliation, to be a combination of the entire complaint. This is a quintessential shotgun pleading and is impermissible under *Weiland*.

Additionally, Mr. Bryant's counterclaims are of the fourth type of shotgun pleading because they assert multiple claims against multiple Plaintiffs without specifying which of the Plaintiffs are responsible for which acts or omissions or which of the Plaintiffs the claim is brought against. Each of Mr. Bryant's counts contain allegations that "one or more Plaintiffs" made specific statements via online forums and text messages. However, Mr. Bryant never identified which Plaintiff allegedly made which statement, making it impossible for Plaintiffs to know which allegation pertains to which Plaintiff. Further, Mr. Bryant failed to specify which claims are brought against each Plaintiff. Most of the factual allegations (specifically, ¶¶ 12–35) do not specify a Plaintiff, nor do any of the

---

[1] ¶¶ 1–35 of Def.'s countercls. are factual allegations, so their incorporation into each claim does not constitute a shotgun pleading. CM/ECF Doc. 48 at 17-23. Because Mr. Bryant's first count, libel, only incorporates ¶¶ 1-35, it is not a shotgun pleading.

allegations contained in the counts specify a Plaintiff.[2] As such, Mr. Bryant's counterclaims are impermissible shotgun pleadings under *Weiland*.

## II.    Counts I, II, III, and V Fail to State a Claim Upon Which Relief Can Be Granted

Fed. R. Civ. P. 12(b)(6) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

---

[2] CM/ECF Doc. 48 at 18-23.
[3] Rule statements drawn from this Court's order. CM/ECF Doc. 35 at 7.

conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### A. <u>Count I–Libel</u>

Libel is one of two types of defamation claims. *Blevins v. W.F. Barnes Corp.*, 768 So. 2d 386, 390 (Ala. Civ. App. 1999). One element of a defamation claim is "either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *McCaig v. Talladega Publ'g Co.*, 544 So. 2d 875, 877 (Ala. 1989) (citing Restatement (Second) of Torts § 558 (Am. L. Inst. 1977)). Additionally, "[i]n an action for libel … the plaintiff must prove, unless it shall be admitted by the defendant, the facts showing that the alleged defamatory matter was published or spoken *of the plaintiff*." Ala. Code 1975, § 6-5-182 (emphasis added).

¶¶ 14–29, 31–32, and 34–35 contain statements allegedly made by "one or more Plaintiffs," but do not contain allegations that such statements were about Mr. Bryant, as required by Ala. Code 1975, § 6-5-182.[4] Thus, even if the Court views such allegations as true, they do not meet the pleading requirements for a libel claim.

---

[4] CM/ECF Doc. 48 at 18-23.

Additionally, Mr. Bryant failed to plead any factual allegations to support a claim for damages resulting from the alleged statements. Mr. Bryant's allegation that he "suffered damage to his reputation, emotional distress, and economic harm as a direct and proximate result"[5] of the statements is not a factual allegation, but a mere conclusory statement that does not sufficiently plead the element of special harm caused by the publication of the statement. As such, Count I fails to state a claim upon which relief can be granted.

### B. <u>Count II–Abuse of Process</u>

"[A party] cannot be liable for an abuse of process claim unless [a party] somehow acted outside the boundaries of legitimate procedure *after* the charge had been filed." *C.C. & J. v. Hagood*, 711 So. 2d 947, 951-52 (Ala. 1998) (emphasis added). Mr. Bryant failed to provide any factual allegation to support that the process was misused after the complaint was filed. At best, Mr. Bryant suggests that Plaintiffs acted with bad intentions in *filing* this action. However, bad intentions in filing an action are not enough to establish an abuse of process claim under Alabama law. *See id.* at 951. "There is no liability where the defendant has done nothing other than carry out the process to its authorized conclusion, even though with bad intentions. . . . It is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes

---

[5] CM/ECF Doc. 48 at 24.

the tort." Because Mr. Bryant fails to plead any allegations asserting that the Plaintiffs' acted outside legitimate bounds after filing the complaint, Count II for an abuse of process is due to be dismissed.

### C. **Count III–Intentional Infliction of Emotional Distress (Tort of Outrage)**

"To recover under the tort of outrage, [a plaintiff] must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990). The Supreme Court of Alabama has defined extreme conduct as that which is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Am. Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). The heavy burden that rests in proving the tort of outrage has led to it being "an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000).

In *Holloway v. Oxygen Media, LLC*, 361 F. Supp. 3d 1213, 1224 (N.D. Ala. 2019), the court highlighted the limitedness of the tort of outrage under Alabama law by providing the following examples of when the "substantially heavy burden" of showing "extreme and outrageous conduct" was not met:

… a law enforcement officer coerced a prisoner into waiving her rights, lied that her attorney abandoned her, and threatened her with 'sizzling' and 'frying' in the electric chair, *Tinker v. Beasley*, 429 F.3d 1324, 1330–31 (11th Cir. 2005); a city council member said if "things had gotten ugly" during a fight at a city hall, 'we'd be having [plaintiff's] funeral,' *Little v. Robinson*, 72 So. 3d 1168, 1173 (Ala. 2011); a defendant abused, insulted, and threatened a plaintiff with wrongful foreclosure to collect a debt, *Green Tree*, 565 So. 2d at 45; and a defendant threatened, abused, humiliated, and terminated an employee without cause, and thereby caused the employee's weight loss and insomnia, *Am. Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 367 (Ala. 1980).

Like the scenarios above, Plaintiffs' alleged conduct, even when taken as true, does not amount to extreme and outrageous conduct that is necessary for a tort of outrage claim. Moreover, the alleged conduct of stating a wish for pain to be inflicted upon Mr. Bryant is similar to the threats imposed in *Tinker* and *Little. See* 429 F. 3d at 1330-31; 72 So. 3d at 1173. The alleged conduct of attempts to destroy relationships and isolate Mr. Bryant from his community is akin to the alleged humiliation the plaintiff in *Am. Rd. Serv. Co.* allegedly endured. 394 So. 2d at 367.

Further supporting the notion that Mr. Bryant's tort of outrage ought to be dismissed is that Mr. Bryant plead no factual allegations to support a claim for damages resulting from the alleged statements. Mr. Bryant's allegation that he "suffer[ed] severe emotional distress including anxiety, damage to personal

relationship, and fear for his reputation"[6] is merely a conclusory statement that does not sufficiently plead the element of "emotional distress so severe that no reasonable person could be expected to endure it." As such, Count III fails to state a claim upon which relief can be granted.

### D. Count V–Civil Conspiracy

"The elements of civil conspiracy in Alabama are: (1) concerted action by two or more persons to (2) achieve an unlawful purpose or a lawful purpose by unlawful means." *J&M Assocs., Inc. v. Romero*, 488 F. Appx 373, 375 (11th Cir. 2012). The first element requires "a meeting of the minds on the object or course of action, and some mutual mental action coupled with an intent to commit the act which results in injury; . . . there must be a preconceived plan and unity of design or purpose." *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 328 (Ala. Civ. App. 1996) (quoting *Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.*, 435 S.W.2d 854, 857 (Tex.1968)). The second element requires the "existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993) (citing *Allied Supply Co. v. Brown,* 585 So. 2d 33 (Ala.1991); *Webb v. Renfrow,* 453 So. 2d 724 (Ala. 1984)).

---

[6] CM/ECF Doc. 48 at 26.

Mr. Bryant did not sufficiently allege either element. His counterclaims contain no factual allegation that two or more of the Plaintiffs made a plan to take unlawful action to harm Mr. Bryant or even that they discussed the idea amongst themselves. The allegation that Plaintiff "had a meeting of the minds of the object and course of action" is a conclusory recitation of the elements disguised as a factual allegation.[7] Further, Mr. Bryant failed to allege an underlying wrong. Defendant's counterclaims allege that the conspiracy between Plaintiffs "is evidenced by Plaintiffs' "coordinated legal action" against Mr. Bryant, multiple Plaintiffs "participating in a shared course of conduct to harm [Mr. Bryant] through various social media platforms and communications with third parties," and Plaintiff's "use of multiple accounts and platforms to amplify their messages and cause harm to [Mr. Bryant]."[8] However, taking legal action against Mr. Bryant is not an underlying wrong which provides a cause of action. Similarly, the statements allegedly made by "one or more Plaintiffs" do not, as alleged, amount to a libel claim that could serve as the underlying wrong for a civil conspiracy claim.

In addition to failing to plead the elements of civil conspiracy, Mr. Bryant failed to sufficiently allege that Plaintiffs' acts resulted in injury to him. The Alabama

[7] CM/ECF Doc. 48 at 27.
[8] CM/ECF Doc. 48 at 27.

Supreme Court has established that "[t]he gist of an action for a conspiracy is the damage, and not the conspiracy. *Humphrey v. Terry*, 206 Ala. 249, 250 (Ala. 1921) (citing *L. & N. R. R. Co. v. Nat'l Park Bank*, 188 Ala. 109, 118 (Ala. 1914). Mr. Bryant's allegation that he "has suffered damages . . . [a]s a direct and proximate result of the conspiracy and actions taken in furtherance thereof" is not a factual allegation, but a mere conclusory statement that does not sufficiently plead the requirement of damages. As such, Count V fails to state a claim upon which relief can be granted.

### III.    Count VI Fails as a Matter of Law Because Spoliation Is Not an Actionable Tort in Alabama

Mr. Bryant brought a claim of spoliation against Plaintiffs. However, the Supreme Court of Alabama has held that "where the alleged spoliator [i]s a party to the action, . . . no separate cause of action [is] recognized." *Christian v. Kenneth Chandler Const. Co.*, 658 So. 2d 408, 413 (Ala. 1995) (citing *May v. Moore,* 424 So. 2d 596, 603 (Ala.1982); *Campbell v. Williams,* 638 So. 2d 804 (Ala.1994)); *See also Smith v. Atkinson*, 771 So. 2d 429, 432 (Ala. 2000) ("This Court has refused to recognize [a cause of action for an independent tort of evidence spoliation] when the spoliator was a defendant in an action—that included a tort when the spoliator was a defendant in an action—that included a tort claim other than the alleged spoliation filed by a plaintiff whose evidence was lost or

destroyed.") Because the alleged spoliators, Plaintiffs, are parties to this action, Mr. Bryant cannot assert a cause of action for spoliation against them.

Respectfully submitted,

/s/ Laina M. Henry
Law Student Intern

/s/ Laura Allice Hillhouse
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone:  205.348.4960
Facsimile:  205.348.6851
Email:  laina.henry@law.ua.edu
        lauraalice.hillhouse@law.ua.edu
        ylinetsky@law.ua.edu
        rchambless@law.ua.edu

Law Student Intern and Attorneys for
Plaintiffs Z.P., A.W., G.C., & M.L.

## **CERTIFICATE OF SERVICE**

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky