IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 7:24-CV-00151-ACA |
| ERROL GREGORY BRYANT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**

Plaintiffs Z.P., A.W., M.L., and G.C. reiterate their position that Defendant's counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and stand by the arguments as stated in their brief (CM/ECF Doc. 52). The following brief seeks to only address certain arguments raised in Defendant's Reply in Opposition to Plaintiffs' Motion to Dismiss ("Defendant's Reply") (CM/ECF Doc. 48).

**LAW AND ARGUMENT**

"The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). "In adjudicating a motion to dismiss, the district court may not resolve factual disputes." *Page v. Postmaster Gen. and Chief Exec. Officer of*

*U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012). "The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks*, 116 F.3d at 1368-69 (citing 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* [*1369] § 1356 at 590-92 (1969) (Wright & Miller)).

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). When there is a reference to documents outside of the complaint, such documents should only be considered by the court for Rule 12(b)(6) dismissal purposes when 1) they are "central to the plaintiff's claim" and 2) "the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion for summary for summary judgment." *Brooks*, 116 F.3d at 1369 (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).

Defendant's Reply contains multiple references to alleged facts and documents outside of the complaint which are not central to Defendant's claims, including references to documents within Defendant's initial disclosure production, search warrants, and a police incident report. CM/ECF Doc. 54 at 5, 11, 14, 15, 19. None of these documents are attached to Defendant's counterclaims. Absent attachment

2

and centrality to the Defendant's claim, these documents and references thereto should be excluded from the Court's 12(b)(6) analysis.

## I.  Defendant's Counterclaims are Impermissible Shotgun Pleadings

As articulated in Plaintiff's Motion to Dismiss, Defendant's counterclaims are impermissible shotgun pleadings and should be dismissed. In his Response, Defendant contends that his counterclaims meet the notice pleading standard. CM/ECF Doc. 54 at 19. However, the standard for a notice pleading, while liberal, is not satisfied by shotgun pleadings because they inherently fail to provide adequate notice of the grounds for each claim. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (Shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Thus, Defendant's counterclaims must fail as shotgun pleadings.

## II.  Counts I, II, III, and V Fail to State a Claim Upon Which Relief Can Be Granted

Defendant's Reply asserts that Count I, II, III, and V are sufficiently pleaded to state claims for relief. CM/ECF Doc. 48 at 8. Yet, looking to the four corners of the complaint, each of these claims have deficiencies justifying dismissal.

3

### A. Count I–Libel

Plaintiffs bear no obligation to show their alleged communications were truthful at this stage of litigation. As previously mentioned, a motion to dismiss is not the proper stage to resolve factual disputes. *See Page v. Postmaster Gen. and Chief Exec. Officer of U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012).

### B. Count II–Abuse of Process

Defendant's counterclaims are devoid of any allegation that Plaintiffs used the criminal legal process to effectuate an abuse of process. The counterclaims also fail to mention the criminal investigation against Defendant or the related search warrants. Looking within the four corners of the complaint, these arguments fall outside the court's consideration in ruling on the Rule 12(b)(6) motion. For this same reason, consideration of the Tuscaloosa Police Department's investigation and the subsequent incident report (CM/ECF Doc. 48 at 14–15) is inappropriate.

Defendant's Reply contends that the counterclaims allege dissemination of false statement during the lawsuit. CM/ECF Doc. 48 at 15. However, the only comment the counterclaims allege to have been disseminated *after the filing* of the complaint is the comment stating an alleged intent of Plaintiffs to "delete my comments and lay low." CM/ECF Doc. 48 at 24. Even construing this comment in the light most favorable to Defendant, it fails to sufficiently state a claim for an

abuse of process as it lacks any indication of a wrongful use of process, a key element to the claim. *See Davis v. Self*, 547 F. App'x 927, 934-35 (11th Cir. 2013).

### C. Count III–Intentional Infliction of Emotional Distress (Tort of Outrage)

In Alabama, "[t]he tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). The tort of IIED does not recognize recovery for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Am. Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 364–65 (Ala. 1980) (citing Comment, Restatement (Second) of Torts) s 72 (1948)).

Defendant's Reply relies on three cases, *O'Rear*, *Harrelson*, and *Rice* to support its claim for IIED. CM/ECF Doc. 54 at 16–18. In *O'Rear*, the court found that the elements of IIED were met when Defendant/Doctor "embarked on a deliberate course of conduct to take advantage of a very young man's emotional weakness" by providing addictive opiate-based drugs to a minor patient in exchange for sex. *O'Rear v. B.H.*, 69 So. 3d 106, 119 (Ala. 2011), *abrogated by Ex parte Vanderwall*, 201 So. 3d 525 (Ala. 2015).

In *Harrelson*, Plaintiff established a claim for IIED when Defendant entered his stepdaughter's room at night and sexually assaulted her friend (Plaintiff), who was a minor at the time. *Harrelson v. R.J.*, 882 So. 2d 317, 320 (Ala. 2003).

Plaintiff testified that because of the assault, she was traumatized, had nightmares, became much more fearful, and began seeing mental health experts. *Id.* at 322.

Finally, the court in *Rice* held that it was conceivable that Plaintiff could prove her claim of IIED when, after Plaintiff became pregnant, Plaintiff's supervisor ridiculed her for months in front of her co-workers, withheld vital business information from her, and eventually wrongfully terminated her in attempt to coerce Plaintiff into voluntarily taking disability leave during her pregnancy. *Rice v. United Ins. Co. of Am.,* 465 So. 2d 1100, 1102 (Ala. 1984). Further, Plaintiff alleged that she suffered a miscarriage because of the emotional distress. *Id.*

Even assuming that Defendant's factual allegations are true, they do not come close to amounting to the kind of conduct found in the referenced cases. Defendant's claim is dissimilar *O'Rear* and *Harrelson* because unlike the plaintiffs in each of those cases, Defendant was not subjected to any form of sexual harassment or abuse. Nor is it similar to *Rice*, because there is no indication that Defendant was subjected to emotional abuse in his workplace. Further, Defendant's alleged emotional distress was not the result of an abuse of power, as was the case in all three of the referenced cases.

Additionally, Defendant relied on the fact that a claim for IIED has been recognized when it involved knowingly taking advantage of plaintiff's emotional

6

vulnerability and impaired plaintiff's ability to lead a normal life. CM/ECF Doc. 54 at 17–18. However, looking within the four corners of the complaint, Defendant fails to make any assertion that Plaintiffs were aware and took advantage of an emotional vulnerability of the Defendant, or even that he was in fact emotionally vulnerable. Defendant similarly failed to assert that he is unable to lead a normal life because of Plaintiff's alleged conduct.

### D. Count V–Civil Conspiracy

Defendant's Reply contains references to a "text message group to effectuate the conspiracy" as well as an image exchanged in initial disclosures, neither of which were included in Defendant's counterclaims. CM/ECF Doc. 54 at 19. Thus, they should be excluded from consideration by this Court. *See Bickley*, 461 F.3d at 1329 n.7; *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Looking only to the four corners of the complaint, Defendant's allegations amount to nothing more than a conclusory recitation of the elements of civil conspiracy. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a [party]'s obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

## CONCLUSION

Plaintiffs request this Court to dismiss Defendant's Counterclaims under Fed. R. Civ. P. 12(b)(6) because counterclaims I-VI are deficient as shotgun pleadings and because counterclaims I, II, III, and V fail to state a claim upon which relief can be granted.

                                             Respectfully submitted,

                                             /s/ Laina M. Henry
                                             Law Student Intern

                                             /s/ Laura Allice Hillhouse
                                             Law Student Intern

                                             /s/ Yuri R. Linetsky
                                             ASB-3088-B20W

                                             /s/ Ricky T. Chambless
                                             ASB-5879-S77R

                                             CIVIL LAW CLINIC
                                             THE UNIVERSITY OF ALABAMA
                                             SCHOOL OF LAW
                                             Box 870392
                                             Tuscaloosa, Alabama 35487-0392
                                             Telephone:  205.348.4960
                                             Facsimile:  205.348.6851
                                             Email:  laina.henry@law.ua.edu
                                                        lauraalice.hillhouse@law.ua.edu
                                                        ylinetsky@law.ua.edu
                                                        rchambless@law.ua.edu

                                             Law Student Intern and Attorneys for
                                             Plaintiffs Z.P., A.W., G.C., & M.L.

## CERTIFICATE OF SERVICE

    A copy of this document has been served on the date of filing, by operation of the CM/ECF system, to all attorneys for Defendant Errol Gregory Bryant.

                                        /s/ Yuri R. Linetsky