IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., et. al., | ) |
|       Plaintiffs, | ) |
| vs. | ) CASE NO. 7:24-CV-00151-ACA |
| ERROL GREGORY BRYANT, | ) |
|       Defendant. | ) |

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM**

Plaintiffs Z.P., A.W., M.L., and G.C. move to dismiss certain of Defendant's amended counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). The counterclaims should be dismissed as the Amended Counterclaim does not remedy the maladies identified by the Court in its Memorandum Opinion on Plaintiffs' prior motion to dismiss.[1]

**LAW AND ARGUMENT**

Plaintiffs Z.P., A.W., and M.L., filed a complaint against Defendant Errol Gregory Bryant to seek redress for the harmful, non-consensual sharing of intimate

---

[1] For sake of brevity, Plaintiffs will not repeat their arguments from their Morion to Dismiss (Doc. 52), but incorporate them herein by reference to the extent necessary to support their argument.

visual depictions of Plaintiffs. In response, Defendant filed the following counterclaims against Plaintiffs: 1) Libel, 2) Abuse of Process, 3) Intentional Infliction of Emotional Distress (Tort of Outrage), IV) Invasion of Privacy (False Light), V) Civil Conspiracy, and VI) Spoliation. (Doc. 48). Plaintiffs moved to dismiss the counterclaims. (Doc 52). On May 13, the Court denied Plaintiff's Motion as to Count I, granted the motion regarding counts II, III, and V (without prejudice), and dismissed count VI with prejudice. (Doc. 57). In response, Defendant filed an Amended Counterclaim. (Doc 61). Because counts II-V are still deficient, they should be dismissed under Fed. R. Civ. P. 12(b)(6).

I. **Defendant's Counterclaims are Still Impermissible Shotgun Pleadings**

While Defendant revised his "Factual Allegations" section to allege certain facts pertaining to each of the individual Plaintiffs (Amended Counterclaim, ¶¶1–50), Claims II-V rely heavily on the non-specific allegations section labeled, "Facts Specific to One or More Plaintiffs/Counter-Defendants," (Amended Counterclaim, ¶¶51–75).

Paragraph 51, broadly alleges, "… Plaintiffs/Counter-Defendants, or another individual or individuals acting in concert with one or more Plaintiffs/Counter-Defendants relentlessly and/or encouraged other Plaintiffs/Counter-Defendants and/or third parties to post and/or comment defamatory statements on various

2

social media platforms and to countless members of the community and the state of Alabama." The rest of the allegations in this section of Plaintiff's Amended Counterclaim mirror this vague and conclusory style, making it "impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); see also *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that dismissal of a complaint as a shotgun pleading "is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief") (quotation marks omitted).

In *Weiland* the Eleventh Circuit identified four hallmarks of shotgun pleadings. *See id.* at 1321–23. Two still apply to the Amended Counterclaim: the pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321. And the pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322.

## II. Counts II, III, and V Still Fail to State a Claim Upon Which Relief Can Be Granted and Count IV is Still part of a Shotgun Pleading

### A. Count II–Abuse of Process

As previously argued, "[a party] cannot be liable for an abuse of process claim unless [a party] somehow acted outside the boundaries of legitimate procedure *after* the charge had been filed." *C.C. & J. v. Hagood*, 711 So. 2d 947, 951-52 (Ala. 1998) (emphasis added). Defendant's Amended Counterclaim still fails to provide any factual allegation to support that the process was misused after the complaint was filed. Count II focuses on alleged interactions with the Tuscaloosa Police Department. These interactions occurred before the filing of this lawsuit and none after the District Attorney declined prosecution. And there are no allegations that the Plaintiffs took any actions to seek criminal prosecution after the District Attorney's decision.

### B. Count III–Intentional Infliction of Emotional Distress (Tort of Outrage)

Defendant's Amended Counterclaim III still fails to allege "specific facts indicating that he suffered mental distress 'so severe that no reasonable person could expect to endure it.'" Doc. 57, p. 9. Paragraphs 72-75, list a laundry-list of conclusory allegations of "immense emotional distress." Defendant neither alleges any specific factual account where he suffered any of the conclusory alleged symptoms, nor that he sought professional help regarding these alleged ailments or

4

that they are more than the normal stresses of life associated with being a defendant in this lawsuit and being investigated by law enforcement. The amended allegations still do no more than claim a conclusory list of symptoms relating to mental/emotional disorders, including "severe emotional distress including anxiety, damage to personal relationships, and fear for his reputation." (Doc 57, p. 9.).

### C. Count IV–Civil Invasion of Privacy False Light

While the Court's Memorandum Opinion does not address Count IV specifically, it was part of the impermissible shotgun pleading. As discussed in Section I, the Amended Counterclaim still suffers the maladies of vagueness that make Count IV it a shotgun pleading. It still fails to allege which defendant made which post about the Defendant.

### D. Count V–Civil Conspiracy

In its Memorandum Opinion (Doc. 57), the Court dismissed, without prejudice, Count V as it is predicated on Count II (abuse of process). Because, as argued above, Count II is still due to be dismissed, Count V, as predicated on Count II, must be dismissed.

Respectfully submitted,

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu
         rchambless@law.ua.edu

Attorneys for Plaintiffs Z.P., A.W., G.C., & M.L.

## CERTIFICATE OF SERVICE

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky