# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Z.P., A.W., G.C., M.L.,** ) | |
| ) | |
| **Plaintiffs/Counter-Defendants,**) | |
| ) | |
| **vs.** ) | **Case No.:  7:24-CV-00151-ACA** |
| ) | |
| **ERROL GREGORY BRYANT,** ) | |
| ) | |
| **Defendant/Counter-Plaintiff.** ) | |
| ) | |

---

## DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE IN OPPOSITION TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM

---

**COMES NOW**, Defendant/Counter-Plaintiff, **Errol Gregory Bryant**, by and through the undersigned counsel of record, and submits this Response in Opposition to Plaintiffs/Counter-Defendants' Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim, stating as follows:

## I.    INTRODUCTION

Plaintiffs/Counter-Defendants' Motion to Dismiss Defendant/Counter-Plaintiff's counterclaim under Fed. R. Civ. P. 12(b)(6) is without merit and should be denied. Defendant/Counter-Plaintiff's counterclaims are sufficiently pleaded to meet the notice-pleading standard required by the Federal Rules of Civil Procedure. Defendant/Counter-Plaintiff's claims are not legally insufficient as

Plaintiffs/Counter-Defendants contend and the allegations, when taken as true, sufficiently state claims upon which relief can be granted.

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A counterclaim is "plausible on its face," when it contains enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.    PLAINTIFFS/COUNTER-DEFENDANTS' ARGUMENT THAT THE AMENDED COUNTERCLAIM IS A SHOTGUN PLEADING FAILS BECAUSE DEFENDANT/COUNTER-PLAINTIFF ALLEGES FACTS THAT PLAUSIBLY SUPPORT HIS CLAIMS

Plaintiffs/Counter-Defendants' contention is that Defendant/Counter-Plaintiff's Amended counterclaim is a shotgun pleading.[1] This contention is without merit.

Plaintiffs/Counter-Defendants erroneously argue that Defendant/Counter-Plaintiff's Amended Counterclaim should be dismissed as a "shotgun pleading." However, the key feature of shotgun pleadings is that they fail to give Defendants "adequate notice" of the claims being brought against them and the supporting factual allegations for each claim. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313 (11th Cir. 2015). That is not the case here.

Contrary to Plaintiffs/Counter-Defendants' broad assertion that the counterclaim fails to distinguish which Plaintiff/Counter-Defendant is responsible for each act, Defendant/Counter-Plaintiff's factual allegations are tied to each count. As in *Weiland,* "this is not a situation where a failure to more precisely parcel out

---

[1] Although Plaintiffs/Counter-Defendants' Motion to Dismiss [Doc. 63] does not specifically reference Count I of Defendant/Counter-Defendant's Amended Complaint [Doc.61] for libel—for brevity and to the extent a response is necessary to support his argument, or any argument made herein, Defendant/Counter-Plaintiff realleges his arguments from Doc. 54 as fully incorporated to the instant response.

and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.*

The dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts that will support a claim for relief because the purpose of the Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure. *McKelvin v. Smith*, 85 So.3d 386 (Ala. Civ. App. 2010).

Plaintiffs/Counter-Defendants argue dismissal is appropriate because it is "impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) (internal quotation marks and citation omitted). Specifically, Plaintiffs/Counter-Defendants note that it is impossible to comprehend which causes of action pled by Defendant/Counter-Plaintiff are supported by the allegations in paragraph 51, which includes publicly communicating *defamatory statements* in *concert with* one or more Plaintiffs/Counter-Defendants. *See,* Doc. 63 at § I; Doc. 61 at ¶ 51. This argument is meritless.

Plaintiffs/Counter-Defendants broadly claim the remainder of the allegations in that same section are vague, conclusory, and "not obviously connected to any particular cause of action." *See,* Doc. 63 at p. 3. These claims are misplaced. To the contrary, as in ¶ 51 of the Amended Complaint, each paragraph specifies conduct

and actions which can obviously be aligned with one or more causes of action. A Plaintiff is not required to provide "detailed factual allegations" to satisfy the Rule 8(a)(2) standard, *Twombly*, 550 U.S. at 555, as long as he "pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Defendant/Counter-Plaintiff has done so here.

Plaintiffs/Counter-Defendants specifically contend that Count IV is also a shotgun pleading in that it is vague and fails to allege which Plaintiff/Counter-Defendant made which post. *See,* Doc. 63 at IIC. This argument also fails. Defendant/Counter-Plaintiff laid out, in detail, that each Plaintiff/Counter-Defendant, acting together, maliciously and knowingly made false and defamatory statements about Defendant/Counter-Plaintiff publicly, with a reckless disregard for the truth, and with an intent to cause emotional distress.

A Defendant may be held liable for publishing information that places the Plaintiff in a false light if (1) the false light would be "highly offensive" to a reasonable person, and (2) the Defendant had "knowledge of or acted in reckless disregard" as to the falsity of the publicized matter. *Regions Bank v. Plott*, 897 So. 2d 239 (Ala. 2004). Alabama courts have described the tort of invasion of privacy as the right of a person "to be free from unwarranted publicity." *J.C. v. WALA-TV-, Inc.*, 675 So. 2d 360, 362 (*quoting Smith*, 37 So. 2d at 120)). This privacy right may

also be described as the right "to be free from the publication of false or misleading information about one's affairs." *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 490 (1975).

The Supreme Court of Alabama stated in *Phillips v. Smalley Maintenance Services, Inc.,* "[o]ne's emotional sanctum is certainly due the same expectations of privacy as one's physical environment." 435 So. 705, 711 (1983). Alabama has adopted the Restatement (Second) of Torts, § 652B, the Comments to which demonstrate that the invasion of privacy may be a physical intrusion but may also "be by some other form of investigation or examination into his private concerns…." Restatement (Second) of Torts, § 652B cmt. b*; Phillips*, 435 So. 2d at 710-11 (*quoting* cmt. b). Defendant/Counter-Plaintiff has alleged that Plaintiffs/Counter-Defendants have invaded his privacy through their dissemination of false information about Defendant/Counter-Plaintiff with his photograph included, and the relentless harassment of his friends and family members. Thus, Defendant/Counter-Plaintiff's Amended Counterclaim satisfies the requirements for a cause of action.

In *White v. Vivier Pharma Corp*, 2012 WL 1424916 (N.D. Ala. Apr. 19, 2012) even when the Plaintiff, the non-movant, did not cite cases supporting a finding of invasion of privacy under similar facts, the Court refused to dismiss the case, noting that it was the Defendant's burden to show that the facts asserted by the Plaintiff "do

not plausibly support an invasion of privacy claim under Alabama law." *Id.* Merely stating the same in a motion to dismiss, as Plaintiffs/Counter-Defendants have here, does not satisfy this burden.

Plaintiffs/Counter-Defendants also claim that Defendant/Counter-Plaintiffs Amended Counterclaim "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (citations omitted). *See,* Doc. 63 at p. 3. Defendant/Counter-Plaintiff has, in fact, provided enough information for each Plaintiff/Counter-Defendant to allow this court to draw the reasonable inference that each Plaintiff/Counter-Defendant is liable for each count alleged.

Plaintiffs/Counter-Defendants appear to have ignored the difference between what is required to state a claim and what is required to prevail on the merits. When determining whether, when allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief, as would preclude dismissal for failure to state a claim, the Court does not consider whether the Plaintiff will ultimately prevail, but only whether he may possibly prevail, *Flickinger v. King,* 385 So.3d 504 (Ala. 2023), and whether the Plaintiff is entitled to offer evidence to support the claims. *Scheuer*

*v. Rhodes*, 416 U. S. 232 (1974). "Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.*

Defendant/Counter-Plaintiff contends that the allegations pled in the Amended Counterclaim, when accepted as true and construed in the light most favorable to Defendant/Counter-Plaintiff, are connected to his claims for relief. See *Butler v. Sheriff of Palm Beach Cnty.,* 685 F.3d 1261, 1265 (11th Cir. 2012*); see also* Fed. R. Civ. P. 8(e) "Pleadings must be construed so as to do justice" and "call[] for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the allegations. *Twombly*, 550 U.S. at 555-56.

When viewed in the light most favorable to Defendant/Counter-Plaintiff, especially at the pleadings stage, the facts pled by Defendant/Counter-Plaintiff could absolutely lead a fact finder to conclude that Plaintiffs/Counter-Defendants participated in and are liable for the injurious conduct alleged in the counterclaim.

In sum, Plaintiffs/Counter-Defendants offer no legal support for their argument that dismissal of Defendant/Counter-Plaintiff's sufficiently pleaded counterclaim is mandated. Thus, Plaintiffs/Counter-Defendants' Motion to Dismiss is due to be denied.

## IV.    PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS IS UNFOUNDED BECAUSE DEFENDANT/COUNTER-PLAINTIFF HAS STATED CLAIMS FOR RELIEF

Plaintiffs/Counter-Defendants argue that Counts II, III, and V fail to state a claim upon which relief can be granted. These arguments fail.

### a.  Count II–Abuse of Process

The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice.  *Seibert v. Stricklen*, 406 So. 3d 824 (Ala. 2024), *reh'g denied* (June 14, 2024)(citations omitted). The Alabama Supreme Court defined abuse of process in *Dickerson v. Schwabacher,* 177 Ala. 371, 375–76, 58 So. 986, 988 (1912):

> .... if process, either civil or criminal, is willfully made use of for a purpose not justified by law, this is abuse for which an [abuse of process] action will lie.'"(quoting *Brown v. Master,* 104 Ala. 451, 462–63, 16 So. 443, 446–47 (1894)).

*Id.*  After *Dickerson,* the Alabama Supreme Court stated, in *Clikos v. Long,* 231 Ala. 424, 428, 165 So. 394, 397 (1936), that an abuse of process action consisted of two elements: "'First the existence of an ulterior purpose, and, second, an act in the use of process not proper in the regular prosecution of the proceedings.'" (Quoting T. Cooley, *Cooley on Torts* § 131, at 437 (4th ed. 1932)).

Plaintiffs/Counter-Defendants believe the Amended Counterclaim still fails to provide any factual allegation to support that the process was misused after the instant complaint was filed. However, the Court in *Drill Parts & Serv. Co.*, 619 So.

9

2d 1280 (Ala. 1993) held that "Because the element of malice requires the Plaintiff to show willful conduct on the defendant's part, to establish malice  in this case, the Plaintiffs must show that the Defendants <u>willfully caused a criminal search warrant to issue for the wrongful purpose of obtaining discovery for a civil action against the Plaintiffs.</u>" *Id.* (emphasis added). Similarly, in the instant case, Plaintiffs/Counter-Defendants initiated the judicial process when they knowingly and willfully provided false information to Tuscaloosa Police Department (TPD) in order to cause an investigation and the issuance of search warrants for the wrongful purpose of obtaining discovery in the instant case.  Indeed, Plaintiffs/Counter-Defendants have subpoenaed TPD for the responses to their warrants and obtained these responses. Doc. 61 at ¶ 64.  Thereafter, the Plaintiffs/Counter-Defendants used these warrants to continue to conspire to defame Defendant/Counter-Plaintiff, invade his privacy, harass him, his friends, and family members, with the intent to cause severe emotional distress. These allegations were included in the Amended Complaint.

The assertion that Plaintiffs/Counter-Defendants' did not seek prosecution is not only inaccurate but also irrelevant. The "process" was not the District Attorney's decision not to prosecute because the videos were not identifiable,[2] but was the issuance of warrants—the abuse of which was the wrongful purpose of obtaining evidence for the instant litigation. Moreover, after the warrants were issued in June

---

[2] See also 15 USC § 6851(a)(3) and (5).

2023, Plaintiffs/Counter-Defendants continued to conspire to, and did, defame Defendant/Counter-Plaintiff publicly in an effort to ruin his reputation, invade his privacy, and cause severe emotional distress. These elements were sufficiently pleaded.

"'To be remedial, the abuse of process must have been *willful* and for an unlawful purpose.'" *Clikos,* 231 Ala. at 428, 165 So. at 398 (emphasis added) (quoting 50 C.J. *Process* § 378, at 616 (1930)); *see* 72 C.J.S. *Process* § 109 (1987).

Also included in the Amended Counterclaim were allegations of defamation and spoliation that occurred after the suit was filed. The "process" in this circumstance is the instant lawsuit. The abuse of process is the use of the litigation to conspire to defame Defendant/Counter-Plaintiff, invade his privacy and publicly place him in a false light, as well as to subsequently destroy evidence, bolstering Plaintiffs/Counter-Defendants' false claims and thwarting Defendant/Counter-Plaintiff's defense.

Defendant/Counter-Plaintiff argues that Plaintiffs/Counter-Defendants maliciously caused the investigations to commence and search warrants to issue for an ulterior and unlawful purpose—namely, to harass and harm Defendant/Counter-Plaintiff and invade his privacy, rather than seek legitimate redress in filing this litigation and to spoliate evidence while obtaining evidence from TPD for the instant

litigation in order to inflate their chances of monetary gain and further their defamation conspiracy.

Defendant/Counter-Plaintiff further alleges that Plaintiffs/Counter-Defendants engaged in improper acts *since* filing this lawsuit, including disseminating false statements publicly about him using the lawsuit, and disseminating false statements publicly about the lawsuit, to third parties to damage his reputation. Additionally, Plaintiffs/Counter-Defendants' have deleted evidence *after* the filing of this lawsuit to further their false allegations and hinder Defendants/Counter-Plaintiff's opportunity to use the same in his defense. These allegations plausibly demonstrate an abuse of process. Thus, Plaintiffs/Counter-Defendants' Motion to Dismiss is without merit and due to be denied.

### b. Count III – Outrage/Intentional Infliction of Emotional Distress

The tort of outrage (IIED) is reserved for extreme and outrageous conduct that exceeds all bounds of decency. Under Alabama law, to prevail on such a claim, Plaintiff must establish intentional or reckless conduct that was "extreme and outrageous" and "caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilson v. Univ. of Ala. Health Servs. Found., P.C., 266 So. 3d 674, 676 (Ala. 2017).* "The conduct complained of must be so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious

and utterly intolerable in a civilized society." *Id.* at 676–77 (quotation marks omitted*)*.

In order for outrageous conduct to be submitted to a jury, there must only be "sufficient evidence from which permissible inferences could be drawn to support a finding of the extreme conduct necessary to constitute outrageous conduct." *Whitt v. Hulsey,* 519 So. 2d 901, 903-904 (Ala. 1987) (*quoting Empiregas, Inc. of Gadsden v. Geary*, 431 So.2d 1258, 1261 (Ala. 1983)). Defendant/Counter-Plaintiff has pleaded and presented sufficient evidence in the Amended Complaint and Plaintiffs/Counter-Defendants have not offered any evidence that he will not be able to prove his case. Further, Defendant/Counter-Plaintiff presents evidence that, as a result of their conduct, he did suffer emotional distress so severe that no reasonable person would be expected to endure it.

Plaintiffs/Counter-Defendants argue that their actions do not meet this standard, but Defendant/Counter-Plaintiff has alleged conduct that goes beyond mere insults or offensive statements. It is set out in great detail in the Amended Complaint that Plaintiffs/Counter-Defendants orchestrated a targeted harassment campaign against Defendant/Counter-Plaintiff, maliciously and knowingly made false and defamatory statements, in order to cause severe emotional anguish, over a forum of six million people across the United States and Canada that labeled him a felon, a sexual abuser, and a rapist. Plaintiffs/Counter-Defendants harassed his

13

friends and family members, initiated a criminal investigation with false accusations, filed a public lawsuit with false sexual allegations, and admittedly intended to cause, and did cause, severe emotional distress. They also deleted evidence which would aid in his exoneration. Such conduct, when viewed in the light most favorable to Defendant/Counter-Plaintiff, supports a claim for intentional infliction of emotional distress.

"The existence *vel non* of actual malice is a question of fact which cannot be resolved on a motion to dismiss for failure to state a claim upon which relief may be granted." *In re BFW Liquidation, LLC,* 471 B.R. 652, 663 (N.D. Ala. 2012); *see also Flowers v. Carville*, 310 F.3d 1118, 1130-31 (9th Cir. 2002) (reversing district court's dismissal of defamation and false light claims); *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 589 (5th Cir. 1967) (reversing district court's dismissal of complaint for libel; allegations of actual malice sufficient to survive dismissal). Averring the required state of mind generally, even without alleging corroborating evidence does not defeat the complaint. *Flowers v. Carville*, 310 F.3d 1118, 1130-31 (9th Cir. 2002). Federal Rule of Civil Procedure 9(b) only requires that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Flowers v. Carville,* 310 F.3d 1118, 1130-31 (9th Cir. 2002)(citations omitted). Courts recognize that because actual malice is a subjective standard, it is usually proven by evidence outside of the publication itself and cannot be disposed

of by a motion to dismiss prior to discovery. *See, e.g., BFW Liquidation*, 471 B.R. at 663 and *Flowers,* 310 F. 3d at 1130. The Alabama Supreme Court has held that the intent of the Defendant cannot be decided without a full discovery record. *See* 519 So. 2d at 904 (upholding verdict in outrage case by looking at intent of Defendant).

In *Whitt*, the Defendant stated that his conduct in reclaiming the land designated as a cemetery was an accident, but other evidence pointed to his knowledge that it was a cemetery. *Id.* at 904. After looking at the testimony presented at trial, the court found that the evidence "at the very least supports an inference that Whitt acted recklessly in clearing the land around the cemetery where relatives of the Plaintiffs were buried." *Id.* at 906. Similarly, here, Plaintiffs/Counter-Defendants' intent must be examined in conjunction with their words in determining whether the conduct was outrageous.

Citing no authority, Plaintiffs/Counter-Defendants contend Defendant/Counter-Plaintiff is required to provide "specific factual account[s]" of suffering, that he sought professional help, or that he suffered no more than "the normal stresses of life associated with being a defendant in this lawsuit and being investigated by law enforcement." Plaintiffs/Counter-Defendants are mistaken. A Plaintiff is not required to provide "detailed factual allegations" to satisfy the Rule 8(a)(2) standard, *Twombly*, 550 U.S. at 555, as long as he "pleads factual content

that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Not only did Defendant/Counter-Plaintiff include specific facts to satisfy a claim for outrage, but also Defendant/Counter-Plaintiff is not required to seek professional help as an element of his claim, nor does he find such severe suffering due to being investigated and sued for highly offensive and false allegations "normal stresses of life," especially when his defense efforts are met with Plaintiffs/Counter-Defendants' spoliation. One cannot be expected to endure the emotional distress caused by the hopelessness of being publicly accused of false criminal behavior with the looming likelihood of a judgment due to the intentional destruction of that which would aid in the defense of same. As Defendant/Counter-Plaintiff, Plaintiffs/Counter-Defendants themselves do not even want to be associated with the highly offensive and false communications they anonymously authored due to the outrageous nature of the communications.

Applying Alabama law, the Eleventh Circuit Court of Appeals has stated:

The Alabama Supreme Court has not yet addressed the question of whether a tort of outrage would lie given such facts as these, but has generally acknowledged only three types of cases that constitute successful outrage claims: (1) cases involving "wrongful conduct in the context of family burials"; (2) cases in which "insurance agents employ [ ] heavy-handed, barbaric means ... to coerce ... insured[s] into settling ... insurance claim [s]," and (3) cases "involving particularly egregious sexual harassment."

*Holloway v. Am. Media, Inc.*, 947 F. Supp. 2d 1252 (N.D. Ala. 2013) (citations omitted).   In *Holloway*, Plaintiff's outrage claim arose from false, graphic descriptions of her daughter's corpse which were "published with the intent to cause, or with reckless disregard of a substantial probability of causing, Plaintiff to suffer severe emotional distress." *Id.*

The *Holloway* Court was "unwilling to find that published words alone can never be the basis for an outrage claim." Although there was no family burial or mistreatment of a corpse, the Court found that the allegations were "sufficiently similar" to causes of action previously considered outrageous by Alabama courts— i.e. family burials. *Id.*   In denying Defendants' motion to dismiss Plaintiff's claim for IIED, the Court explained, "Because 'family burials' is one of the limited types of cases in which this tort has been applied, this court is unwilling to state as a matter of law that *falsely reporting gruesome details* of a daughter's death, coupled with the intent to cause emotional distress, could never support a claim for outrage." *Id.* (emphasis added).

The seminal case in Alabama, *American Road Service Co. v. Inmon,* 394 So.2d 361, 364 (Ala.1980*),* at least implies that mere words can be the basis for an outrage claim. In explaining the underlying rationale for recognizing the tort of intentional infliction of emotional distress, the *Inmon* court quoted from a law review article, as follows:

17

> No social utility is advanced by permitting unrestrained name-calling and use of insulting language. Just as clearly, there is a mental injury to the victim of the abusive words. In the United States today intensifying emphasis is being placed upon the individual, the integrity of his personality and its legal preservation and protection.... The law cannot undertake to guarantee peace of mind or complete mental equanimity, but it can and should be ready to grant damages for emotional distress intentionally caused by unjustifiable name-calling.

*Holloway,* 947 F. Supp. 2d 1252 (citations omitted). "Although this is far from a ringing statement of liability principals, it does suggest that there is nothing in *Inmon* categorically excluding liability for an intentional infliction of emotional distress by the use of knowingly false and abusive words." *Id.*

Likewise, Defendant/Counter-Plaintiff asserts, as in *Holloway,* that the sexual nature of the defamation and harassment allegations included in the Amended Counterclaim are "sufficiently similar" to causes of action "involving particularly egregious sexual harassment" and previously considered outrageous by Alabama courts. The Court should have little difficulty finding that the allegations in the Amended Counterclaim would, if proved true, satisfy the requirements of Alabama law. Therefore, Plaintiffs/Counter-Defendants' Motion to dismiss is baseless and should be denied.

### c. Count V – Civil Conspiracy

In order to constitute a conspiracy, "Plaintiff must allege and prove that the claimed conspirators had actual knowledge of, and the intent to bring about, the object of the claimed conspiracy." *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996) Plaintiffs/Counter-Defendants' argument that Defendant/Counter-Plaintiff failed to allege a meeting of the minds, or an underlying wrongful act is misplaced. Citing no authority, Plaintiffs/Counter-Defendants contend statements "by one or more Plaintiffs" cannot amount to libel, one of the underlying wrongful acts here. These arguments are without merit.

Defendant/Counter-Plaintiff has specifically alleged that Plaintiffs/Counter-Defendants conspired to defame and harm him through a coordinated campaign, using social media and other means to spread false information and invade his privacy, while destroying relevant evidence.

Defendant/Counter-Plaintiff is entitled to the opportunity to fully engage in discovery to obtain this information prior to dismissal. *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("the party opposing a motion for dismissal should be permitted an adequate opportunity to complete discovery prior to consideration of the motion"); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing dismissal should be given the opportunity to discover information relevant to the dismissal motion."); *Snook v. Trust Co. of Georgia Bank*

*of Savannah, N.A.,* 859 F.2d 865, 870 (11th Cir. 1988) ("[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for dismissal, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials").

Moreover, a counterclaim "should not be dismissed for failure to state claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dempsey v. Denman*, 442 So. 2d 63, 65 (Ala. 1983). Defendant/Counter-Plaintiff has satisfied this standard.

In the instant case, when viewed in the light most favorable to Defendant/Counter-Plaintiff, especially at the pleadings stage, the facts pleaded by Defendant/Counter-Plaintiff could lead a factfinder to conclude that Plaintiffs/Counter-Defendants participated in and are liable for a civil conspiracy. Thus, Defendant/Counter-Plaintiff has met the notice pleading requirements, and the Motion to Dismiss is due to be denied.

## V.    CONCLUSION

The allegations in the Amended Counterclaim provide "more than a sheer possibility that a [party] has acted unlawfully" and therefore satisfies the plausibility standard required under the Federal Rules. *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022). Plaintiffs/Counter-Defendant have failed to establish that dismissal is warranted. Therefore, Plaintiffs/Counter-Defendants' Motion to Dismiss

is due to be denied. Defendant/Counter-Plaintiff has adequately pled each of his counterclaims and should be allowed to proceed with discovery to further substantiate his claims.

    **WHEREFORE, PREMISES CONSIDERED**, and for good cause shown, Defendant/Counter-Plaintiff respectfully requests that this Honorable Court enter an Order denying Plaintiffs/Counter-Defendants' Motion to Dismiss.

    Dated: July 8, 2025.

                          Respectfully submitted,

                          */s/J. Thomas Burgess*_____
                          J. Thomas Burgess (ASB#: 0554-S78J)
                          Scott A. Holmes (ASB#: 8908-S78H)
                          Erin M. Agricola (ASB#: 4496-I30A)
                          *Attorneys for Defendant/Counter-Plaintiff,*
                          *Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

                          */s/Jason L. Wollitz*_____
                          Jason L. Wollitz
                          1823 Third Avenue North
                          Bessemer, Alabama 35020
                          (205) 541-6033
                          *Attorney for Defendant/Counter-Plaintiff,*
                          *Errol Gregory Bryant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on July 8, 2025:

Yuri R. Linetsky (ASB#: 3088-B20W)
Ricky T. Chambless (ASB#: 5879-S77R)
Laina M. Henry, Law Student Intern
Laura Alice Hillhouse, Law Student Intern
The University of Alabama School of Law
Civil Law Clinic
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu
        rchambless@law.ua.edu
        laina.henry@law.ua.edu
        lauraalice.hillhouse@law.ua.edu
*Attorney and Law Student Interns for Plaintiffs/Counter-Defendants*

                                    */s/J. Thomas Burgess, Jr.*
                                    OF COUNSEL