IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Z.P., A.W., G.C., M.L.,                )
                                       )
    Plaintiffs/Counter-Defendants,)
                                       )
vs.                                    )      Case No.: 7:24-CV-00151-ACA
                                       )      OPPOSED
ERROL GREGORY BRYANT,                  )
                                       )
    Defendant/Counter-Plaintiff.      )
                                       )
_____

**DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A MOTION TO COMPEL**
_____

**COMES NOW** Defendant/Counter-Plaintiff, Errol Gregory Bryant (hereinafter "Bryant"), by and through undersigned counsel of record, and hereby submits this motion for leave of Court to file a motion to compel against Plaintiffs/Counter-Defendants (hereinafter, "Plaintiffs") and as grounds therefor states as follows:

1. On May 14, 2025, counsel for Bryant propounded discovery upon Plaintiffs.

2. On May 28, 2025, counsel for Bryant requested dates of availability during the last two weeks of June to depose Plaintiffs.

3. On June 9, 2025, counsel for Plaintiffs sent counsel for Bryant correspondence indicating that the depositions of Plaintiffs would be "impossible"[1] during June

---

[1] Counsel for Bryant regrets the use of numerous quotes appearing herein but believes that there should be accuracy and therefore has referred to written exchanges with counsel for Plaintiffs.

or July because of their "summer travel schedules," and the "Fall semester does not begin until the week of August 15,"[2] and they "assign cases to the new clinic students the first week of classes," and the new interns "will need time to become reacquainted with the case materials and coordinate logistics for the depositions." Counsel for Plaintiffs further requested "that the depositions be scheduled for mid-September, to allow adequate time for all parties to prepare" as well as "an extension of any related deadlines that may be affected by this revised schedule."

4. On June 11, 2025, counsel for Bryant responded to counsel for Plaintiffs stating that we did not agree to postpone discovery and all other deadlines due to summer travel or academic schedules, especially given counsel for Plaintiffs' request for a revised scheduling order extending all deadlines at the hearing in March 2025—which was granted. With a view toward establishing a general timeframe during the month of June, counsel for Bryant requested a response to the June 11 correspondence within the following 5 business days or would be forced to issue deposition notices.

5. On June 11, 2025, counsel for Plaintiffs responded in writing stating they would give the requests for depositions "all the consideration they are due."

6. In the June 11 correspondence, counsel for Plaintiffs also requested an extension to respond to discovery from June 12 to June 26 because they were having "some

---

[2] Counsel for Bryant was informed that Interns for Plaintiffs, Laura Alice Hillhouse and Laina Henry, were no longer assisting in the case and had graduated from law school on May 4, 2025.

2

issues with our client's traveling in getting their responses back," but they "anticipate them being received soon."

7. On June 11, 2025, counsel for Bryant agreed to extend the deadline for Plaintiffs' discovery responses to June 26 as requested.

8. On June 17, 2025, Plaintiffs' responsive pleading to Bryant's Amended Counterclaim [Doc. 61] was due; however, Plaintiffs did not respond until June 24. On June 24, Plaintiffs filed a motion for an extension of time to respond to Bryant's Amended Counterclaim which the Court granted and extended to July 7.

9. On June 25, 2025, counsel for Plaintiffs served only Tom Burgess, and not all counsel of record, with unsworn and unsigned discovery responses relative to Z.P., G.C., and A.W. These responses were wholly non-responsive and included many baseless and improper objections. No responses were received from M.L.

10. On June 26, 2025, counsel for Bryant corresponded with counsel for Plaintiffs indicating the responses were deficient and an outline as to same would be forthcoming. Additionally, counsel for Bryant requested signed and sworn responses, as required by the Federal Rules of Civil Procedure, to be forwarded by the following day, June 27, for all four Plaintiffs.

11. On June 27, 2025, counsel for Bryant forwarded correspondence to counsel for Plaintiff/Counter-Defendants outlining a detailed list of deficiencies for the three sets of discovery responses received and requested cured responses by July 2.

12. On June 30, 2025, counsel for Bryant issued additional discovery requests to Plaintiffs.

13. On June 30, 2025, having received no response regarding depositions, counsel for Bryant noticed Plaintiff's depositions for July 14-16.

14. On July 1, 2025, counsel for Bryant received discovery responses with redacted signatures from all Plaintiffs. However, the deficiencies discussed in counsel for Bryant's June 27 correspondence were not addressed.

15. On July 2, 2025, counsel for Bryant sent a letter to counsel for Plaintiffs outlining the deficiencies in M.L.'s responses and requested cured responses by July 3.

16. By July 4, 2025, counsel for Bryant had not received any responses curing the deficiencies for any Plaintiff.

17. On July 7, 2025, counsel for Plaintiffs responded to the notices of deposition stating the notices did not provide "reasonable notice" and noting their prior issues setting depositions because they were "in and out of the office this summer" vacationing in Argentina and at their summer home in Lake Erie. They further explained they were available in late August and September.

18. On July 7, 2025, counsel for Bryant requested a telephone conference in an effort to resolve disagreements with discovery requests.

19. On Tuesday, July 8, 2025, counsel for Plaintiffs stated he was available until 3:00pm that day but he was "having to go through [the] deficiency claims one by one and it [was] taking some time." He further stated he had "2 trials set for

4

next week, and trial prep [was] taking time from this case" and he "hope[d]" to have a response by "Monday or Tuesday."

20. On July 8, 2025, counsel for Bryant responded and agreed to a teleconference subject to receiving the cured responses promised the following Monday, July 11.

21. On July 10, 2025, having received insufficient information needed to subpoena Plaintiffs' medical/psychological records, such as dates of birth and addresses, counsel for Bryant provided medical authorizations and requested they be completed and returned. Counsel for Bryant also requested information for three providers listed in initial disclosures.

22. On July 16, 2025, having received no response to requests for complete discovery responses, counsel for Bryant requested complete responses be forwarded by close of business July 16.

23. On July 16, 2025, counsel for Plaintiffs responded stating the responses were "taking some time" and they were still "working on them" because "Plaintiffs are scattered with widely varying work schedules," and they "are having to rely on the U.S. Mail to get signatures." They indicated they "should be able" to provide unsigned responses by the following Friday, July 18.

24. On July 16, 2025, counsel for Bryant responded with a detailed timeline of the Plaintiffs' continued delays in responding to discovery requests.

25. On July 17, 2025, counsel for Plaintiffs reasserted the same responses and objections with minimal changes to Bryant's first set of interrogatories, and

deficient responses to Bryant's second set of discovery requests. All responses were unsworn and unsigned.

26. On July 22, 2025, counsel for Bryant requested a conference call with counsel for Plaintiffs to discuss these deficiencies as well as other discovery issues.

27. On July 25, 2025, counsel for Bryant certifies, pursuant to this Court's order, that all counsel participated in a conference call for approximately one hour wherein counsel for Plaintiffs were unable to provide any specific dates for completed and signed discovery responses until sometime on or after August 28, 2025, and depositions dates were suggested for sometime in September 2025 due to the assignment of cases to new students after the start of fall semester during the week of August 15. They further stated that they would need to meet with the new interns, meet with the clients, go through it all with the interns, and obtain the signatures, before forwarding completed responses.

28. Counsel for Bryant is left with complete uncertainty as to whether there will be any efforts to address the deficiencies even by August 28.

29. To date, counsel for Bryant has not received medical authorizations, reasonable deposition dates, responses to claimed deficiencies, or sworn discovery responses. Responses received thus far are substantially insufficient and violate the Federal Rules of Civil Procedure.

30. Counsel for Bryant has made *numerous* good faith attempts to aid counsel for Plaintiffs, causing Bryant undue expenses and delay.  Counsel for

6

Bryant further certifies that, after multiple attempts to resolve these issues with counsel for Plaintiffs, counsel for Plaintiffs were ultimately unable to give any firm response as to a timeline other than maybe August 28, but maybe not.

31. Plaintiffs' discovery responses are crucial and necessary to the defense of this case as well as counsel for Bryant's preparation for trial. Plaintiffs' unfounded delay has hindered preparation thereto.

32. As counsel for Bryant has exhausted all efforts to no avail, for all that appears, Plaintiffs have acted with a willful and deliberate disregard of several reasonable and necessary requests for the efficient administration of justice.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Counter-Plaintiff, by and through the undersigned counsel, moves this Honorable Court for leave to file a Motion to Compel for the aforementioned reasons.

Dated: July 28, 2025.

> Respectfully submitted,
>
> /s/J. Thomas Burgess
> J. Thomas Burgess (ASB#: 0554-S78J)
> Scott A. Holmes (ASB#: 8908-S78H)
> Erin M. Agricola (ASB#: 4496-I30A)
> *Attorneys for Defendant/Counter-Plaintiff, Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

/s/Jason L. Wollitz_____
Jason L. Wollitz
1823 Third Avenue North
Bessemer, Alabama 35020
(205) 541-6033
*Attorney for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on July 28, 2025:

Yuri R. Linetsky (ASB#: 3088-B20W)
Ricky T. Chambless (ASB#: 5879-S77R)
The University of Alabama School of Law
Civil Law Clinic
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu
         rchambless@law.ua.edu
*Attorneys for Plaintiffs/Counter-Defendants*

/s/J. Thomas Burgess, Jr.
OF COUNSEL