# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Z.P. ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 7:24-cv-00151 |
| | ) | |
| ERROL GREGORY BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiffs, for their response to the Defendant's Motion to Compel Plaintiffs to Respond to Discovery, state as follows:

## I.  THE DEFENDANT'S MOTION TO COMPEL PLAINTIFFS "…TO RESPOND FULLY, COMPLETELY AND WITHOUT OBJECTION FORTHWITH TO ALL BRYANT'S DISCOVERY REQUESTS…" LACKS MERIT AND SHOULD BE DENIED.

To begin, Plaintiffs acknowledge that the timeline stated in the Defendant's motion is technically correct; however, it is misleading in that it fails to address the delays in the process caused by the Defendant's own decisions and actions. Defendant fails to acknowledge that he caused a significant delay in the discovery process when, due to his selection of legal counsel and decision to seek alternative legal counsel, he failed to Answer, provide initial disclosures, and respond to Plaintiffs' written discovery within the time frames set forth in both the Federal

Rules of Civil Procedure and the Scheduling Order of this Court. Despite such delays, Plaintiffs made every effort to cooperate with the Defendant rather than seek penalties. That same courtesy has obviously not been extended by the Defendant.

At the January 7, scheduling conference held in Chambers, Plaintiffs advised defense counsel and the Court that the Law School Clinics do not host students during the time from May graduation until the beginning of the Fall semester in August. Further, given the primary purpose of the Clinic's existence is to educate students, Plaintiffs expressly requested that the Court and Opposing Counsel grant leeway and flexibility as to deadlines that would fall into that period of time. While the Court did not grant Plaintiff a *carte blanche* pass for the summer, it appeared all parties in the meeting acknowledge the difficulties and needs presented, and the Scheduling Order entered thereafter appeared to take Plaintiffs' information and request into account.

Despite the courtesies extended to the Defendant by Plaintiffs throughout the winter and spring of 2025, and despite Plaintiffs' request, in mid-May, the Defendant proceeded to engage in a what can only be categorized as a false flag "gottcha" operation designed to create the illusion that the Plaintiffs were unduly delaying litigation.

Despite the difficulties presented by summer operations of the Clinic, when the Defendant propounded written discovery upon the Plaintiffs in mid-May, every effort was made to comply. The Discovery requests were immediately forwarded to the individual Plaintiffs and significant effort was made to respond in as timely a manner as possible.  When it became clear that Plaintiffs could not meet the 30-day time frame set by the Rules, the Plaintiffs requested an extension from the Defendants. Then, on June 25 (24 hours earlier than promised), Plaintiffs provided Defense Counsel with unsigned responses from 3 of the 4 Plaintiffs and that the 4th would be forthcoming along with the Plaintiff's signatures as soon as received. Then on July 1 Plaintiffs provided the final signed responses from all 4 Plaintiffs to Defense Counsel. It is unfortunate that the Defendant did not like the responses received to the Discovery requests and that he now takes offense at having objections asserted. Plaintiff's objections were rooted in law and fact. Many Interrogatories and Requests for Production sought information that had already been disclosed under Rule 26(f) in the Plaintiffs' Initial Disclosures. Several other Interrogatories were clearly not designed to lead to the discovery of admissible evidence and thus were outside the scope of allowed discovery. Many other Interrogatories were simply overly broad or vague.

Upon receipt of the Deficiency letters referenced by defense counsel, Plaintiffs' responses were thoroughly reviewed and Plaintiffs responded to them on July 16, although not in accordance with the artificial deadlines imposed by Defendant. Subsequently, a teleconference was held on July 25 to discuss the Defendant's claimed deficiencies during which the Defendant clarified what was actually being requested in some of his Interrogatories and Plaintiffs' Counsel agreed to revisit them with each of the Plaintiffs and where appropriate to provide revised responses no later than August 28.

Plaintiffs counsel explained that due to the upcoming start of the fall semester and required preparations, a quicker turn around was just not possible to guarantee. Plaintiffs' Counsel further agreed that if it was possible to meet with all 4 Plaintiffs and get detailed responses earlier, they would be provided earlier. Toward such goal, a ZOOM meeting has already been held with all 4 Plaintiffs explaining the needed information, and all have agreed to provide additional information as appropriate. As soon as such is received, Plaintiffs' counsel will compile the responses, forward them for signatures, and then supply them to defense counsel.

Finally, without any specificity as to exactly what the Defendant wants this Court to order, other than to abrogate the Plaintiffs' right to object, and to do

something faster, the Plaintiffs are at a loss. Plaintiffs have already agreed, based on information and clarification given by the Defendant during the July 25 teleconference, to revisit their responses to the Interrogatories and requests for production, and to provide any relevant material information that is available within the most realistic time frame possible.

## II.   Defendant's Motion to Compel the Plaintiff to "...provide deposition dates..." is Without Merit and Should be Denied.

Plaintiffs have proposed both a time frame and a set of specific dates for taking depositions. Both of which fall within the time frame allowed by the Amended Scheduling Order. The first of the Plaintiffs' proposed dates is August 28 approximately 2 weeks after the date of this response.

Defendant seems to be complaining that he is not getting his way and that he should control this litigation without compromise or negotiation. His demand for deposition dates presents several issues the first of which is that written discovery had not been completed as of the date Defendant sent his request for dates, nor was it foreseeable that it would have been completed before the date range he specified. Second, the Defendant had already been advised that Plaintiffs' counsel would not be readily available during the summer and thus should not have been surprised by

Plaintiffs' response of unavailability. Third, conducting depositions during the summer would thwart the educational purposes of the Clinic's existence. Finally, on a purely procedural note, from June 9 until the June 30 deposition notice, no effort was made by Defense Counsel to discuss or negotiate a mutually acceptable date for depositions.

On June 30, during a traditional holiday week when most of the nation closes to celebrate summer, defense counsel arbitrarily gave notice of taking Plaintiffs' depositions two weeks later, on July 16, despite having been informed Plaintiffs' counsel was not readily available and without attempting to even discuss if schedules could be rearranged. Thus, it is Plaintiffs' position that Defendant's notice was patently unreasonable. Regardless, despite the unreasonableness of the notice, Plaintiffs again responded to the notice this time with a list of several specific dates of earliest availability of both the individual Plaintiffs and legal counsel.

The fact of the matter is that now it would be impractical and nearly impossible to schedule depositions any faster than the dates that Plaintiffs have already provided. Further, the Defendant should be reminded that but for his delays in selecting new legal counsel, party depositions were scheduled to have been completed in May.

### III. The Defendant's Motion to Compel Plaintiff to "...complete medical authorizations..." is without merit and should be denied.

Plaintiffs have agreed to execute the requested HIPPA releases/medical authorization. In fact, such will soon be received by the Defense Counsel.

### IV. Conclusion

Finally, Defendant's Motion is at best unclear and for the most part without specificity as to what the Defendant is asking the Court to Order that the Plaintiffs have not already provided or agreed to provide. The Defendant's Motion is thus meritless and should be denied.

Respectfully submitted,

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone:  205.348.4960
Facsimile:  205.348.6851
Email:  ylinetsky@law.ua.edu
        rchambless@law.ua.edu

Attorneys for Plaintiffs Z.P., A.W., G.C., &
M.L.

## CERTIFICATE OF SERVICE

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky

8