FILED
2025 Sep-30 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Z.P., et. al.,                              )
                                            )
          Plaintiffs.                       )
                                            )
     vs.                                    )
                                            )   CASE NO. 7:24-CV-00151-ACA
ERROL GREGORY BRYANT,                       )
                                            )
          Defendant.                        )

## PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER TO ADDITIONAL PORTIONS OF DEFENDANT'S AMENDED COUNTERCLAIM

Plaintiffs/Counter-Defendants Z.P., A.W., M.L., and G.C, submit this Answer in response to Counts II (Abuse of Process, to the extent it was not dismissed), III (Intentional Infliction of Emotional Distress), IV (Invasion of Privacy False Light), and V (Civil Conspiracy, to the extent it was not dismissed) of Defendant's Amended Counterclaim. No answer to Count VI of the initial counterclaim is due, as it was dismissed with prejudice. (*See* doc. 57 at 17). Answers to Paragraphs 1 – 82 were answered by Plaintiff/Counter-Defendant in the Answer to Count I (Libel). (*See* doc. 67 at 1-12 ¶¶ 1 – 82). For clarity of understanding, all references to "Plaintiffs" below shall mean "Plaintiffs /Counter-Defendants." All references to "Defendant" shall mean "Defendant/Counter-Plaintiff."

## ANSWERS TO FACTUAL ALLEGATIONS

### I.    Plaintiff's Factual Allegations Regarding Z.P.

1.    Plaintiffs incorporate by reference the responses in Paragraphs 1-16 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 1 – 16).

### II.    Plaintiff's Factual Allegations Regarding A.W.

2.    Plaintiffs incorporate by reference the responses in Paragraphs 17-29 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 17 – 29).

### III.    Plaintiff's Factual Allegations Regarding M.L.

3.    Plaintiffs incorporate by reference the responses in Paragraphs 30-34 and 36-42 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 30 – 34, 36 – 42).

4.    Plaintiffs deny the facts alleged in Paragraph 35 of Defendant's Amended Counterclaim. Plaintiff M.L. states that she and Erik (her then-partner, referred as "new man") had an open phone policy, so it would not have been a betrayal of her trust for Erik to go through her phone. On information and belief, M.L. states that Erik would have no reason to fabricate the alleged story or know of M.L's prior sexual relationship with Defendant.

IV.    **Plaintiff's Factual Allegations Regarding G.C.**

5.    Plaintiffs incorporate by reference the responses in Paragraphs 43-50 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 43 – 50).

V.    **ANSWERS TO FACTS SPECIFIC TO ONE OR MORE PLAINTIFFS/COUNTER-DEFENDANTS/COUNTER-DEFENDANTS**

6.    Plaintiffs incorporate by reference the responses in Paragraphs 51-61 and 63-75 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 51 – 61, 63 – 75).

7.    Plaintiffs deny the allegations set forth in Paragraph 62 of the Defendant's Amended Counterclaim. Plaintiffs deny the existence of any coordinated scheme to harass or defame Defendant. While Plaintiffs acknowledge that certain individuals used identifiable screen names (such as "testdrive205" and "youdidnt205") in online platforms, the quoted language and references to a "sniff out" effort are taken out of context. The discussion occurred in reference to suspicious activity on the Feeld app, where Defendant appeared to be using another person's photos and information. Plaintiffs deny any intent to falsely accuse or harass Defendant. Plaintiffs deny use of the screenname "abuseadvocate." Plaintiffs deny

that "bunnybot" was a "burner" screenname, as this screenname was the personal account for one Plaintiff. Plaintiffs lack sufficient personal knowledge to admit or deny the use of the screennames "gigi_24" and "jasminerose15."

## ANSWERS TO COUNT 1 – LIBEL

8.    Plaintiffs incorporate by reference the responses in Paragraphs 76-82 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 76 – 82).

## ANSWERS TO COUNT 2 – ABUSE OF PROCESS

Count 2 was dismissed except as it pertains to the allegation that Plaintiffs destroyed evidence after filing the complaint in this case. Accordingly, the relevant paragraphs that require a response are answered:

9.    Paragraph 83 states no allegation of fact to which a response is required.

10.   The claims in Paragraph 84 of the Defendant's Amended Counterclaim are answered as follows:

   a. The allegations set forth in Paragraph 84(a) pertain to a portion of Count 2 that was dismissed.

   b. The allegations set forth in Paragraph 84(b) pertain to a portion of Count 2 that was dismissed.

  c. The allegations set forth in Paragraph 84(c) pertain to a portion of Count 2 that was dismissed.

  d. Plaintiffs deny the allegations set forth in Paragraph 84(d). Plaintiffs deny the deletion of any evidence after the filing of the instant lawsuit.

  e. The allegations set forth in Paragraph 84(e) pertain to a portion of Count 2 that was dismissed.

  f. The allegations set forth in Paragraph 84(f) pertain to a portion of Count 2 that was dismissed.

11. The allegations set forth in Paragraph 85 of Defendant's Amended Counterclaim pertain to a portion of Count 2 that was dismissed.

12. The allegations set forth in Paragraph 86 of Defendant's Amended Counterclaim pertain to a portion of Count II that was dismissed.

## ANSWERS TO COUNT 3 – IIED

13. Paragraph 87 of Defendant's Amended Counterclaim states no allegation of fact to which a response is required.

14. Plaintiffs deny the allegations set forth in Paragraph 88 of Defendant's Amended Counterclaim.

15. Plaintiffs deny the allegations set forth in Paragraph 89 of Defendant's Amended Counterclaim.

16.     Plaintiffs deny the allegations set forth in Paragraph 90 of Defendant's Amended Counterclaim.

17.     Plaintiffs deny the allegations set forth in Paragraph 91 of Defendant's Amended Counterclaim.

18.     Paragraph 92 of Defendant's Amended Counterclaim is answered as follows: Plaintiffs deny posting such statements in a public context with intent to harass, defame, or damage Defendant's reputation. Plaintiff Z.P. admits that she wrote the "choking pain" comment in a private diary entry sent only to one individual as an emotional coping mechanism, but Plaintiff Z.P. denies making this statement in any public context or with any intent to isolate Defendant from his community. Plaintiffs lack sufficient personal knowledge to admit or deny the statement "I wanna kill him!!!". Plaintiffs deny the remaining allegations in Paragraph 92.

19.     Plaintiffs lack sufficient personal knowledge to admit or deny the allegations in Paragraph 93 of Defendant's Amended Counterclaim.

20.     Plaintiffs deny the allegations set forth in Paragraph 94 of Defendant's Amended Counterclaim.

21.     Plaintiffs deny the allegations set forth in Paragraph 95 of Defendant's Amended Counterclaim.

22.    Plaintiffs lack sufficient personal knowledge to admit or deny the allegations in Paragraph 96 of Defendant's Amended Counterclaim.

23.    Plaintiffs deny the allegations set forth in Paragraph 97 of Defendant's Amended Counterclaim.

## ANSWERS TO COUNT 4 – False Light

24.    Paragraph 98 of Defendant's Amended Counterclaim states no allegation of fact to which a response is required.

25.    Each allegation of Paragraph 99 of Defendant's Amended Counterclaim is answered in turn. Plaintiffs have assigned a letter to each of the five allegations in Paragraph 99 for clarity:

a.    Plaintiffs Z.P. and A.W. admit making posts about their own personal experiences with Defendant on public forums, but Plaintiffs deny any allegation that such posts were made with defamatory intent. Plaintiffs G.C. and M.L. deny Paragraph 99(a) in its entirety.

b.    Plaintiff Z.P. admits posting Defendant public Fetlife profile picture and first name only to a public Facebook forum, but Z.P. denies posting Defendant's full name. Plaintiff Z.P. made efforts to refrain from posting other revealing information, specifically to avoid "doxxing." Plaintiff Z.P. denies that such photograph was posted alongside false or

defamatory statements, as such statements were Z.P.'s own experiences with Defendant/Counter-Plaintiff. Plaintiffs A.W., M.L., and G.C. deny Paragraph 99(b) in its entirety.

c.  Plaintiff Z.P. admits the use of "burner" accounts on Fetlife to monitor Defendant's active profile, but Z.P. denies using such accounts to stalk or harass anyone, including Defendant or his family or friends. Plaintiff Z.P. admits she used the user profile names "testdrive205" and "youdidnt205" on Fetlife. Plaintiffs A.W., M.L., and G.C. deny Paragraph 99(c) in its entirety. All Plaintiffs deny the use of the account titled "abuseadvocate."

d.  Plaintiffs Z.P. and A.W. admit making posts about Defendant in public forums, but deny the allegation of making false or defamatory statements about Defendant's private relationships. All statements made are regarding each Plaintiff's personal experiences, as a means of warning other women in the same community. Plaintiffs M.L. and G.C. deny Paragraph 99(d) in its entirety.

e.  All Plaintiffs deny Paragraph 99(e) in its entirety. Plaintiffs admit that public forums were used as a means of connecting with each other to discover their similar experiences with Defendant. However,

Plaintiff/Counter-Defendants deny using such public forums as a "systematic campaign" to report false information to TPD. All information reported was true, and the general facts serve as the underlying basis for this lawsuit.

26.    Plaintiffs deny the allegations set forth in Paragraph 100 of Defendant's Amended Counterclaim.

27.    Plaintiffs deny the allegations set forth in Paragraph 101 of Defendant's Amended Counterclaim.

28.    Plaintiffs lack sufficient personal knowledge to admit or deny the allegations in Paragraph 102 of Defendant's Amended Counterclaim.

## ANSWERS TO COUNT 5 – Civil Conspiracy

Count 5 is dismissed with respect to the allegations that relate to the abuse of process claim. Such dismissed claims are listed below, and the remaining allegations are answered as follows:

29.    Paragraph 103 states no allegation of fact to which a response is required.

30.    Plaintiffs deny the allegations set forth in Paragraph 104 of Defendant's Amended Counterclaim.

31.    The allegations set forth in Paragraph 105 of Defendant's Amended Counterclaim pertain to a portion of Count 5 that was dismissed. To the extent such allegations may not be dismissed, Plaintiffs deny such allegations.

32.    The allegations set forth in Paragraph 106 of Defendant's Amended Counterclaim pertain to a portion of Count 5 that was dismissed. To the extent such may not be dismissed, Plaintiffs deny such allegations.

33.    The allegations in Paragraph 107 of Defendant's Amended Counterclaim are answered as follows: Plaintiffs deny participation in a shared course of conduct to inflict harm on Defendant. Plaintiffs Z.P. and A.W. admit posting on public forums about Defendant, but such posts were limited only to their own personal experiences with Defendant. As such, Plaintiffs Z.P. and A.W. deny any allegation that such posts were defamatory or false. Plaintiff Z.P. admits posting Defendant's public Fetlife profile picture and first name only to a public Facebook forum, but Z.P. denies posting Defendant's full name. Plaintiff Z.P. made efforts to refrain from posting other revealing information, specifically to avoid "doxxing." Plaintiffs A.W., M.L., and G.C. deny any allegation of posting a photograph of Defendant.

Plaintiff Z.P. admits the use of "burner" accounts on Fetlife to monitor Defendant's active profile, but Z.P. denies using such accounts to stalk or harass

anyone, including Defendant or his family or friends. Plaintiffs A.W., M.L., and G.C. deny any such allegation of using "burner" accounts.

All Plaintiffs deny any participation in a "systematic campaign." Plaintiffs admit that public forums were used as a means of connecting with each other to discover their similar experiences with Defendant. However, Plaintiffs deny using such public forums as a "systematic campaign" to report false information to TPD. All information reported was true, and the general facts serve as the underlying basis for this lawsuit.

For clarity, Plaintiffs Z.P. and A.W. deny all remaining allegations in Paragraph 107, except to the extent admitted in this answer to Paragraph 107. Plaintiffs G.C. and M.L. deny all allegations in Paragraph 107.

34.    The allegations in Paragraph 108 of Defendant's Amended Counterclaim are answered as follows: Plaintiffs deny having a meeting of the minds with the intent to defame and harass Defendant. Any communications between the Plaintiffs were for the purpose of emotional support and coordinating legal representation due to Defendant's conduct.

35.    Plaintiffs deny the allegations set forth in Paragraph 109 of Defendant's Amended Counterclaim.

36.    Plaintiffs lack sufficient personal knowledge to admit or deny the allegations in Paragraph 110 of Defendant's Amended Counterclaim.

37.    Paragraph 111 of Defendant's Amended Counterclaim states no allegation of fact to which a response is required.

## AFFIRMATIVE AND OTHER DEFENSES

38.    Plaintiffs incorporate by reference the defenses in Paragraphs 83-84 and 86-92 of the Plaintiff's Answer to Defendant's Amended Counterclaim – Count 1 (Libel) (doc. 67 ¶¶ 83 – 84, 86 – 92).

39.    Unclean Hands: All Plaintiffs' actions alleged by the Defendant stem from and are a reaction to Defendant's own conduct and his unlawful publication of intimate visual depictions. Furthermore, Defendant's continued activity in the adult content community further evidences the lack of severe actual damages. Therefore, Defendant should not be allowed to benefit from the Plaintiffs' reasonable and expected reactions thereto.

Respectfully submitted,

/s/ Hannah Palmer
Law Student Intern

/s/ Haley Noele Follmer-Burnett
Law Student Intern

/s/ Jacob Steinmetz
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu
        rchambless@law.ua.edu
Attorneys for Plaintiffs/Counter-Defendants
Z.P., A.W., G.C., & M.L.

## CERTIFICATE OF SERVICE

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky