FILED

2025 Nov-03  PM 06:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 7:24-CV-00151-ACA |
| ) | |
| ERROL GREGORY BRYANT, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' STATUS REPORT

1.      As of 11:08 am this morning, Defendant's counsel agreed to a draft status report with one condition. Plaintiffs' counsel acknowledged this condition in a footnote (see footnote 1) and sent the revised draft to Defendant's counsel for approval at 12:29 pm. At 1:34 pm, Defendant's counsel responded with a new draft reflecting significant changes from the originally agreed-upon draft. After several exchanges, Plaintiffs' counsel conceded to all but one of Defendant's objections and included such concessions in the revised draft. However, Plaintiffs insisted on including footnote 2 in Paragraph 3r. Defendant's counsel would not agree to include the footnote even if Defendant's objection was noted within the footnote. Plaintiff contends the factual information contained within footnote 2 is extremely relevant to the current status of this case. After several attempts to resolve this dispute, Plaintiffs' counsel accepted that no agreement could be reached and decided to independently file the last circulated draft in which the only disputed item is footnote 2 (discussing the timing of Defendant's

discovery responses).

2.      At this time, Defendant objects to mediation and Plaintiffs do not.

3.      This case involves Plaintiffs/Counter-Defendants' federal claims arising under 15 U.S.C. § 6851 as well as additional state claims of Outrage, Violation of Privacy, and Unjust Enrichment. Defendant/Counter-Plaintiff's claims include state court claims of Libel, Abuse of Process, Invasion of Privacy, Outrage, and Conspiracy.

4.      Below is a timeline of substantial events in this case.[1]

    a.   February 8, 2024: Plaintiffs filed their Complaint;

    b.   August 12, 2024 – September 15, 2024: There were multiple attempts to serve Defendant with Summons and Complaint. Personal service attempts were initiated after multiple common carrier attempts failed.

    c.   September 15, 2024: Defendant was served with Summons and Complaint at his home.

    d.   November 18, 2024: The parties held a 26(f) Scheduling Conference via teleconference (Joint Report submitted to Court November 20, 2024).

---

[1] While Defendant's counsel does not object to the inclusion of the above timeline, Defendant's counsel believes it is unnecessary and not required by the Court's order. However, Plaintiffs' counsel believes the timeline is pertinent to the Court's appraisal of the case and of the issues affecting trial preparation and therefore insists on its inclusion.

e. January 7, 2025: Parties' counsel met with the Court for a 26(f) Scheduling Conference in Chambers.

f. January 15, 2025: Plaintiffs filed their Amended Complaint.

g. January 23, 2025: Andrew Clay filed a Motion to Withdraw as counsel for the Defendant, which was granted.

h. January 30, 2025: Plaintiffs' first inquiry to Defense Counsel regarding when to expect Defendant's Initial Disclosures and an Answer to Plaintiffs' Amended Complaint.

i. January 31, 2025:

    i. Defendant's counsel filed their first motion to extend deadlines by fourteen days (Plaintiffs did not object).

    ii. Plaintiffs propounded their first set of Interrogatories, and Requests for Production upon Defendant.

j. February 11, 2025: Plaintiffs' second inquiry to Defense Counsel regarding when to expect Defendant's Initial Disclosures and Answer.

k. February 14, 2025: Defendant filed a second motion to extend deadlines in the scheduling order by an additional seven days.

l. February 20, 2025:

    i. Plaintiffs' counsel emailed Defendant's counsel for the

third time concerning responses. Plaintiffs' counsel advised Defendant's counsel that if no Answer was received by February 24, 2025, Plaintiffs would file a motion for default judgment.

    ii. Plaintiffs' counsel filed a response to Defendant's second motion to extend deadlines requesting a telephonic conference.

    iii. Defendant's counsel then responded that Defendant's Answer and Counterclaim would be filed the following afternoon.

m. February 21, 2025: Defendant filed his Answer and Counterclaim (appearance by new Defense Counsel).

n. March 18, 2025: Plaintiffs filed Motion to Dismiss Defendant's Counterclaims.

o. April 3, 2025: Defendant filed a Response to Plaintiffs' Motion to Dismiss.

p. April 8, 2025: Defendant filed his Amended Answer to Plaintiffs' Amended Complaint.

q. April 10, 2025: Plaintiffs filed a Reply to Defendant's Response to Plaintiffs' motion to dismiss.

r.  April 16, 2025: Defendant sent responses to Plaintiffs' First Set of Interrogatories and Requests for Production[2].

s.  April 25, 2025: Plaintiffs' counsel sent a deficiency letter concerning Defendant's responses to Plaintiffs' First Set of Interrogatories and Requests for Production.

t.  April 29, 2025: Defendant's counsel responded to Plaintiffs' deficiency letter, sending supplemental responses to Plaintiffs' First Set of Interrogatories and Requests for Production.

u.  May 13, 2025: The Court ordered Defendant to replead his Counterclaims.

v.  May 14, 2025: Defendant propounded his First Set of Interrogatories and Requests for Admissions on Plaintiffs.

w.  May 27, 2025: Defendant filed his Amended Counterclaim.

x.  May 28, 2025: Defendant's counsel sent letter requesting proposed dates in late June for video depositions.

y.  June 9, 2025: Plaintiffs' counsel responded to Defendant's request for proposed dates in late June for depositions and

---

[2]  Defendant's response occurred 75 days after the Discovery was propounded on Defendant and 54 Days after new Defense Counsel appeared in the case. Defendant's counsel objects to the inclusion of the footnote as unnecessary but Plaintiff's counsel insists on its inclusion.

suggested mid-September instead.[3]

z.  June 23, 2025:

 i.  Plaintiffs filed a Motion for Extension of time to answer Defendant's Amended Counterclaim.

 ii.  Plaintiffs filed a motion to dismiss Defendant's Amended Counterclaim.

aa.  June 25, 2025: Plaintiffs sent unsigned Responses to Defendant's First Set of Interrogatories and Requests for Admissions for Z.P., G.C., and A.W. with an explanation that Plaintiffs' counsel was waiting on signed declarations from said Plaintiffs and still working to get responses from M.L.

bb.  June 27, 2025:

 i.  Plaintiffs' counsel sent "complete" Responses (including both the written responses and signed declarations for all Plaintiffs) to Defendant's First Set of Interrogatories and Requests for Admissions.

 ii.  Defendant's counsel sent Plaintiffs a deficiency letter for Defendant's Interrogatories and Requests for Admissions,

---

[3] Plaintiffs' written Discovery was still in progress and incomplete, as Plaintiffs' time to respond had not yet expired.

demanding the deficiencies be cured in three business days (by July 2, 2025).

cc. June 30, 2025: Defendant's counsel sent their First Requests for Production of Documents for all Plaintiffs and their Second Set of Interrogatories for Z.P., G.C., and A.W.

dd. July 1, 2025: Plaintiffs sent responses to Defendant's deficiency letter regarding the Responses by Z.P., G.C., and A.W. to Defendant's First Interrogatories and Requests for Admissions.

ee. July 2, 2025: Defendant's counsel sent Plaintiffs a deficiency letter regarding the Responses by M.L. to Defendant's First Interrogatories and Requests for Admissions, demanding the deficiencies be cured by the next day (July 3, 2025).

ff. July 8, 2025: Defendant filed a response in opposition to Plaintiffs' Motion to Dismiss his Amended Counterclaims.

gg. July 15, 2025: Plaintiffs filed an Answer to Count I of Defendant's Counterclaim.

hh. July 17, 2025: Plaintiffs' counsel sent responses to Defendant's First Requests for Production of Documents and Second Set of Interrogatories.

ii. July 25, 2025: All counsel met by teleconference in an attempt to

resolve discovery disputes.

jj. July 28, 2025: Defendant filed a Motion for Leave to file a Motion to Compel.

kk. August 4, 2025: The Court granted as unopposed the Defendant's Motion for Leave to file a Motion to Compel.

ll. August 5, 2025: Defendant filed a Motion to Compel.

mm.   August 12, 2025: Plaintiffs filed a Response to Defendant's Motion to Compel.

nn. September 3, 2025: Plaintiffs sent Responses to Defendant's deficiency letter for Defendant's Interrogatories and Requests for Admissions for Z.P., G.C., and A.W. This included signed declarations for Z.P. and G.C.

oo. September 11, 2025: Plaintiffs sent signed declaration for A.W.

pp. September 15, 2025: Plaintiffs sent Responses to Defendant's deficiency letter for Defendant's Interrogatories and Requests for Admissions including signed declaration for M.L.

5.     On September 11, 2025, Judge Axon heard Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims. On September 16, 2025, Judge Axon entered an order granting in part and denying in part Plaintiffs' Motion to Dismiss Defendant's Counterclaims. The Court denied Plaintiffs' request to dismiss the Counterclaim as a

shotgun pleading. The current disposition of these counterclaims is as follows:

    a. Counterclaim I- Libel: Plaintiffs filed an Answer to Counterclaim I on September 30, 2025.

    b. Counterclaim II- Abuse of Process: On September 16, 2025, the court entered an order dismissing Counterclaim II except as to the claim that Plaintiffs destroyed evidence after filing the Complaint in this case. Plaintiffs filed an Answer to Counterclaim II on September 30, 2025.

    c. Counterclaim III- IED: On September 16, 2025, the Court entered an order denying Plaintiffs' motion to dismiss Counterclaim III. Plaintiffs filed an Answer to Counterclaim III on September 30, 2025.

    d. Counterclaim IV- Invasion of Privacy: On June 23, 2025, Plaintiffs moved to dismiss Counterclaim IV as part of the shotgun pleading. Judge Axon's order on September 16, 2025 does not directly address Counterclaim IV, suggesting to the parties that it survives. Plaintiffs filed an Answer to Counterclaim IV on September 30, 2025.

    e. Counterclaim V- Conspiracy: On September 16, 2025, the Court entered an order dismissing Counterclaim V only to the extent it

rests on the part of Counterclaim II that the Court has dismissed. Plaintiffs filed an Answer to Counterclaim V on September 30, 2025.

    f.   For clarity, Defendant's initial claims included Counterclaim VI, Spoliation, which has since been withdrawn and dismissed pursuant to Judge Axon's order on May 13, 2025.

6.    Currently, discovery issues are pending, and accordingly, significant discovery remains incomplete. The parties have not taken any party or witness depositions. We anticipate the parties will undertake to complete said discovery when pending motions are resolved and all requests have been answered sufficiently.

7.    As the Court is aware, there is a pending Motion to Compel, for which a hearing is scheduled on November 13, 2025, at the Federal Courthouse in Tuscaloosa at 2:45pm.

8.    The parties are open to any clarification required with regard to the Motion to Dismiss the Amended Counterclaim, for which an order was entered on September 16, 2025, as described above.

9.    Pursuant to Judge Axon's instructions from the Bench at the September 11, 2025, hearing, Defendant submitted all discovery requests and

responses in addition to communications regarding the Motion to Compel to the Court. Defendant's counsel provided such information to the Court on September 15, 2025. On September 23, 2025, Plaintiffs' counsel confirmed the accuracy and completeness of the submission. On September 24, 2025, Ms. Wharton requested counsel for Defendant provide the files in a more accessible format. Defendant's counsel provided PDF copies to the court on September 24, 2025, and Plaintiffs' counsel verified these files on September 25, 2025. On October 21, 2025, Defendant's counsel attempted to confirm receipt of these files with the court. All parties still await confirmation of receipt and any disposition from the court regarding the discovery and communications.

10.    Since the hearing on September 11, 2025, the parties have exchanged the following:

   a.    September 30, 2025: Plaintiffs filed their Answer to Defendant's Amended Counterclaim as per Plaintiffs' understanding of said Counterclaims under the Court's Order of September 16, 2025.

   b.    October 8, 2025: Plaintiffs sent Defendant, through email, Plaintiffs' Second Set of Interrogatories and Requests for Production and First Set of Requests for Admission. Plaintiff's mailed Defendant a flash drive containing exhibits listed in the Second Set of Interrogatories

and Requests for Production and First Set of Requests for Admission
and a physical copy of the Discovery Requests on October 10, 2025.
Counsel for Defendant received the exhibits on October 15, 2025.

c.  October 15, 2025: Defendant confirmed receipt of the flash drive and
Discovery Requests.

d.  October 13, 2025: Defendant sent Plaintiffs a blank University of
Alabama Authorization to Disclose Health Records form for Z.P.

e.  October 20, 2025:

   i.  Plaintiffs returned Z.P.'s signed University of
       Alabama Authorization form to Defendant.

   ii. Per the Provider's instructions, Defendant requested
       Z.P. resign the Authorization form because it was
       incomplete.

f.  October 16, 2025: Plaintiffs sent Defendant HIPAA
Release Requests.

g.  October 21, 2025: Plaintiffs sent Defendant a Notice of Intent to
subpoena Snap Inc.

h.   October 22, 2025: Plaintiffs sent the subpoena to Snap Inc. via FedEx.

i.   October 23, 2025: Plaintiffs sent    Defendant    the    resigned

University of Alabama Authorization form.

Respectfully submitted,

/s/ Hannah Palmer
Law Student Intern

/s/ Haley Noele Follmer-Burnett
Law Student Intern

/s/ Jacob Steinmetz
Law Student Intern

/s/ Sara Philp
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone:  205.348.4960
Facsimile:  205.348.6851
Email:  ylinetsky@law.ua.edu
          rchambless@law.ua.edu
Attorneys for Plaintiffs/Counter-Defendants Z.P.,
A.W., G.C., & M.L.

## CERTIFICATE OF SERVICE

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky