IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., ET. AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. 7:24-CV-00151-ACA |
| ERROL GREGORY BRYANT, ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiffs and Defendant jointly move to extend the discovery deadline as set in the amended scheduling order. The amended scheduling order currently provides that the deadline for completing all discovery is November 21, 2025.

Due to the pending motion to compel, outstanding discovery responses, the parties' need to take each other's clients' depositions, Plaintiffs' unanswered subpoena from Snap Inc., and the unfortunate need to continue the November 13 motion to compel hearing, the parties jointly request that the discovery deadline be extended to March 2, 2026.

Additionally, Plaintiffs sent the second set of Interrogatories and Requests for Production and the first set of Requests for Admission on October 10, 2025. Defendant's confirmed receipt of these discovery requests on October 15, 2025. Defendant's responses were then due on November 14, 2025, thirty days from

Defendant's confirmation of receipt. On November 17, 2025, Defendant requested an extension for their reply deadline to December 12, 2025. Plaintiffs agreed to this extension and began drafting a joint motion to extend the discovery deadline due to the impossibility of meeting the existing November 21, 2025, deadline.

Admittedly, the scheduling order requires such a motion to be filed at least one week before the deadline. This week, the parties jointly recognized that it was impossible to meet the existing deadlines as set out in the amended scheduling order.

Pursuant to the scheduling order, this motion explains: (1) a description of all discovery conducted up to the point of filing the motion for an extension and the dates said discovery was served and answered; (2) the depositions the parties have taken up to the point of filing the motion; and (3) a discovery plan setting the date on which each outstanding discovery issue will be resolved.

### Description of all Discovery to Date

To date, the parties have conducted the following discovery:

1. On January 31, 2025, Plaintiffs propounded their First Set of Interrogatories and Requests for Production upon Defendant.

2. On April 16, 2025, Defendant sent responses to Plaintiffs' First Set of

2

Interrogatories and Requests for Production.

3. On April 25, 2025, Plaintiffs' counsel sent a deficiency letter concerning Defendant's responses to Plaintiffs' First Set of Interrogatories and Requests for Production.

4. On April 29, 2025, Defendant's counsel responded to Plaintiffs' deficiency letter, sending supplemental responses to Plaintiffs' First Set of Interrogatories and Requests for Production.

5. On May 14, 2025, Defendant propounded his First Set of Interrogatories and Requests for Admission on Plaintiffs.

6. On June 11, 2025, Plaintiffs' counsel requested an extension to respond to discovery. Defendant's counsel agreed to extend the deadline to June 26, 2025.

7. On June 25, 2025, Plaintiffs sent unsigned responses to Defendant's First Set of Interrogatories and Requests for Admission for Plaintiffs Z.P., G.C., and A.W. with an explanation that Plaintiffs' counsel was waiting on signed declarations from said Plaintiffs and still working to get responses from Plaintiff M.L.

8. On June 30, 2025, Defendant's counsel sent their First Requests for Production of Documents for all Plaintiffs and their Second Set of

3

Interrogatories for Plaintiffs Z.P., G.C., and A.W.

9. On July 1, 2025, Plaintiffs' counsel sent signed responses for all Plaintiffs to Defendant's First Set of Interrogatories and Requests for Admission.

10. On July 2, 2025, Defendants' counsel sent Plaintiffs a deficiency letter for Defendant's Interrogatories and Requests for Admission, demanding that the deficiencies be cured by close of business on July 3, 2025.

11. On July 17, 2025, Plaintiffs' counsel sent responses to Defendant's First Requests for Production of Documents and Second Set of Interrogatories.

12. On July 25, 2025, all counsel met by teleconference in an attempt to resolve discovery disputes. Plaintiffs' counsel agreed to review responses and supplement them by the end of August.

13. On September 3, 2025, Plaintiffs sent responses to Defendant's deficiency letter for Defendant's Interrogatories and Requests for Admission for Z.P., G.C., and A.W. including signed declarations for Plaintiffs Z.P. and G.C.

14. On September 11, 2025, Plaintiffs sent Defendant A.W.'s signed declaration.

15. On September 15, 2025, Plaintiffs sent Plaintiff M.L.'s signed responses to Defendant's deficiency letter for Defendant's Interrogatories and

4

Requests for Admission.

16. On October 8, 2025, Plaintiffs propounded their Second Set of Interrogatories and Requests for Production and First Set of Requests for Admission. Plaintiffs mailed Defendant a flash drive containing exhibits listed in the Second Set of Interrogatories and Requests for Production and First Set of Requests for Admission, along with a physical copy of these discovery requests on October 10, 2025. Defendant confirmed receipt of these items on October 15, 2025. On November 17, 2025, Defendant requested an extension to move the response deadline to December 12, 2025. Plaintiffs' counsel agreed.

17. On October 21, 2025, Plaintiffs sent Defendant a Notice of Intent to Subpoena Snap, Inc.; Plaintiffs sent the subpoena to Snap Inc. via Fed Ex on October 22, 2025.

## **Depositions to Date**

The parties have not yet taken any party or witness depositions as of the date of filing this motion.

## **Discovery Plan**

The parties jointly propose that the discovery deadline be extended to March 2, 2026, to allow Plaintiffs sufficient time to review Defendant's outstanding discovery and to resolve any other discovery matters, pending the outcome of the

December 5, 2025, hearing on Defendant's Motion to Compel. A discovery plan setting the date on which each outstanding discovery issue will be resolved may be up to the court's discretion.

Respectfully submitted,

/s/J. Thomas Burgess
J. Thomas Burgess, ASB#: 0554-S78J

/s/Scott A. Holmes
Scott A. Holmes, ASB#: 8908-S78H

/s/Erin M. Agricola
Erin M. Agricola, ASB#: 4496-I30A

**BURGESS HOLMES LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

/s/Jason L. Wollitz
Jason L. Wollitz, ASB# 6349-W74J
1823 Third Avenue North
Bessemer, Alabama 35020
(205) 541-6033

*Attorneys for Defendant/Counter-Plaintiff, Errol Gregory Bryant*

/s/ Hannah Palmer
Law Student Intern

/s/ Haley Noele Follmer-Burnett
Law Student Intern

/s/ Jacob Steinmetz
Law Student Intern

/s/ Sara Philp
Law Student Intern

/s/ Yuri R. Linetsky
ASB-3088-B20W

/s/ Ricky T. Chambless
ASB-5879-S77R

**CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA
SCHOOL OF LAW**
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
Email: ylinetsky@law.ua.edu
         rchambless@law.ua.edu

*Attorneys for Plaintiffs/Counter-Defendants Z.P., A.W., G.C., & M.L.*

7