IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., A.W., G.C., M.L., ) | |
| ) | |
|    Plaintiffs/Counter-Defendants, ) | |
| ) | |
| vs. ) | Case No.: 7:24-CV-00151-ACA |
| ) | |
| ERROL GREGORY BRYANT, ) | **OPPOSED** |
| ) | |
|    Defendant/Counter-Plaintiff. ) | |
| ) | |

**DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO VACATE
THE COURT'S ORDERS GRANTING PLAINTIFFS/COUNTER-DEFENDANTS'
MOTIONS TO PROCEED PSEUDONONYMOUSLY
AND MEMORANDUM BRIEF IN SUPPORT THEREOF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., A.W., G.C., M.L., ) | |
| ) | |
|     Plaintiffs/Counter-Defendants, ) | |
| ) | |
| vs. ) | Case No.: 7:24-CV-00151-ACA |
| ) | |
| ERROL GREGORY BRYANT, ) | |
| ) | |
|     Defendant/Counter-Plaintiff. ) | |
| ) | |

**DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO VACATE
THE COURT'S ORDERS GRANTING PLAINTIFFS/COUNTER-DEFENDANTS'
MOTIONS TO PROCEED PSEUDONONYMOUSLY**

**COMES NOW,** Defendant/Counter-Plaintiff, Errol Gregory Bryant, (hereinafter, "Bryant"), by and through the undersigned counsel of record, and hereby moves this Honorable Court to Vacate its Orders granting Plaintiffs/Counter-Defendants' (hereinafter, "Plaintiffs") Motions to proceed pseudonymously, and as grounds therefor, Bryant relies on the Memorandum of Law filed contemporaneously herewith.

**I.      INTRODUCTION**

This case presents a one-sided exercise of secrecy that has inflicted substantial prejudice on Bryant. Plaintiffs have been allowed to proceed anonymously based solely on speculative fears of reputational or professional harm. While this Honorable Court correctly exercised its discretion pursuant to 15 U.S.C.A. § 6851 in allowing Plaintiffs to proceed under a pseudonym in the early stages of litigation, the totality of the circumstances at that time had not yet fully developed. In addition, at the time Plaintiffs' anonymity was granted, state law counterclaims had not yet been

asserted—as they now have—circumstances[1] which make anonymity more prejudicial and less appropriate. For his newly filed counterclaims, Bryant is the victim of Plaintiffs, whose identities would normally not be protected in such an action. Since the filing of this action, Bryant has already suffered professional harm and extensive reputational damage in his community due to Plaintiffs' false and salacious allegations.[2] Plaintiffs, by contrast, remain shielded from public scrutiny while publicly accusing Bryant of serious misconduct. This imbalance is inconsistent with the constitutionally embedded presumption of open judicial proceedings.

Before examining the law applicable to Plaintiffs' Motions to proceed pseudonymously, the Court must know that Plaintiffs have repeatedly publicized the facts of this case, flooding the internet and the community with the details of their as-yet-unchallenged allegations—even sharing details of the Complaint with the public.[3] These repeated publications serve to taint the potential jury pool against Bryant before Plaintiffs' allegations can even be adjudicated. Such behavior underscores just one of the reasons why anonymity is rarely granted by the Courts—it is fundamentally unfair. While remarkable circumstances might lead a Court to grant an exception to judicial openness and tolerate the disadvantage it foists on a Defendant, no such remarkable circumstance can exist where a Plaintiff seeks out publicity and actively wields it against a Defendant. When a Plaintiff intentionally publicizes her claims while remaining anonymous in the litigation process, the prejudice and unfairness is more than just possible—it is palpable. In such a scenario, permitting a Plaintiff to proceed anonymously unjustly hands her the very advantage the cases cited herein warn against.

---

[1] *See*, *Doe v. Trs. of Bos. Univ.,* No. CV 24-10619-FDS, 2024 WL 4700161, at *6 (D. Mass. Nov. 6, 2024) "[c]onsequently, an order granting pseudonymity should be periodically reevaluated if and when circumstances change."); *Doe v. Massachusetts Inst. of Tech.,* 46 F.4th 61 (1st Cir. 2022) (An "order granting pseudonymity should be periodically reevaluated if and when circumstances change."); *Doe v. Mass. Inst. of Tech.,* 46 F.4th 61, 66-67 (1st Cir. 2022).

[2] Doc. 1 and 38.

[3] Doc. 61 pp. 20.

2

Plaintiffs' Motions rest solely upon the self-serving declarations asserted therein, without any evidence of the public condemnation, retaliation, discipline at work, or job loss Plaintiffs claim.[4] These claims are wholly insufficient to constitute the exceptional circumstances required in justifying anonymity. In light of the current procedural posture and given the totality of the circumstances discussed below, Bryant respectfully moves this Honorable Court to vacate its orders granting Plaintiffs' anonymity and require Plaintiffs to proceed under their true names.

## II.  LEGAL STANDARD

Generally, parties to a lawsuit must identify themselves in their respective pleadings. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)[5]. Federal Rule of Civil Procedure 10(a) requires that complaints "name all the parties," and Rule 17(a) requires the prosecution of an action "in the name of the real party in interest." Fed. R. Civ. P. 10(a) and 17(a). "Th[ese] rule[s] serve[] more than administrative convenience. [They] protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).[6] However, these rules are not absolute, and a party may proceed anonymously in a civil suit in federal court by showing that she "has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a Court decides to restrict public scrutiny of judicial proceedings." *Frank*, 951 F.2d 320. It is not any one

---

[4] Doc. 2 at p. 3-4; Doc. 39 at p. 3-4.
[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
[6] (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981) and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (Fed. R. Civ. P. 10(a) protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.); see also, *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010)( "The normal presumption in litigation is that parties must use their real names.")

3

fact that controls; "customary and constitutionally embedded presumption[s] of openness in judicial proceedings" can only rarely be overcome. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).

In evaluating whether to allow a Plaintiff to proceed anonymously, courts should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the Plaintiff's identity should yield to the Plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979); see also, *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019); *but see, e.g., Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (stating that "the analysis of whether a Plaintiff may proceed anonymously may change at different stages of the litigation"); *see also, Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."); *Sisters of St. Francis*, 2021 WL 664006, at *4 ("The Court recognizes that, should this case proceed to trial or other developments arise, this balance could change. Accordingly, the Court remains open to reevaluating its conclusion should the need arise.").

Because the general rule is that lawsuits are public, "a Plaintiff should be allowed to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the Plaintiff's identity. The risk that a Plaintiff may suffer some embarrassment is not enough." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). A first step in this evaluation is to consider (1) whether Plaintiffs are challenging governmental activity, (2) whether Plaintiffs will "be required to disclose information of the utmost intimacy," or (3) whether Plaintiffs will "be compelled to admit their intention to engage in illegal conduct and thus risk

4

criminal prosecution."[7] Eleventh Circuit precedent limits anonymity to circumstances involving *actual* risk of *severe* harm, not mere embarrassment or workplace discomfort. *Frank*, 951 F.2d at 324. (emphasis added). Courts routinely reject pseudonymity in cases involving sexual content where the asserted harm is reputational rather than physical. *Id.*

Dated:   December 22, 2025

Respectfully submitted,

/s/J. Thomas Burgess
J. Thomas Burgess, ASB#: 0554-S78J
Scott A. Holmes, ASB#: 8908-S78H
Erin M. Agricola, ASB#: 4496-I30A
*Attorneys for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES, LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

/s/Jason L. Wollitz
Jason L. Wollitz, ASB# 6349-W74J
One Independence Plaza, Suite 305
Homewood, Alabama 35209
Telephone: (205) 541-6033
*Attorney for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

---

[7] *Francis*, 631 F.3d 1310, (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)); *see also Doe #1 v. MG Freesites, Ltd.*, 2021 WL 2556009 (N.D. Ala. 2021); *Stegall*, 653 F.2d at 185 (restating the test); *Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

## CERTIFICATE OF SERVICE

  I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on December 22, 2025:

  Yuri R. Linetsky, ASB#: 3088-B20W
  Ricky T. Chambless, ASB#: 5879-S77R
  Jack Steinmetz, *Law Student Intern*
  Haley Noele Follmer-Burnett, *Law Student Intern*
  Hannah Palmer, *Law Student Intern*
  Sara Philp, *Law Student Intern*
  THE UNIVERSITY OF ALABAMA SCHOOL OF LAW
  CIVIL LAW CLINIC
  Box 870392
  Tuscaloosa, Alabama 35487-0392
  Telephone: 205.348.4960
  Facsimile:  205.348.6851
  ylinetsky@law.ua.edu
  rchambless@law.ua.edu
  jack.steinmetz@law.ua.edu
  haleynoele.follmerburnett@law.ua.edu
  hannah.palmer@law.ua.edu
  sara.philp@law.ua.edu
  *Attorneys and Law Student Interns for*
  *Plaintiffs/Counter-Defendants*

                    */s/J. Thomas Burgess, Jr.*
                    OF COUNSEL