IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Z.P., A.W., G.C., M.L., | ) |
| Plaintiffs/Counter-Defendants, | ) |
| vs. | ) Case No.: 7:24-CV-00151-ACA |
| ERROL GREGORY BRYANT, | ) |
| Defendant/Counter-Plaintiff. | ) |

## DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO SEAL OR STRIKE

**COMES NOW,** Defendant/Counter-Plaintiff, Errol Gregory Bryant, (hereinafter, "Bryant"), by and through the undersigned counsel of record, and hereby responds to Plaintiffs/Counter-Defendants' (hereinafter, "Plaintiffs") Motion to Seal, and as grounds therefor, states as follows.

### I.     INTRODUCTION

Bryant categorically disputes Plaintiffs' assertion that Doc. 99 contains any personally identifiable or confidential information. Bryant further maintains that all information contained in Doc. 99 was properly and fully redacted in compliance with the Federal Rules of Civil Procedure, this Court's orders, and applicable law. Plaintiffs seek to seal Defendant's reply brief based on speculation, internal inconsistency, and a fundamental misunderstanding of both the pseudonymity orders and the law governing public access to judicial records. Their motion should be denied.

### a. *Plaintiffs Fail to Establish Good Cause for Sealing.*

Although Doc. 99 was filed in connection with a non-dispositive matter, Eleventh Circuit precedent makes clear that sealing is not automatic and requires a particularized showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). In assessing whether good cause exists, courts must balance the asserted interest in confidentiality against the public's right of access and consider whether any legitimate interest can be adequately protected through targeted redaction rather than wholesale sealing. *Id.*; *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

Like pseudonymity, sealing is an extraordinary remedy that requires a specific showing of concrete harm. Plaintiffs make no such showing and Plaintiffs have not met their burden under this standard. Instead, they rely on conclusory assertions that redacted portions of publicly available communications are "identifying." *Press–Enter. Co. v. Superior Court*, 478 U.S. 1, 15, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986) ("right of access cannot be overcome by ... conclusory assertion"). The Eleventh Circuit has repeatedly rejected sealing requests grounded in speculation rather than evidence. Doc. 99 contains no identifiable information, and any conceivable privacy concern has already been addressed through appropriate redactions, which Eleventh Circuit precedent recognizes as the preferred and less restrictive alternative to sealing.

The materials at issue consist of screenshots of public Facebook communications disseminated by Plaintiffs themselves or identifying Plaintiffs. Bryant possesses these materials only because they were publicly available. Plaintiffs cannot convert public information into protected material merely by invoking pseudonymity or sealing.

### b. Information Cannot Become More Identifiable By Being Further Obscured.

Plaintiffs argue that obscuring the final four digits of telephone numbers renders them "easily identifiable." This is illogical and unsupported. Redaction increases ambiguity. Removing information cannot make identification easier.

Even assuming *arguendo* that a partial telephone number could serve as an identifier, obscuring the final four digits expands the universe of possible numbers from one to 10,000, many of which are likely unassigned or inactive. Plaintiffs identify no public method by which an individual could be identified from such incomplete information. Plaintiffs' arguments cannot be credited when premised on the notion that a person becomes easier to identify as information about them is taken away.

### c. Plaintiffs Reverse Their Theory of Identifiability And Create a Legal Paradox.

Plaintiffs' arguments are mutually exclusive and legally untenable. First, Plaintiffs sought pseudonymity on the ground that information that has been publicly disseminated could link them to the allegations.

Next, in defense of their opposition to Bryant's Motion to Vacate, Plaintiffs insist that the information was "not widely disseminated enough" because the information is "limited," "minimal," and was "privately" discussed in a "handful of comments" in a female-only Facebook group, sometimes anonymously, and/or shared with "other victims," via personal cell phone. Specifically, Plaintiffs claim that such information creates "no concern in the current case of the parties affiliating with or being themselves a famously known figure or otherwise already recognizable…" and "case law does not support the proposition that a Plaintiff's vague references to the subject matter of a case in a Facebook group amount to public dissemination" because "Plaintiffs in the current matter are not posting with links to the

3

graphic images or videos that they wish to keep separate from their identities by remaining anonymous. Instead, the Plaintiffs in the current matter posted comments with the vague context of what the Defendant had done to them—this does not, nor even attempt to, draw a connection between their identities and the graphic depictions…".

Bryant reproduced those same public communications—and further redacted them in Doc. 99. Plaintiffs then *completely* reversed their position and *now* contend that Bryant's redacted versions of these public communications are identifying and must be sealed. Identifiability cannot be simultaneously presumed, denied, and then revived through redaction. Plaintiffs' shifting position underscores the speculative nature of the alleged harm and provides no basis for sealing or pseudonymity.

Plaintiffs' theory depends not on the content of the images, but on the procedural posture in which they are discussed. Identifiability does not depend on which party files a document, nor can it arise from the removal of information. Plaintiffs cannot maintain that public communications justify pseudonymity, yet claim those same communications become identifiable and justify sealing only when reproduced by Bryant in reduced form. This logical inversion consists of self-defeating arguments which cannot co-exist. So too, Plaintiffs cannot assume identifiability to state a claim, deny it to preserve pseudonymity, and then assert it when Defendant removes additional information from the same information.

    d. *Public Disclosure Defeats Sealing.*

Nothing in Docs. 9 or 40 prohibits filing lawfully obtained, publicly disseminated communications, especially where those communications were published by Plaintiffs themselves. Information already in the public domain carries a strong presumption of access. Plaintiffs do not dispute that the communications at issue were publicly posted. They identify

4

no extraordinary circumstance justifying sealing judicial records that merely reflect public information.

### e. Plaintiffs' Remaining Arguments Lack Merit.

Plaintiffs' assertion that an area code reveals a person's location is demonstrably false. Area codes do not establish residence. Plaintiffs' complaint regarding partial profile images ignores that Plaintiffs themselves made those images public. Moreover, no evidence has been provided to show that any portion of the image that is not redacted can be used to identify Plaintiffs.

Likewise, Plaintiffs' transcript argument is unsupported by any order barring reference to open-court proceedings. Redactions to the transcript, if any, will not be made to the information cited in Doc. 99. Finally, formatting issues are not grounds for sealing judicial records.

### f. Plaintiffs' Alternative Request to Strike Is Also Due To Be Denied.

Plaintiffs' alternative request to strike unspecified portions of Defendant's brief is equally unsupported. Defendant appropriately redacted information consistent with governing orders and public-access principles.

## II. CONCLUSION

Plaintiffs have not carried their burden to overcome the presumption of public access. Their motion relies on speculation, logical inconsistency, and a misapplication of pseudonymity doctrine. Plaintiffs' motion to seal or strike is due to be denied.

Dated:   January 29, 2026

Respectfully submitted,

 /s/J. Thomas Burgess
J. Thomas Burgess, ASB#: 0554-S78J
Scott A. Holmes, ASB#: 8908-S78H
Erin M. Agricola, ASB#: 4496-I30A
*Attorneys for Defendant/Counter-Plaintiff, Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES, LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

*/s/Jason L. Wollitz*
Jason L. Wollitz, ASB# 6349-W74J
One Independence Plaza, Suite 305
Homewood, Alabama 35209
Telephone: (205) 541-6033
*Attorney for Defendant/Counter-Plaintiff, Errol Gregory Bryant*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on January 29, 2026:

Yuri R. Linetsky, ASB#: 3088-B20W
Ricky T. Chambless, ASB#: 5879-S77R
Jack Steinmetz, *Law Student Intern*
Haley Noele Follmer-Burnett, *Law Student Intern*
Hannah Palmer, *Law Student Intern*
Sara Philp, *Law Student Intern*
Anna Jay, *Law Student Intern*
THE UNIVERSITY OF ALABAMA SCHOOL OF LAW
CIVIL LAW CLINIC
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile: 205.348.6851
ylinetsky@law.ua.edu
rchambless@law.ua.edu
jack.steinmetz@law.ua.edu
haleynoele.follmerburnett@law.ua.edu
hannah.palmer@law.ua.edu
sara.philp@law.ua.edu
anna.jay@law.ua.edu
*Attorneys and Law Student Interns for Plaintiffs/Counter-Defendants*

                                                           */s/J. Thomas Burgess, Jr.*
                                                           OF COUNSEL