FILED

2026 Feb-12  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **Z.P., A.W., G.C., M.L.,** | ) | |
| | ) | |
| **Plaintiffs/Counter-Defendants,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 7:24-CV-00151-ACA** |
| | ) | |
| **ERROL GREGORY BRYANT,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

---

## DEFENDANT/COUNTER-PLAINTIFF'S NOTICE OF
## PLAINTIFFS/COUNTER-DEFENDANTS' DISCOVERY DEFICIENCIES

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| Z.P., A.W., G.C., M.L., | ) |
| | ) |
| Plaintiffs/Counter-Defendants, | ) |
| | ) |
| vs. | )    Case No.: 7:24-CV-00151-ACA |
| | ) |
| ERROL GREGORY BRYANT, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |
| | ) |

_____

**TABLE OF CONTENTS**

_____

I.    PLAINTIFFS' DISCOVERY RESPONSES ...................................................2

II.   PLAINTIFFS' DISCOVERY RESPONSES REMAIN
      SERIOUSLY DEFICIENT ..........................................................................5

      a.   Even After Multiple Opportunities, Plaintiffs
           Still Have Not Fully Identified Relevant
           Communications or Individuals. ...............................................5

      b.   Plaintiffs Failed to Produce Documents
           Corresponding to Their Responses After the
           July 25, 2025 Meet-and-Confer. ..............................................10

      c.   Plaintiffs' Supplemental Responses Conflict
           With Earlier Responses Without Explanation. ........................14

      d.   Plaintiffs Failed to Produce Complete
           Information Regarding All Platforms, Devices
           Used, and Associated Information...........................................17

i

e.    Plaintiffs' Responses Regarding Posts/Images/Depictions Have Been Limited To Bryant Only............................................................................18

f.    Plaintiffs' Responses to Interrogatories 14, 15, and 16 Rely on Unidentified Individuals Found in Plaintiffs' Exhibits to Requests for Admissions to Bryant. ...........................................................18

g.    Plaintiffs Failed to Provide All Healthcare Providers During 2020 – 2025. ...........................................19

h.    Plaintiffs Failed to Supplement Their Rule 26 Disclosures and Their Responses to Bryant's Requests for Production of Documents...................................19

**III.    CONCLUSION** .........................................................................**20**

**\*\*    CERTIFICATE OF SERVICE** ………………………………… **23**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Z.P., A.W., G.C., M.L.,** ) | |
| ) | |
| **Plaintiffs/Counter-Defendants,** ) | |
| ) | |
| **vs.** ) | **Case No.: 7:24-CV-00151-ACA** |
| ) | |
| **ERROL GREGORY BRYANT,** ) | |
| ) | |
| **Defendant/Counter-Plaintiff.** ) | |
| ) | |

---

### DEFENDANT/COUNTER-PLAINTIFF'S NOTICE OF
### PLAINTIFFS/COUNTER-DEFENDANTS' DISCOVERY DEFICIENCIES

---

**COMES NOW,** Defendant/Counter-Plaintiff, Errol Gregory Bryant, (hereinafter, "Bryant"), by and through the undersigned counsel of record, and hereby submits his Notice of Plaintiff/Counter-Defendants' (hereinafter, "Plaintiffs") Discovery Deficiencies.[1] Additionally, certain exhibits[2] referenced herein contain information that could reveal or tend to reveal Plaintiffs' identities.

---

[1] For brevity, this Notice highlights representative deficiencies in Plaintiffs' discovery responses and does not purport to identify every instance of noncompliance. Should the Court wish, Bryant can submit a more comprehensive accounting of the numerous deficiencies in Plaintiffs' discovery responses.

[2] Exhibit A, *(filed under seal)* Bryant's Interrogatories and Requests for Production of Documents to Plaintiffs, is included as a result of Plaintiffs' failure to include the same in their responses, which are attached as Exhibit B *(filed under seal)*. Exhibit C *(filed under seal)* is a chart outlining the status of Bryant's records requests pursuant to the Court's Order.

Consistent with the Court's pseudonymity Orders, those materials have been submitted under seal pursuant to Bryant's Motion to Seal.[3]

## I.    PLAINTIFFS' DISCOVERY RESPONSES

1. On January 23, 2025, Plaintiffs submitted their Rule 26 Initial Disclosures, (hereinafter "Rule 26 Disclosures").

2. On May 14, 2025, counsel for Bryant propounded discovery upon Plaintiffs.

3. On June 25, 2025, counsel for Plaintiffs served only Tom Burgess, and not all counsel of record, with unsigned discovery responses relative to Z.P., G.C., and A.W. These responses were wholly non-responsive and included many baseless and improper objections. No responses were received from M.L.

4. On June 26, 2025, counsel for Bryant requested signed responses, as required by the Federal Rules of Civil Procedure.

5. On June 27, 2025, counsel for Bryant forwarded correspondence to counsel for Plaintiffs outlining a detailed list of deficiencies for the three sets of discovery responses received and requested cured responses by July 2, 2025.

6. On June 30, 2025, counsel for Bryant issued additional discovery requests to Plaintiffs.

7. On July 1, 2025, counsel for Bryant received discovery responses with redacted signatures from all Plaintiffs, (hereinafter "July 1 Responses.").

---

[3] Doc. 105.

However, the deficiencies discussed in counsel for Bryant's June 27, 2025 correspondence were not addressed.

8.  On July 2, 2025, counsel for Bryant sent a letter to counsel for Plaintiffs outlining the deficiencies in M.L.'s responses and requested cured responses by July 3, 2025.

9.  By July 4, 2025, counsel for Bryant had not received any responses curing the deficiencies for any Plaintiff.

10. On July 7, 2025, counsel for Bryant requested a telephone conference in an effort to resolve disagreements with discovery requests.

11. On Tuesday, July 8, 2025, counsel for Plaintiffs stated he was available until 3:00pm that day but he was "having to go through [the] deficiency claims one by one and it [was] taking some time." He further stated he had "2 trials set for next week, and trial prep [was] taking time from this case" and he "hope[d]" to have a response by "Monday or Tuesday."

12. On July 8, 2025, counsel for Bryant responded and agreed to a teleconference subject to receiving the cured responses promised the following Monday, July 11, 2025.

13. On July 16, 2025, having received no response to requests for complete discovery responses, counsel for Bryant requested complete responses be forwarded by July 16, 2025.

14. On July 16, 2025, counsel for Plaintiffs responded stating the responses were "taking some time" and they were still "working on them" because "Plaintiffs are scattered with widely varying work schedules," and they "are having to rely on the U.S. Mail to get signatures." They indicated they "should be able" to provide *unsigned* responses by the following Friday, July 18, 2025.

15. On July 16, 2025, counsel for Bryant responded with a detailed timeline of Plaintiffs' continued delays in responding to discovery requests.

16. On July 17, 2025, counsel for Plaintiffs reasserted the same responses and objections with minimal changes to Bryant's first set of interrogatories and served deficient responses and improper objections to Bryant's second set of discovery requests, (hereinafter, collectively, "July 17 Responses"). All responses were unsigned.

17. On July 22, 2025, counsel for Bryant requested a conference call with counsel for Plaintiffs to discuss these deficiencies as well as other discovery issues.

18. Counsel for Bryant certifies that, on July 25, 2025, pursuant to this Court's order and the Federal Rules of Civil Procedure, all counsel participated in a conference call for approximately one hour wherein counsel for Bryant clarified what Bryant's discovery requests entailed. Counsel for Bryant specifically and repeatedly explained that the request included production of

all information and documents related or referred to in Plaintiffs' discovery responses and Bryant's production.

19. On September 3, 2025, counsel for Plaintiffs provided signed responses for Z.P., G.C., and unsigned responses for A.W., which were signed on September 11, 2025.  On September 15, 2025, counsel for Plaintiffs provided signed responses for M.L. (hereinafter, "September Responses").

20. On January 20, 2026, counsel for Plaintiffs provided signed responses for all Plaintiffs, (hereinafter, "January Responses").

## II.    PLAINTIFFS' DISCOVERY RESPONSES REMAIN SERIOUSLY DEFICIENT[4]

### a. Even After Multiple Opportunities, Plaintiffs Still Have Not Fully Identified Relevant Communications or Individuals.

Plaintiffs' responses to Interrogatories 2, 4, and 5 are deficient because they substitute repetitive, boilerplate descriptions for the substantive content actually requested. Descriptions of communications with all individuals listed are generic, conclusory, substantially the same,[5] and fail to briefly describe the specific knowledge possessed, factual linkage or knowledge of particular events, or a description of each person's role or relationship to Plaintiff.  It is fundamentally

---

[4] See also, Exhibits A and B, *filed under seal*. Bryant has narrowly tailored its request to seal only those materials that implicate the confidentiality protections previously ordered by the Court. The Notice itself is filed publicly to preserve the presumption of open judicial proceedings.

[5] See also, *Z.P., et al. v. Errol Gregory Bryant*, No. 7:24-cv-151-ACA, Transcript of Motion to Compel Hearing at p. 12:15-16 (N.D. Ala. Dec. 5, 2025) ("THE COURT: […] let's talk about some of your responses to the interrogatories. I'll note a substantial similarity between all of them.")

unfair to expect Bryant to mount a meaningful defense while Plaintiffs, in bad faith, withhold the very discovery that forms the basis of and is essential to that defense.

Rather than identifying the substance of each witness's knowledge or the content of *each* communication, Plaintiff Z.P., for example, provides nothing more than vague categorical labels copied and pasted across dozens of individuals. For example, in response to Interrogatory 2, Plaintiff identifies 51 persons but describes their knowledge using only a handful of recycled phrases — 17 individuals receive the identical description that they "[k]now about Plaintiff Z.P. and Defendant's relationship, the nonconsensual postings, the details of the lawsuit, and the effects of the relationship and lawsuit on Plaintiff Z.P." Another 16 individuals share a single identical description—and so on across the remaining witnesses. Not one of the 51 listings identify *what* the person actually knows, what they were told *each* time, *when* they learned it, or to *what specific facts* they could testify. The response tells Bryant only that the listed individuals "know about" the case in some generic sense — information that is self-evident from their inclusion on the list and entirely useless for deposition or trial preparation.

For her 51 people, Z.P. recycles seven phrases; A.W. recycles seven phrases for the 12 people she lists; G.C. recycles four phrases for the 9 individuals listed; and M.L. recycles variations of one or two phrases for the 6 individuals she listed. Notably, five of the individuals listed by each Plaintiff are the other Plaintiffs,

Bryant, and a Tuscaloosa investigator.

Z.P. and G.C. listed facilities and provided no information as to any individual within the facilities who has knowledge. Z.P. failed to list multiple individuals found in the communications produced by Bryant. Many of the individuals listed have incomplete contact information, even an "unknown" name, despite having this information and/or without explanation as to any reasonable inquiry. Plaintiffs repeatedly state, "Phone number is not known to Z.P.," which is converse to information produced.



The images below, found in Bryant's production, are only a few examples of information Plaintiffs failed to disclose or identify.

















The same deficiency plagues Interrogatories 4 and 5. Rather than describing the content of communications, Plaintiffs groups individuals into broad categories and states only that they have "communicated with Plaintiff [] about general information about the lawsuit and the effects of the lawsuit." The methods of communication — "in person and via phone call and text" — are listed identically for every person, with no dates, no descriptions of what was actually said, and no differentiation among the individuals listed. Usernames for the individuals listed and platforms exhibited in Bryant's production were also not provided or completely ignored.[6]

---

[6] See also Section "c" *infra.*

8

In Z.P.'s responses to Interrogatories 6 and 10, Z.P. stated she "consented to the posting of one intimate visual depiction of herself and Defendant on both of their FetLife accounts," but gave no further description of the posting. M.L. provided incomplete contact information for the very individual to which she alleges Bryant disclosed intimate depictions.[7]

For Interrogatory 17, Z.P. provided 15 people as the individuals "referred to in lines 25-28 & 35 of the Amended Complaint."[8] However, lines 25-28 refer to *one* individual:

25.    Bryant eventually deleted the videos of Z.P. from OnlyFans, but Z.P. found videos of *another woman* on Bryant's OnlyFans one or two days later.

26.    Z.P. contacted *the woman* through social media to inform her about the videos, and the woman told Z.P. that she had also not consented to the disclosure of her intimate visual depictions.

27.    After Bryant noticed that Z.P. and *the other depicted woman* had become "friends" on social media, he deleted his entire OnlyFans page.

28.    On September 11, 2021, Z.P. told Bryant to leave her and *the other woman* alone and not to contact her again.

This selective disclosure is evasive. These responses violate Rule 33(b)(3), Fed. R. Civ. P., which requires that each interrogatory be answered, after *reasonable inquiry*, "separately and fully," and, under Rule 37(a)(4), an evasive or incomplete

---

[7] Doc. 38 at ¶ 74.
[8] Doc. 38.

answer "must be treated as a failure to disclose, answer, or respond." A party cannot satisfy its discovery obligations by assigning witnesses to generic "topic buckets" while withholding the actual substance of their knowledge and communications. The purpose of interrogatories is to identify specific facts — not to generate a contact list with vague subject-matter descriptions.

Bryant is entitled to know, for each identified person: (1) the specific facts known to that individual; (2) the substance of any communications, including when they occurred and what was said; and (3) sufficient detail to evaluate the relevance of each witness and prepare for deposition or trial. Plaintiffs' current responses provide none of this and no explanation as to any reasonable inquiry has been provided by any Plaintiff.

### b. Plaintiffs Failed to Produce Documents Corresponding to Their Responses After the July 25, 2025 Meet-and-Confer.

Plaintiffs reference texts, links, messenger platforms, etc. but have not produced such information. Plaintiffs' responses to Interrogatory 12 do not include any particularity as to when or where the information is posted or located and no documentation was produced relative to the request.

During the deficiency conference call of July 25, 2025 to clarify Bryant's requests, the undersigned specifically requested production of all information and documents related or referred to in Plaintiffs' discovery responses and Bryant's production.  Despite obtaining this clarification during the call, to date, Plaintiffs

have produced no additional documents to reconcile or support their responses or their revised factual positions, while asserting in discovery that no responsive documents exist or are within their possession, custody, or control—assertions that are incompatible with their pleaded allegations, exhibits to their discovery to Bryant, and their good faith promises of July 25, 2025.[9]

Plaintiff's responses specifically lack production of the very materials Plaintiffs rely upon, violating Rules 26(g), 34, and 37(a)(4). Plaintiffs have produced no documents responsive to requests seeking materials they affirmatively rely upon (images, videos, communications), despite attaching those same materials as exhibits to Plaintiffs' Requests for Admissions to Bryant. Such conduct further underscores the evasive nature of Plaintiffs' responses and raises additional concerns under Rule 26(g) regarding reasonable inquiry and certification. The Federal Rules of Civil Procedure do not permit a party to avoid production obligations while selectively using documents in discovery.

Moreover, according to Z.P.'s Facebook posts, such information is readily available.



---

[9] See also, Section "f" *infra*.



A.W. has also withheld relevant information that was requested as seen in

Bryant's text conversations[10] with A.W. which have been produced by Bryant.

---

[10] See also, *Z.P., et al. v. Errol Gregory Bryant*, No. 7:24-cv-151-ACA, Transcript of Motion to Compel Hearing at p. 24:16-19 (N.D. Ala. Dec. 5, 2025) ("THE COURT: Okay. But even if they don't have the same phone they would still have access to the data that was on the phone because it transfers from phone to phone to phone.")

 

*   *   *   *

 

13

### c. Plaintiffs' Supplemental Responses Conflict With Earlier Responses Without Explanation.

M.L. discloses her Snapchat username for Interrogatories 6, 7, 8, 10, and 12 but does not provide her username for Feeld found in her response to Interrogatory 8.  Z.P. provides her FetLife username but does not provide anonymous or burner account usernames/platforms.

Bryant undertook substantial effort to compile this information and his production of documents. Absent that effort, Plaintiffs' omissions would have continued unabated—allowing concealment of, not only the deficiencies compared to Bryant's production, but also additional discoverable information.

A.W. discloses her Snapchat username in Interrogatories 5 and 6; however, her previous September response to Interrogatory 7 included OnlyFans and Reddit. No information as to these accounts was provided.  G.C. names her "boyfriend" in her prior response to Interrogatory 4 but does not identify this individual in the latest January responses.

G.C. stated she did not authorize distributions of intimate content in her July response to Interrogatory 8; however, in her January response to Interrogatory 12, G.C. stated she "consented to the posting of one intimate visual depiction of herself and Defendant on both their FetLife accounts…". G.C. gave no dates or further description of the posting. G.C. has not produced any relevant videos—even those authored and sent by her to Bryant.

14

 

M.L. also stated she never consented to being recorded nor did she authorize distributions of intimate content in her July response to Interrogatory 8 and in her July response to Interrogatory 5, she stated she consented to Bryant sending "a single video to a specific individual…"; however, in her most recent January responses, this information is omitted and no individual was identified, much less the video itself. M.L. has not produced any relevant videos—even those authored and sent by her to Bryant.



Plaintiffs' January discovery responses materially contradict factual positions Plaintiffs previously asserted in their July and September discovery responses as well as information found in Bryant's production. Plaintiffs' January responses disclaim, deny, or materially qualify facts that Plaintiffs previously and affirmatively placed at issue in their July and September responses, without identifying newly discovered information or providing any explanation for the change in position.

If Plaintiffs' factual theory has changed, the appropriate mechanism is amendment under Rule 15 or supplementation under Rule 26(e)—not silent contradiction through certified discovery responses. Plaintiffs have neither explained the contradictions nor amended their pleadings or supplemented their discovery responses to reconcile them. This conduct renders Plaintiffs' responses evasive and incomplete within the meaning of Rule 37(a)(4).

Finally, despite their obligations under Rules 26(a), 26(e), and 34, Plaintiffs have not produced very postings or depictions upon which their alleged claims are premised. They likewise have also failed to provide sufficient information connecting each Plaintiff to those depictions, identifying where they were posted, demonstrating that they were posted at all, or establishing that Bryant was responsible for any such posting. To the extent Plaintiffs rely on the exhibits attached to their Requests for Admissions as the operative depictions, those materials have

not been properly identified or produced in compliance with their discovery obligations in accordance with the Federal Rules.[11]

### d. Plaintiffs Failed to Produce Complete Information Regarding All Platforms, Devices Used, and Associated Information.[12]

Plaintiffs' responses are incomplete and omit all device information including that of devices found in other responses or prior responses, complete account identifiers, IP data, dates, all platforms, all usernames, all mobile providers, and all internet providers. Plaintiffs have also selectively included some platforms and usernames but not others.[13]

As to Plaintiffs' January responses, Z.P.'s response to Interrogatory 11 references three devices yet only one IP address was included. A.W.'s response to Interrogatory 11 references two devices yet only one IP address was included. G.C.'s response to Interrogatory 11 references five devices yet only one IP address was included. M.L.'s response to Interrogatory 11 references one cell phone device; however, her September response references more than one device and states she lacks knowledge because "they" are no longer in use.

---

[11] See also, Section "f" *infra.*

[12] Each Plaintiff has admitted they failed to preserve relevant evidence as to devices in Interrogatories 7, 8, 10, 11, 12, and 13. Since filing the instant suit, A.W. has deleted her Facebook profile used during the relevant time period only to activate it again for the most recent responses. During the instant litigation, M.L. deleted her Feeld account used when she met Bryant and recently reactivated it. Z.P. and G.C. have deleted relevant content on their FetLife accounts and/or deleted the entire account. Z.P. has traded her phone as recently as June of 2025 according to her September responses.

[13] See also, Section "c" *supra.*

### e. Plaintiffs' Responses Regarding Posts/Images/Depictions Have Been Limited To Bryant Only.

Plaintiffs' responses should not be limited to Bryant. Interrogatories 6, 11, and 12 ask for information as to *all* postings of intimate depictions, not only those relative to Bryant; however, *all* Plaintiffs limited their responses to Bryant only. This information is needed for his defense and the prosecution of his counterclaim.

### f. Plaintiffs' Responses to Interrogatories 14, 15, and 16 Rely on Unidentified Individuals Found in Plaintiffs' Exhibits to Requests for Admissions to Bryant.

Plaintiffs' responses alternate between specificity and unexplained claims of "unknown"[14] with no explanation of investigative effort provided. Plaintiffs repeatedly state that postings occurred on multiple sites or multiple occasions but claim it is "unknown"[15] where, when, or by whom they were posted[16]—while previously attaching and relying on specific exhibits to Requests for Admissions to Bryant depicting those same materials. Requests for Admissions are not a standalone "production" unless Plaintiffs expressly identify[17] them as such or produce them in response to a document request. Fed. R. Civ. P. 26 and 34.

---

[14] The word "unknown" is used 362 times in Plaintiffs' responses.

[15] "However, it is unknown to Plaintiff [] on what date(s) or what other account(s) this was posted by Defendant." "Other intimate visual depictions of Plaintiff [] posted by Defendant are currently unknown to Plaintiff []."

[16] See 15 U.S.C.A. § 6851(b)(1)(A). "…an individual whose intimate visual depiction *is disclosed*, … *by a person* …, may bring a civil action against *that person* …" (emphasis added).

[17] See also, *Z.P., et al. v. Errol Gregory Bryant*, No. 7:24-cv-151-ACA, Transcript of Motion to Compel Hearing at p. 27:24 – 28:2 (N.D. Ala. Dec. 5, 2025) ("MS. PALMER: […] So that's part of the requests for admission that we sent to the defendants for him to sit down and go through and admit whether it's one of these girls or not.")

Further, Plaintiffs have not properly identified these Exhibits. Plaintiffs attempt to use Requests for Admissions as a vehicle to force disclosure, identity, and authentication through admissions, rather than through competent evidence and without any foundation showing how Bryant could reliably know who is depicted. Plaintiffs impermissibly attempt to shift their burden of proof to Bryant.

### g. Plaintiffs Failed to Provide All Healthcare Providers During 2020 – 2025.

All medical providers[18] were not produced for the listed time period. See **Exhibit C**, *filed under seal.[19]*

### h. Plaintiffs Failed to Supplement Their Rule 26 Disclosures and Their Responses to Bryant's Requests for Production of Documents.

Plaintiffs have not produced any additional documents since their production relative to initial disclosures on January 23, 2025, which included 39 pages—related, in large part, to Z.P. only—and two screen recordings of unidentifiable information. Plaintiffs have neither supplemented their Rule 26 disclosures nor their responses to Bryant's Requests for Production of Documents. Plaintiffs failed to supplement their Rule 26 disclosures relative to the information subpoenaed by Plaintiffs from

---

[18] As well as corresponding, signed medical authorizations.

[19] Bryant has narrowly tailored its request to seal only those materials that implicate the confidentiality protections previously ordered by the Court. The Notice itself is filed publicly to preserve the presumption of open judicial proceedings.

Tuscaloosa Police Department or identify[20] the media contained as exhibits to their Requests for Admissions to Bryant.

Plaintiffs' have failed to provide policy information required by Rule 26 and requested in Bryant's Requests for Production of Documents as well as Bryant's Interrogatory 20.

Just like their July, September, and January discovery responses, Plaintiffs' Rule 26 disclosures omit witnesses, categories of information, and subject matters that would necessarily correspond to Plaintiffs' pleaded factual positions, leaving Bryant unable to discern which facts Plaintiffs actually intend to pursue. Thus, Plaintiffs' Rule 26 disclosures and responses to Bryant's Requests for Production of Documents are deficient.

## III.    CONCLUSION[21]

The time allowed for Plaintiffs to cure their discovery deficiencies has come and gone. Plaintiffs' responses reflect a pattern of evasiveness, selective disclosure, inconsistency, contradictions, conclusory assertions, contrived allegations, spoliation, and strategic ambiguity, directly undermining the purpose of discovery and justifying sanctions and dismissal. See *Gratton v. Great Am. Commc'ns*, 178

---

[20] See *Z.P., et al. v. Errol Gregory Bryant*, No. 7:24-cv-151-ACA, Transcript of Motion to Compel Hearing at p. 32:14-23 (N.D. Ala. Dec. 5, 2025) ("THE COURT: So, I mean, [Bryant] needed [Plaintiffs] to do that, right?")

[21] Bryant respectfully submits that the sealed materials are provided solely to comply with the Court's pseudonymity protections and to permit the Court's full evaluation of the discovery issues presented.

F.3d 1373 (11th Cir.1999) (noting Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and to ensure the integrity of the discovery process).

Without even considering the effect on Bryant's defense resulting from Plaintiffs' numerous spoliation admissions throughout their responses, Plaintiffs' conduct has severely hindered Bryant's ability to prepare for trial, defend his case, and pursue his counterclaims. Plaintiffs' responses were not made in good faith. As a result of Plaintiffs' deficient discovery and evidentiary obstructions, Bryant has incurred *substantial* undue litigation expenses and costs.

Courts within the Eleventh Circuit recognize that inconsistent, misleading, or bad-faith discovery conduct warrants corrective action where it impedes the orderly progress of the case. See *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). Bryant expressly preserves his right to seek relief under Rules 26(g)(3) and 37, including cost-shifting, evidentiary limitations, or other appropriate sanctions, should Plaintiffs be permitted to proceed with their claims.

**WHEREFORE, PREMISES CONSIDERED,** Bryant respectfully requests that the Court dismiss Plaintiffs' Complaint, awarding Bryant reasonable attorneys' fees and costs, and granting such other and further relief to which Bryant may be entitled and which the Court deems just and proper.

Dated:   February 12, 2026.

Respectfully submitted,

 /s/ Erin M. Agricola
J. Thomas Burgess, ASB#: 0554-S78J
Scott A. Holmes, ASB#: 8908-S78H
Erin M. Agricola, ASB#: 4496-I30A
*Attorneys for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES, LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

/s/Jason L. Wollitz
Jason L. Wollitz, ASB# 6349-W74J
One Independence Plaza, Suite 305
Homewood, Alabama 35209
Telephone: (205) 541-6033
*Attorney for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

22

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on February 12, 2026:

Yuri R. Linetsky, ASB#: 3088-B20W
Ricky T. Chambless, ASB#: 5879-S77R
Jack Steinmetz, *Law Student Intern*
Haley Noele Follmer-Burnett, *Law Student Intern*
Hannah Palmer, *Law Student Intern*
Sara Philp, *Law Student Intern*
Anna Jay, *Law Student Intern*
**THE UNIVERSITY OF ALABAMA SCHOOL OF LAW**
**CIVIL LAW CLINIC**
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone: 205.348.4960
Facsimile:  205.348.6851
ylinetsky@law.ua.edu
rchambless@law.ua.edu
jack.steinmetz@law.ua.edu
haleynoele.follmerburnett@law.ua.edu
hannah.palmer@law.ua.edu
sara.philp@law.ua.edu
anna.jay@law.ua.edu
*Attorneys and Law Student Interns for*
*Plaintiffs/Counter-Defendants*

*/s/Erin M. Agricola*
**OF COUNSEL**