## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **Z.P., A.W., G.C., M.L.,** | ) | |
| | ) | |
| **Plaintiffs/Counter-Defendants,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 7:24-CV-00151-ACA** |
| | ) | |
| **ERROL GREGORY BRYANT,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

_____

### DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO CONTINUE HEARING

_____

**COMES NOW,** Defendant/Counter-Plaintiff, Errol Gregory Bryant, (hereinafter, "Bryant"), by and through the undersigned counsel of record, and hereby submits his Opposition to Plaintiffs/Counter-Defendants' (hereinafter, "Plaintiffs") Motion to Continue the March 17, 2026 hearing, Doc. 110, and states as follows:

### I.    INTRODUCTION.

Plaintiffs seek to continue the Court's scheduled hearing based on asserted scheduling conflicts of clinic personnel. Bryant opposes the requested continuance.

The undersigned defense counsel has a previously scheduled state court jury trial in the Circuit Court of Jefferson County, Alabama, beginning March 16, 2026.

In order to ensure attendance at this Court's hearing, defense counsel has already requested that the presiding judge in that matter conclude proceedings early on March 17 so that counsel may appear before this Court as scheduled. Given those accommodations already made to prioritize this Court's hearing, a continuance at this stage would create unnecessary disruption and prejudice to Bryant.

Under well-established federal law, continuances are not granted absent a showing of good cause, particularly where the requested delay would prejudice the opposing party or prolong unresolved discovery failures. Plaintiffs have not demonstrated such cause here. *D.A. v. Calhoun Cnty. Dep't of Hum. Res.,* 976 So. 2d 502, 504 (Ala. Civ. App. 2007).

## II.   LEGAL ARGUMENT.

### a.  *Plaintiffs Have Not Demonstrated Good Cause.*

Plaintiffs' motion cites a scheduling conflict with one of four Plaintiffs and travel accommodations for an otherwise available supervising attorney of record. However, such circumstances should not constitute good cause to delay this Court's hearing. Courts routinely deny continuances where the requesting party fails to demonstrate diligence or where the delay would prolong already-existing discovery problems. *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004).

***b. Remote Appearance Is a Reasonable Alternative for the Court's Consideration.***

If the identified individuals are unable to attend the hearing in person, Bryant would not oppose their participation via Zoom or other remote means should the Court permit such appearance. The importance of the hearing, however, warrants proceeding as scheduled.

Plaintiffs' representation through a law school clinic should not excuse compliance with this Court's scheduling orders. Accordingly, scheduling issues or staffing changes associated with clinic representation should not excuse Plaintiffs' failure to timely comply with Court settings nor do such issues constitute good cause for further delay in this matter.

***c. Repeated Scheduling Issues Associated with Clinic Participation.***

Plaintiffs' request also appears to coincide with the law school's spring break period.[1] Throughout this litigation, Bryant has experienced repeated delays attributable to transitions between clinic semesters, changes in law student assignments, scheduling conflicts associated with the clinic structure, and travel schedules of clinic participants.

---

[1] https://law.ua.edu/academics/academic-calendar/

3

### III.   CONCLUSION.

For the foregoing reasons, Bryant submits that Plaintiffs have not demonstrated good cause for a continuance and further delay would prejudice Bryant.

**WHEREFORE, PREMISES CONSIDERED,** Bryant respectfully requests this Honorable Court enter an order denying Plaintiffs' Motion to Continue and allow the March 17, 2026 hearing to proceed as scheduled.

Dated:   March 11, 2026

Respectfully submitted,

*/s/J. Thomas Burgess, Jr.*_____
J. Thomas Burgess, Jr. ASB#: 0554-S78J
Scott A. Holmes, ASB#: 8908-S78H
Erin M. Agricola, ASB#: 4496-I30A
*Attorneys for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

**OF COUNSEL:**
**BURGESS HOLMES, LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

*/s/Jason L. Wollitz*_____
Jason L. Wollitz, ASB# 6349-W74J
One Independence Plaza, Suite 305
Homewood, Alabama 35209
Telephone: (205) 541-6033
*Attorney for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on March 11, 2026:

Yuri R. Linetsky, ASB#: 3088-B20W
Ricky T. Chambless, ASB#: 5879-S77R
Jack Steinmetz, *Law Student Intern*
Haley Noele Follmer-Burnett, *Law Student Intern*
Hannah Palmer, *Law Student Intern*
Sara Philp, *Law Student Intern*
Anna Jay, *Law Student Intern*
**THE UNIVERSITY OF ALABAMA SCHOOL OF LAW CIVIL LAW CLINIC**
Box 870392
Tuscaloosa, Alabama 35487-0392
ylinetsky@law.ua.edu
rchambless@law.ua.edu
jack.steinmetz@law.ua.edu
haleynoele.follmerburnett@law.ua.edu
hannah.palmer@law.ua.edu
sara.philp@law.ua.edu
anna.jay@law.ua.edu
*Attorneys and Law Student Interns for Plaintiffs/Counter-Defendants*

*/s/J. Thomas Burgess, Jr.*
**OF COUNSEL**

5