IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Z.P., et. al.,                                    )
                                                  )
              Plaintiffs,                         )
                                                  )
      vs.                                         )
                                                  )   CASE NO. 7:24-CV-00151-ACA
ERROL GREGORY BRYANT,                             )
                                                  )
              Defendant.                          )

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF
PLAINTIFFS' DISCOVERY DEFICIENCIES**

Plaintiffs submit this Response to Defendant's Notice of Plaintiffs' Discovery

Deficiencies (Doc. 106) ("Defendant's Notice") to assist the Court in evaluating the

alleged deficiencies.

## I.    PLAINTIFFS' DISCOVERY RESPONSES ARE SUFFICIENT

### a.  Plaintiffs sufficiently answered the Defendant's Interrogatories as written.

Defendant's Notice is misleading because it mischaracterizes Plaintiffs'

responses to interrogatories and improperly asserts deficiencies where none exist.

Exhibit A-1 to Defendant's Notice is "Bryant's Interrogatories to Plaintiffs." Exhibit

A-2 to Defendant's Notice is labeled as "Plaintiffs' Responses to Requests for

Production," yet it merely contains Defendant's Requests for Production. Exhibit B

to Defendant's Notice is Plaintiffs' January Responses pursuant to the Motion to

Compel submitted January 20, 2026. ("January Responses"). Plaintiffs' January

1

Responses sufficiently answered Defendant's requests as stated because they fully and completely fulfill the plain text requirements asked of Plaintiffs.

i.    Interrogatories 2, 4, and 5

Defendant claims that Plaintiffs' responses to Interrogatories 2, 4, and 5 are deficient because they "substitute repetitive, boilerplate descriptions for the substantive content actually requested."[1] Plaintiffs' responses to Interrogatories 2, 4, and 5 contain descriptions of the knowledge possessed by each individual identified.[2] These descriptions include specific categories of knowledge, such as knowledge about relationships, nonconsensual postings, details of the lawsuit, and effects of the lawsuit.[3]

Plaintiffs sufficiently responded to Interrogatory 2 by identifying all individuals and "*briefly*" describing the knowledge or information each individual possesses or is believed to possess.[4] Plaintiff Z.P. identified all 51 persons, Plaintiff A.W. identified all 12 persons, Plaintiff G.C. identified all 9 persons, and Plaintiff M.L. identified all 6 persons who they believe or have reason to believe may have knowledge or information as to the factual allegations in the pleadings.[5] For each of these listed individuals, Plaintiffs complied with the definition of "identify" and

---

[1] *See* Doc. 106 p. 8.
[2] *See* Doc. 106 Exhibit B (filed under seal).
[3] *Id.*
[4] *Id.*
[5] *Id.*

provided the individual's name, current or last known address, telephone number(s), and electronic mail address, as well as briefly described the knowledge or information possessed.[6]

Defendant's Notice states that Plaintiffs are deficient for not providing "what the person actually knows, what they were told each time, when they learned it, or to what specific facts they could testify to."[7] However, the question does not request this information. If Defendant expected more specific information, such as "what the person actually knows, what they were told each time, when they learned it, or to what specific facts they could testify to," it would need to be included in the question itself or in the definition section to be required.

Additionally, Plaintiffs sufficiently responded to Interrogatories 4 and 5 by identifying any communications regarding the commercial pornographic content (Interrogatory 4) and intimate visual depictions (Interrogatory 5).[8] Both Interrogatories request Plaintiffs to "provide a *summary* of the substance of each communication."[9] For both, Plaintiff Z.P. identified all 47 persons, Plaintiff A.W. identified all 10 persons, Plaintiff G.C. identified all 8 persons, and Plaintiff M.L. identified all 6 persons who they communicated with regarding the commercial

---

[6] *Id*.

[7] *See* Doc. 106 p. 9.

[8] *See* Doc. 106 Exhibit B (filed under seal).

[9] *See* Doc. 106 Exhibit A-1 (filed under seal).

pornographic content pertaining to the allegations of this lawsuit.[10] Included with each person listed, Plaintiffs provided a short description of the topics and methods of communications.[11] For each of these individuals, Plaintiffs complied with the definition of "identify" and provided the individual's name, current or last known address, telephone number(s), and electronic mail address.[12]

Defendant's Notice states that Plaintiffs are deficient in their responses to Interrogatories 4 and 5 for not providing dates and descriptions of what was actually said.[13] However, the question does not require this information as described in the paragraph above. If Defendant expected more specific information, such as "dates and descriptions of what was actually said" they are required to be included in the question itself or in the definition section. Additionally, this information cannot be reasonably obtained by Plaintiffs as it is not readily available and would require undue burden to provide.

Defendant's Notice states that in Interrogatories 2, 4, and 5, Plaintiffs failed to include "a description of each person's role or relationship to Plaintiff."[14] Neither these interrogatories nor their definitions ask for this information.[15] If Defendant

---

[10] *See* Doc. 106 Exhibit B (filed under seal).
[11] *Id.* (For example, Investigator Lovejoy "has communicated with Plaintiff Z.P. about general information about the lawsuit's existence and subject matter. Plaintiff Z.P. went to TPD to identify herself in evidence. They communicated in person and via phone call and text.")
[12] *Id.*
[13] *See* Doc. 106 p. 11.
[14] *See* Doc. 106 p. 8.
[15] *See* Doc. 106 Exhibit A-1 (filed under seal).

expected more specific information, such as "a description of each person's role or relationship to Plaintiff" they are required to be included in the question itself or in the definition section. Therefore, Plaintiffs have complied with the interrogatory requests because they fully answered the question.[16]

Defendant's Notice states that Plaintiffs "Z.P. and G.C. listed facilities and provided no information as to any individual within the facilities who has knowledge."[17] However, Plaintiff Z.P. and G.C.'s responses are sufficient. These Interrogatories require Plaintiffs to "identify the person or persons."[18] In Defendant's First Set of Interrogatories, the definition of "person" includes "not only natural persons, but also firms."[19] Plaintiff Z.P. and G.C. list the relevant firms and facilities in their responses to Interrogatories 2, 4, and 5.[20] Plaintiffs sufficiently provided the name of the firms and facilities and the contact information that was known to each of them.[21]

>        ii.    Interrogatory 6

Interrogatory 6 requires Plaintiffs to "*list* all usernames or profile names you used and any address(es) or other contact information associated with such accounts

---

[16] *See* Doc. 106 Exhibit B (filed under seal).
[17] *See* Doc. 106 p. 10.
[18] *See* Doc. 106 Exhibit A-1 (filed under seal).
[19] *See* Defendant/Counter-Plaintiff's First Set of Interrogatories to Plaintiff/Counter-Defendant Z.P. (previously produced by Defendant's in a zip file on September 24, 2025).
[20] *See* Doc. 106 Exhibit B (filed under seal).
[21] *Id.*

in which intimate visual depictions of yourself were disclosed or published."[22] Defendant's Notice states that Plaintiffs are deficient for not providing descriptions of the postings.[23] However, the question does not request this information.[24] Because Defendant did not define the term "list," Plaintiffs interpreted the term in accordance with its ordinary meaning. Accordingly, Plaintiffs sufficiently responded to Defendant's Interrogatory 6 as the responses *listed* all usernames or profile names in which intimate visual depictions of the Plaintiffs were disclosed or published.[25] Thus, Plaintiffs sufficiently answered the question because Plaintiff Z.P. provided usernames for Snapchat and FetLife; Plaintiff A.W. provided usernames for Snapchat; Plaintiff G.C. provided usernames for Snapchat and FetLife; and Plaintiff M.L. provided usernames for Snapchat.[26]

### iii.    Interrogatory 10

Interrogatory 10 requires Plaintiffs to "*identify* all persons who assisted in the account verification, creation, distribution, postings, or monetizing of the intimate visual depictions of yourself."[27] Defendant's Notice states that Plaintiffs are deficient for not providing descriptions of the postings.[28] However, the question does not

---

[22] *See* Doc. 106 Exhibit A-1 (filed under seal).
[23] *See* Doc. 106 p. 12.
[24] *See* Doc. 106 Exhibit A-1 (filed under seal).
[25] *See* Doc. 106 Exhibit B (filed under seal).
[26] *Id.*
[27] *See* Doc. 106 Exhibit A-1 (filed under seal).
[28] *See* Doc. 106 p. 12.

request this information.[29] Plaintiffs sufficiently answered the question because they provided the name, address, number, and email.[30]

### b. Plaintiffs provided all known information without speculation.

When answering discovery responses, Plaintiffs provided all information known to them.[31] Defendant's Notice improperly emphasizes the frequency of the word "unknown" as a sign of deficiency; this is a red herring.[32]

### i.    Interrogatories 2, 4, and 5

Defendant's Notice states that Plaintiffs are deficient because "many of the individuals listed have incomplete contact information, even an "unknown" name."[33] While some Plaintiffs' responses do contain incomplete or unknown contact information, their responses are still sufficient because the Plaintiffs provided all information known to them as required.[34] For example, some of Plaintiff Z.P.'s responses contained profile or usernames without names, phone numbers, email addresses, or home addresses.[35] This information was not provided because it is unknown to Plaintiff Z.P. These individuals communicated with Plaintiff Z.P. over Facebook or FetLife. When communicating with Plaintiff Z.P., many of these

---

[29] *See* Doc. 106 Exhibit A-1 (filed under seal).
[30] *See* Doc. 106 Exhibit B (filed under seal).
[31] *Id.*
[32] *See* Doc. 106 p. 21 n. 14.
[33] *See* Doc. 106 p. 10.
[34] *See* Doc. 106 Exhibit B (filed under seal).
[35] *Id.*

individuals remained anonymous and did not share any personal contact information with Plaintiff Z.P. due to their fear of retaliation from Defendant. Out of respect for their personal safety and privacy, Plaintiff Z.P. did not pry into discovering their personal identities. Plaintiff Z.P. sufficiently answered interrogatories with all known information because she provided the profile or usernames that were known to her and cannot provide contact information that is unknown to her.[36]

Further, Defendant's Notice references a screenshot of Plaintiff Z.P. stating she found Yhonica Brackins's phone number, yet Plaintiff Z.P.'s responses state that she does not have this information.[37] The screenshot includes a comment that was made shortly after Plaintiff Z.P. attempted to discover Brackins's phone number by searching a reverse phone number website. Plaintiff Z.P. obtained a phone number from the website and texted it, believing it was Brackins's. Shortly after, Plaintiff Z.P. made the comment stating she "found Yhonica's phone number." However, Plaintiff Z.P. received no response from the number and remains unsure whether the number she contacted belonged to Brackins. Regardless of this, Plaintiff Z.P.'s response accurately asserted that she is not personally aware of Brackins's phone number, but that the number was included in Defendant's Initial Disclosures.[38] The fact that Defendant had this information in his initial disclosures further shows the

---

[36] *Id.*
[37] *See* Doc. 106 p. 10.
[38] *See* Doc. 106 Exhibit B (filed under seal).

disingenuous nature of his deficiency objections. Plaintiff Z.P. sufficiently answered interrogatories because she provided all known contact information and specified when information was unknown to her.[39]

Additionally, Defendant's Notice states that Plaintiff M.L. "provided incomplete contact information for the very individual to whom she alleges Bryant disclosed intimate depictions."[40] This is incorrect as Plaintiff M.L. has provided all known contact information.[41] Prior to their relationship dissolving, Plaintiff M.L. and Studdard lived together at her home address, which was provided. Plaintiff M.L. and Studdard's relationship has since ended, and the two are no longer in contact. Therefore, Plaintiff M.L. is unaware of his current address. In complying with the definition of identity, Plaintiff M.L. provided the *last known* address.[42] Plaintiff M.L. sufficiently answered the question as written by supplying all known information to her.[43]

ii.    Interrogatory 11

Interrogatory 11 asked for the device used, the corresponding international mobile equipment identity (IMEI) number, the mobile/internet provider, IP addresses, user/profile name, and phone number.[44] Plaintiffs' responses provided

---

[39] *Id.*
[40] *See* Doc. 106 p. 12.
[41] *See* Doc. 106 Exhibit B (filed under seal).
[42] *Id.*
[43] *See* Doc. 106 Exhibit B (filed under seal).
[44] *See* Doc. 106 Exhibit A-1 (filed under seal).

their current device information and current IP address, which is the full extent of information available to them.[45] Prior phones were traded in during routine device upgrades, and those devices are no longer in Plaintiffs' possession. However, by providing current phone information, the Plaintiffs sufficiently answered Defendant's Interrogatories because during phone upgrades, Plaintiffs' old phones would transfer their saved data to their new phones. Therefore, by providing current phone information, the Plaintiffs sufficiently answered Defendant's Interrogatories.[46] With respect to prior IP addresses, Defendant appears to not understand what an "IP address is." An Internet Protocol address is a numerical identifier assigned to a device by an internet service provider. These addresses are not permanent and can change often. Users do not have a record of historical IP addresses, and it is impossible for Plaintiffs to produce a list of every IP address assigned to their devices over the past few years. That information does not exist in any form accessible to Plaintiffs.

      iii.    Interrogatory 12

Defendant's Notice states that Plaintiffs' responses to Interrogatory 12 "do not include any particularity as to when or where the information is posted or located."[47] The Court's Order on January 6, 2026 (Doc. 94) granted "the motion as to all

---

[45] *See* Doc. 106 Exhibit B (filed under seal).
[46] *Id.*
[47] *See* Doc. 106 p. 13.

interrogatories except Interrogatory 12."[48] Accordingly, no further responses were required for this interrogatory. Despite this, Plaintiffs provided supplemental responses to this interrogatory as a courtesy in their January Responses.

### c. Defendant's Notice includes misleading information regarding alleged insufficient responses.

Defendant's Notice includes claims of Plaintiffs' alleged deficiencies in their January Responses, when no such deficiencies exist.[49]

Defendant's Notice includes a screenshot of the Instagram profile "sunbathe.baby" and asserts that this information was not disclosed in Plaintiffs' interrogatory responses.[50] This is incorrect because Plaintiff M.L. identifies this username as her personal Instagram account in her response to Interrogatory 8.[51]

Additionally, Defendant claims that Plaintiff M.L. failed to include her Feeld account "username."[52] Feeld accounts do not have unique, publicly searchable usernames. Instead, users select a "display name," which is not unique to the user, can be changed at any time, and cannot be used to search for specific accounts. Plaintiff M.L.'s display name on Feeld is "BunnyBot," but this name is not exclusive to her profile.

---

[48] Doc. 94.
[49] *See generally* Doc. 106.
[50] *See* Doc. 106 p. 11.
[51] *See* Doc. 106 Exhibit B (filed under seal).
[52] *See* Doc. 106 p. 17.

Defendant argues that Plaintiff Z.P. failed to include her other account usernames on FetLife in her interrogatory responses.[53] None of the interrogatory questions called for the disclosure of this information, and Defendant fails to cite which interrogatory may require such disclosure. Additionally, Plaintiff Z.P. admitted in her responses to Defendant's request for admissions to owning two other accounts under the usernames "testdrive205" and "youdidnt205."[54]

Defendant points to Plaintiff A.W.'s response to Interrogatory 7 to contend that OnlyFans and Reddit usernames are missing.[55] However, Defendant fails to acknowledge that these usernames are provided in Plaintiffs' responses to Interrogatory 12. This is demonstrative of Defendant's desire to create issues where none exist. The information exists within Plaintiffs' complete discovery responses and, therefore, is known to Defendant.

Defendant asserts that Plaintiff G.C.'s responses are deficient because her previous response included her boyfriend who allegedly was not disclosed in her January Responses.[56] This is incorrect because Plaintiff G.C. properly identified her

---

[53] *Id.*

[54] *See* Plaintiff Z.P.'s Responses to Defendant/Counter-Plaintiff's First Set of Interrogatories and First Set of Admissions, Request for Admission No. 16 (previously produced by Defendant's in a zip file on September 24, 2025).

[55] *See* Doc. 106 p. 17.

[56] *Id.*

boyfriend, stating his name, phone number, email address, home address, and knowledge of this case in the January Responses.[57]

## II.    DEFENDANT'S CONCERNS REGARDING UNRELATED SEXUAL HISTORY ARE A FORM OF HARASSMENT

This case arises from allegations of sexual trauma and the non-consensual distribution of Plaintiffs' intimate images. The nature of this case is inherently sensitive, and the trauma Plaintiffs have endured as a result of the Defendant's actions has affected their recollection throughout the discovery process. This type of litigation can require additional time and care that may not be necessary in a routine civil matter.

Defendant has propounded interrogatories seeking disclosure of Plaintiffs' sexual behavior unrelated to this case, specifically Interrogatories 6, 11, and 12.[58] These interrogatories go beyond actions directly pertaining to the Defendant. Under Fed. R. Civ. P. 26(b)(1), discovery is limited to matters relevant to a party's claims or defenses and is proportional to the needs of the case. A blanket demand for all of the Plaintiffs' sexual history fails this completely because it is not an element of a claim or defense in this litigation.

Defendant's attempt to obtain this information is a harassment tactic. Plaintiffs object to this interrogatory pursuant to Fed. R. Evid. 412, which prohibits the use of

---

[57] *See* Doc. 106 Exhibit B (filed under seal).
[58] *See* Doc. 106 Exhibit A-1 (filed under seal).

evidence of the victim's sexual behavior or predisposition and proceedings involving alleged sexual misconduct. Plaintiffs recognize that admissibility is ultimately a matter for this Court, not for the counsel, to decide. It is, however, Counsel's obligation to protect their clients, which requires objecting to a demand that is facially overbroad, legally improper, and directed at survivors of sexual trauma. Plaintiffs' objection is a good-faith exercise of that duty and not an attempt to obstruct discovery.

### III.    PLAINTIFFS' JANUARY RESPONSES OVERRIDE PREVIOUS RESPONSES

Defendant's Notice points to inconsistencies in Plaintiffs' January Responses as compared to previous ones.[59] In January 2026, Plaintiffs served a set of interrogatory responses expressly titled "Plaintiffs' Second *Supplemental* Joint Reponses to Defendant's Alleged Deficiencies in Plaintiffs' Reponses to the Defendant's First and Second Sets of Interrogatories." Those responses were served pursuant to Plaintiffs' duty to supplement responses under Fed. R. Civ. P. 26, which requires a party to supplement its responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."

The January Supplemental Responses are Plaintiffs' most current, complete, and accurate answers to the interrogatories at issue. To the extent any inconsistency

---

[59] *See* Doc. 106 p. 14.

exists between Plaintiffs' earlier responses and the January Supplemental Responses, the January Supplemental Responses control. This is precisely the purpose of supplementation, as it allows parties to correct, clarify, and update prior responses as the litigation progresses and information becomes more fully known. Defendant's Notice must be evaluated against the January Supplemental Responses as Plaintiffs' operative answers are complete and a direct result of Defendant's Motion to Compel.

## IV.    DEFENDANTS' CLAIMS REGARDING PRODUCTION ARE INACCURATE

Defendant cites grievances regarding Plaintiffs' production of documents, yet Defendant has made only two Requests for Production for each Plaintiff under Fed. R. Civ. P. 34.[60] Defendant's first Request for Production requests documents related to insurance policies, and Defendant's second Request for Production requests documents pertaining to any indemnity coverage by the University of Alabama or the State itself in the event of a judgment in Defendant's favor.[61] Although not mentioned in any deficiency letter or in their motion to compel, Defendant now cites that Plaintiffs have not complied with "good faith promises" from a July 25, 2025, conference call where production was mentioned.[62]

---

[60] *See* Doc. 106 p. 22.
[61] *See* Doc. 106 Exhibit A-2 (filed under seal).
[62] *See* Doc. 106 p. 14.

Plaintiffs are unaware of the documents that Defendant would like because Defendant has not served Rule 34 Requests for Production aside from the two mentioned above. Rule 34 requires that document production be requested through a formally served written request. Defendants contend that Plaintiffs' failure to provide documents "related to or referred to in Plaintiffs' discovery responses and Bryant's production" is a reason for deficiency.[63] Under Rule 34, Plaintiffs have no such obligation unless a formal written request is served.

Defendant improperly raises concerns about requests for production in the Defendant's Notice because this issue is not ripe for court intervention. The Defendant's original deficiency letter, "Deficiency Letter Regarding First Interrogatories," sent on June 27, 2025, stated nothing about document production and was focused on responses to interrogatories. Defendant's Motion to Compel and the hearings concerning it discussed interrogatory responses only, leading the Plaintiffs to supplement those responses in January. Currently, Defendant has not served any additional Requests for Production. Only after sending additional Requests for Production and *if* Plaintiffs have not complied with them, then the Defendant must attempt to resolve these issues with opposing counsel. Only after this can Defendant file a Motion for Leave and potentially a Motion to Compel. By using an improper avenue of relief, Defendant is attempting to bootstrap grievances

---

[63] *See* Doc. 106 p. 13.

16

about non-existent requests for production into a Motion to Compel focused on interrogatory responses. Such action is procedurally improper and must be disregarded.

## V.    CONCLUSION

Plaintiffs' Supplemental January Responses are complete, truthful, and fully compliant with the questions as stated. Defendant's Notice mischaracterizes these responses, ignores information already in Defendant's possession, draws improper adverse inferences from innocent conduct, and seeks information Plaintiffs do not have and cannot obtain. Defendant's Notice must be disregarded.

Respectfully submitted,

/s/ Haley Noele Follmer-Burnett
Law Student Intern

/s/ Hannah Palmer
Law Student Intern

/s/ Jacob Steinmetz
Law Student Intern

/s/ Sara Philp
Law Student Intern

/s/ Anna Jay
Law Student Intern

/s/ Yuri R. Linetsky
LIN047

/s/ Ricky T. Chambless
CHA059

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama 35487-0392
Telephone:  205.348.4960
Facsimile:  205.348.6851
Email: ylinetsky@law.ua.edu
        rchambless@law.ua.edu
        haleynoele.follmerburnett@law.ua.edu
        hannah.palmer@law.ua.edu
        jack.steinmetz@law.ua.edu
        sara.philp@law.ua.edu
        anna.jay@law.ua.edu

Attorneys for Plaintiffs Z.P., A.W., G.C.,
M.L.

18

**<u>CERTIFICATE OF SERVICE</u>**

A copy of this document has been served, on the date of filing, by operation of the CM/ECF system to all attorneys for Defendant Errol Gregory Bryant.

/s/ Yuri R. Linetsky