FILED
2026 Apr-03  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Z.P., A.W., G.C., M.L.,** ) | |
| ) | |
| **Plaintiffs/Counter-Defendants,** ) | |
| ) | |
| **vs.** ) | **Case No.: 7:24-CV-00151-ACA** |
| ) | |
| **ERROL GREGORY BRYANT,** ) | |
| ) | |
| **Defendant/Counter-Plaintiff.** ) | |
| ) | |

_____

## DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO STRIKE PLAINTIFFS/COUNTER-DEFENDANTS' UNTIMELY RESPONSE AND ELEVENTH-HOUR DISCOVERY PRODUCTION

_____

**COMES NOW,** Defendant/Counter-Plaintiff, Errol Gregory Bryant, (hereinafter, "Bryant"), by and through the undersigned counsel of record, and hereby submits his Motion to Strike Plaintiffs/Counter-Defendants' (hereinafter, "Plaintiffs") Response, Doc. 114, to Bryant's Notice of Plaintiffs' Discovery Deficiencies, Doc. 110, as well as Plaintiffs' eleventh-hour discovery production/re-production filed on April 2, 2026, and in support thereof states as follows:

## I.    INTRODUCTION.

This case presents a clear and repeated pattern of delay, noncompliance, and last-minute attempts to avoid consequences only after Court intervention. Plaintiffs were given multiple opportunities, explicit deadlines, and an express warning from

this Court that failure to correct deficiencies would result in dismissal. Despite this, Plaintiffs waited until 3:37pm the afternoon before the April 3, 2026 hearing to produce additional documents and the evening before the April 3, 2026 hearing—at 8:30 p.m.—to file a response to Bryant's Notice of Deficiencies.

This eleventh-hour filing violates this Court's prior order, prejudices Bryant, and represents the latest example in a long pattern of delay warranting the striking of Plaintiffs' response and April 2 production and ordering sanctions.

## II.    PROCEDURAL HISTORY AND PATTERN OF DELAY.

The procedural history is critical.

### a.    *First Motion to Compel Against Plaintiffs and Court Warning.*

On May 14, 202**5**, counsel for Bryant propounded Interrogatories and RFAs upon Plaintiffs. On June 30, 202**5**, counsel for Bryant issued additional discovery requests to Plaintiffs.[1]

After *numerous* good faith attempts to resolve these issues with counsel for Plaintiffs, causing Bryant undue expense and delay, on August 5, 2025, Bryant filed a Motion to Compel. On October 31, 2025, the Court set Bryant's Motion to Compel for hearing on November 13, 2025.

---

[1] See also, Doc. 71.

On November 12, 2025, Plaintiffs moved to continue that hearing, citing a medical emergency involving Mr. Chambless' mother-in-law. The Court granted the continuance and reset the hearing for December 5, 2025.

At the December 5, 2025 hearing, this Honorable Court expressly ordered Plaintiffs to correct their discovery deficiencies and produce the documents requested by Bryant within 45 days and further warned that failure to do so would result in the Court "dismiss[al of] the complaint, and [] proceed[ing] on the counterclaim."[2] This was not an ambiguous directive. It was a clear, firm deadline accompanied by a clear consequence.

Plaintiffs filed what they characterized as corrected responses on January 20, 2026, the last day of the 45-day period.

The Court also ordered Bryant to report within two weeks as to whether deficiencies remained, setting a deadline of February 3, 2026. However, due to an unexpected medical event involving defense counsel, Bryant requested a brief extension of ten days, which the Court granted, making the deadline February 13, 2026.

Bryant filed his Notice of Plaintiffs' Discovery Deficiencies on February 12, 2026, identifying a non-exhaustive list of multiple and continuing deficiencies.

---

[2] *Z.P., et al. v. Errol Gregory Bryant*, No. 7:24-cv-151-ACA, Transcript of Motion to Compel Hearing at p. 27:10-13 (N.D. Ala. Dec. 5, 2025).

### b.    *Plaintiffs' Second Round of Delay and Continuances.*

On March 5, 2026, the Court set a hearing on Bryant's Notice of Deficiencies for March 17, 2026. On March 11, 2026, Plaintiffs moved to continue that hearing as well, citing M.L.'s "immediate" response that she had a "work conflict," Mr. Chambless' "ongoing medical condition that limits his mobility" and recent back surgery, and Mr. Linetsky's unavailability due to being out of state.

On March 12, 2026, the Court granted Plaintiffs' continuance and reset the hearing for March 26, 2026. Plaintiffs then requested, again, via e-mail correspondence on March 19, 2026, to continue, citing M.L.'s work conflict as well as A.W.'s lack of childcare.

On March 20, 2026, the Court graciously granted the continuance and reset the hearing for today, April 3, 2026.

Thus, Plaintiffs received multiple continuances and additional weeks to address deficiencies despite their failure to meet this Court's deadline of January 20, 2026.

### c.    *Plaintiffs' Eleventh-Hour Filing.*

Despite nearly eleven months to provide complete and compliant responses including a 45-day Court-ordered deadline, a dismissal warning, two additional continuances, and nearly seven additional weeks after the 45-day deadline, Plaintiffs did nothing.

Then, on April 2, 2026—the afternoon before the hearing for which Bryant has prepared—Plaintiffs *re*-produced materials already provided in initial disclosures, re-submitted 48 exhibits previously attached to Plaintiffs' RFAs to Bryant, produced approximately 20 additional documents and screenshots, *and* filed a Response to Bryant's February 12, 2026 Notice at approximately 8:30 p.m., the night before the hearing.

This conduct is the very definition of eleventh-hour gamesmanship and bad faith.

### III.    PLAINTIFFS VIOLATED THIS COURT'S ORDER.

This Court explicitly gave Plaintiffs 45 days to correct deficiencies and warned of dismissal. Plaintiffs did not correct deficiencies within that 45-day period. Instead, they attempted to supplement over two months later—only after Bryant filed a notice of continuing deficiencies and only the night before a hearing.

The Eleventh Circuit has repeatedly affirmed sanctions — including dismissal — for failure to comply with court-ordered discovery deadlines.

In *Malautea v. Suzuki Motor Co*., 987 F.2d 1536 (11th Cir. 1993), the Eleventh Circuit affirmed severe sanctions where parties engaged in a willful pattern of discovery abuse and ignoring court orders, emphasizing that courts must enforce discovery deadlines to preserve the integrity of judicial proceedings.

Similarly, in *Gratton v. Great American Communications*, 178 F.3d 1373 (11th Cir. 1999), the Eleventh Circuit affirmed dismissal where a party failed to comply with discovery obligations and court orders, holding that dismissal is appropriate where a litigant demonstrates a pattern of delay or willful misconduct.

The Eleventh Circuit has also held that courts have broad authority to enforce scheduling and discovery deadlines. In *Young v. City of Palm Bay*, 358 F.3d 859 (11th Cir. 2004), the Court affirmed a district court's refusal to accept untimely filings after the party had already received multiple extensions, emphasizing that district courts have broad discretion to enforce deadlines and manage their dockets. The court specifically upheld the refusal to consider late submissions after repeated warnings regarding compliance with deadlines. The Court further commented stating,

> It is true that plaintiff [] may have been harmed by his counsel's inability to meet deadlines in this case. But, the Supreme Court has said that clients are to be held accountable for the acts and omissions of their attorneys: [Plaintiff] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* (quotations and citations omitted).

Similarly, in *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), the Eleventh Circuit affirmed a district court's decision to strike untimely evidence and enforce

procedural deadlines, holding that courts are entitled to disregard late-filed materials where parties fail to comply with procedural requirements, stating that "the failure to comply with Rule 26(a) was both unjustified and harmful to the Defendants."

Additionally, in *Cooper v. Southern Co*., 390 F.3d 695, 728 (11th Cir. 2004), the Eleventh Circuit affirmed the exclusion of late-disclosed evidence under Rule 37, recognizing that untimely disclosure prejudices the opposing party and undermines orderly case management.

These authorities make clear that district courts within the Eleventh Circuit have broad discretion to strike untimely filings and exclude late-produced discovery, particularly where the conduct reflects a pattern of delay and noncompliance.

## IV.    ELEVENTH-HOUR PRODUCTION WARRANTS STRIKING.

Courts routinely strike last-minute discovery productions made on the eve of hearings. The Eleventh Circuit has repeatedly condemned last-minute discovery tactics that prejudice opposing parties and undermine court scheduling.

In *Bearint ex rel. Bearint v. Dorel Juvenile Group, Inc.,* 389 F.3d 1339, 1348-49 (11th Cir. 2004), the Court affirmed the exclusion of late-produced evidence where the disclosure occurred too late for meaningful review, creating prejudice against Defendants.

Here, Plaintiffs' production and untimely, responsive filing the night before the hearing deprived Bryant of any meaningful opportunity to review documents,

determine if deficiencies remain, prepare an argument, and conduct any follow-up discovery.

This is precisely the prejudice Eleventh Circuit precedent seeks to prevent. Plaintiffs should not be permitted to avoid consequences by producing documents only when facing a hearing.

## V.    PLAINTIFFS' CONDUCT IS WILLFUL.

This is not a single missed deadline. This is failure to comply with original discovery, a Court-ordered 45-day correction deadline, an explicit dismissal warning, continued deficiencies, two continuances requested by Plaintiffs, and an eleventh-hour production the night before hearing. This is a sustained pattern of noncompliance and disregard for this Court's orders. This is willful delay. It is bad faith and it is prejudicial. The Eleventh Circuit recognizes that such conduct warrants sanctions. See, *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993) (sanctions appropriate where party engages in pattern of delay and noncompliance).

## VI.    PLAINTIFFS' RE-PRODUCTION.

Plaintiffs' April 2 filing largely re-produced documents already disclosed and added minimal new material. This further demonstrates that Plaintiffs had the information all along and simply chose not to produce it timely. Such conduct supports striking the submissions.

## VII. PLAINTIFFS' PATTERN OF DEFIANCE WARRANTS DISMISSAL.

Plaintiffs have had nearly eleven months to provide complete and compliant responses. Despite this substantial time, Plaintiffs failed to comply, requiring Bryant to file a motion to compel, which was originally set for hearing on November 13, 2025.

After Plaintiffs obtained a continuance of that hearing, the Court conducted a hearing on December 5, 2025, and issued a clear directive: Plaintiffs were given 45 days to correct their deficiencies, and the Court expressly warned that failure to comply would result in dismissal of Plaintiffs' claims and continuation of Bryant's counterclaims.

Even after that warning, Plaintiffs failed to provide adequate responses. Defendant filed a Notice of Deficiencies on February 12, 2026. Plaintiffs then obtained two additional continuances of the resulting hearing. Yet even with these additional extensions, Plaintiffs did not supplement their discovery until April 2, 2026, at 8:30 p.m., the night before the hearing.

Federal Rule of Civil Procedure 37 expressly authorizes the Court to impose sanctions — including dismissal — for failure to comply with discovery obligations and court orders. Rule 37(b)(2)(A) provides that if a party fails to obey a discovery order, the Court may strike pleadings, prohibit the disobedient party from supporting

9

claims, dismiss the action, or enter a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(v).

Additionally, Rule 37(c)(1) provides that where a party fails to provide information as required, the party is not allowed to use that information unless the failure was substantially justified or harmless. Plaintiffs cannot demonstrate substantial justification here.

Plaintiffs' conduct demonstrates not inadvertence, but a pattern of defiance. At some point, continued delay becomes willful noncompliance. That point has been reached here. Plaintiffs have now been given multiple opportunities and explicit warnings, and Bryant has suffered severe prejudice as a result.

## VIII. DISMISSAL IS APPROPRIATE.

Dismissal is appropriate where there is a pattern of delay, court orders were violated, and any lesser sanctions would be ineffective. All three factors are present here. The Eleventh Circuit has emphasized that dismissal is warranted where litigants demonstrate willful disregard for discovery obligations and court authority. See *Phipps*, 8 F.3d at 790.

## IV.    CONCLUSION.

Despite this substantial period of time, Plaintiffs failed to produce adequate discovery, necessitating motion practice, Court intervention, a Court-imposed 45-day deadline with an explicit warning of dismissal, and multiple continued hearings.

Plaintiffs' eleventh-hour production on April 2, 2026—after nearly a year of deficient discovery—further underscores that Plaintiffs' delays are not the result of inability, but rather a continued pattern of dilatory conduct and disregard for their discovery obligations and this Court's orders.

Plaintiffs were warned. Plaintiffs were given time. Plaintiffs were granted continuances. Plaintiffs still failed to comply. At this stage, lesser sanctions would only reward delay and encourage continued noncompliance. At some point, continued tolerance of this conduct undermines the Court's authority and rewards delay. That point has been reached.

**WHEREFORE, PREMISES CONSIDERED,** Bryant respectfully requests that the Court strike Plaintiffs' April 2 Response, Doc. 114; strike Plaintiffs' April 2 supplemental production; enforce this Court's prior 45-day order; dismiss Plaintiffs' claims; allow Bryant's counterclaims to proceed; award appropriate sanctions; and grant any additional relief this Honorable Court deems appropriate.

Dated:   April 3, 2026

Respectfully submitted,

*/s/J. Thomas Burgess, Jr.*
J. Thomas Burgess, Jr. ASB#: 0554-S78J
Scott A. Holmes, ASB#: 8908-S78H
Erin M. Agricola, ASB#: 4496-I30A
*Attorneys for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

11

**OF COUNSEL:**
**BURGESS HOLMES, LLC**
3618 Clairmont Avenue
Birmingham, Alabama 35222
Telephone: (205) 870-8611
Fax: (205) 870-8688
tburgess@burgessholmes.com
sholmes@burgessholmes.com
eagricola@burgessholmes.com

*/s/Jason L. Wollitz*
Jason L. Wollitz, ASB# 6349-W74J
One Independence Plaza, Suite 305
Homewood, Alabama 35209
Telephone: (205) 541-6033
*Attorney for Defendant/Counter-Plaintiff,*
*Errol Gregory Bryant*

12

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on all attorneys of record, via the CM/ECF electronic filing system on April 3, 2026:

Yuri R. Linetsky, ASB#: 3088-B20W
Ricky T. Chambless, ASB#: 5879-S77R
Jack Steinmetz, *Law Student Intern*
Haley Noele Follmer-Burnett, *Law Student Intern*
Hannah Palmer, *Law Student Intern*
Sara Philp, *Law Student Intern*
Anna Jay, *Law Student Intern*
**THE UNIVERSITY OF ALABAMA SCHOOL OF LAW CIVIL LAW CLINIC**
Box 870392
Tuscaloosa, Alabama 35487-0392
ylinetsky@law.ua.edu
rchambless@law.ua.edu
jack.steinmetz@law.ua.edu
haleynoele.follmerburnett@law.ua.edu
hannah.palmer@law.ua.edu
sara.philp@law.ua.edu
anna.jay@law.ua.edu
*Attorneys and Law Student Interns for Plaintiffs/Counter-Defendants*

/s/J. Thomas Burgess, Jr.
**OF COUNSEL**