FILED

2026 Apr-08  PM 05:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **Z.P., et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | **7:24-cv-151-ACA** |
| ] | |
| **ERROL GREGORY BRYANT,** ] | |
| ] | |
| **Defendant.** ] | |

## ORDER

This lawsuit involves allegations that Defendant Errol Bryant posted sexually explicit images and videos of Plaintiffs Z.P., A.W., G.C., and M.L. online without their consent, in violation of 15 U.S.C. § 6851(b)(1)(A). (Doc. 38 at 15–16). The court granted Plaintiffs leave to proceed using pseudonyms. (Docs. 9, 40). Mr. Bryant now asks the court to vacate those orders and require Plaintiffs to proceed under their real names. (Doc. 92). The court **GRANTS IN PART** the motion as to Z.P. and **DEFERS RULING** as to A.W., G.C., and M.L. The court **STAYS** this order as to Z.P. until **May 8, 2026**.

In cases brought under 15 U.S.C. § 6851, the court has discretion to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B); *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (addressing a party's request to proceed pseudonymously in a non-§ 6851 case). As

the court explained in its order granting pseudonymity, the Eleventh Circuit has held that "[d]ivulging personal information of the utmost intimacy" is a "proper factor[ ] to consider when a plaintiff requests anonymity." *Frank*, 951 F.2d at 324. This court, after considering both § 6851(b)(3)(B) and *Frank*, previously concluded that the allegations in this case supported allowing Plaintiffs to use pseudonyms. (Doc. 9).

Mr. Bryant argues that the court should vacate its pseudonymity orders because Z.P. and A.W. have publicly posted about the case under their real names, the case does not involve "information of the utmost intimacy," allowing Plaintiffs to proceed under pseudonyms prejudices him because it keeps him from disclosing their names publicly in his own defense and in search of potential witnesses, this case is fraudulent, and Plaintiffs were adults who consented to the recordings (although not to their posting online). (Doc. 92-1).

The court agrees that Z.P.'s conduct warrants lifting the grant of pseudonymity to her. Plaintiffs concede that Z.P. made public posts about specific facts relating to this case under her real name. (Doc. 97 at 6; *see* doc. 61 ¶ 8). The fact that the post was made on a Facebook group does not change its public nature. Because she has disclosed her own name in relation to this case, she is no longer entitled to proceed pseudonymously, and the court **VACATES** its order granting her leave to proceed pseudonymously. At the hearing held on April 3, 2026, Z.P. requested that the court stay its ruling while she considers whether to appeal. The court **GRANTS** that

2

request and **STAYS** its ruling **until May 8, 2026**. If Z.P. does not file a notice of appeal, Plaintiffs must amend their operative complaint to replace "Z.P" with Z.P.'s name **on or before May 11, 2026**. Alternatively, if Z.P. does not wish to proceed under her real name, she must file a motion to dismiss her claims under Federal Rule of Civil Procedure 41(a)(2) by the same deadline.

   **DONE** and **ORDERED** this April 8, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE